1   Aaron L. Agenbroad (State Bar No. 242613)
    alagenbroad@jonesday.com
2   Catherine S. Nasser (State Bar No. 246191)
    cnasser@jonesday.com
3   JONES DAY
    555 California Street, 26th Floor
4   San Francisco, CA  94104
    Telephone:     (415) 626-3939
5   Facsimile:     (415) 875-5700

6   Attorneys for Defendant
    INTERNATIONAL BUSINESS MACHINES
7   CORPORATION

8

9                       UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11

12  MAY MOUA, individually and on behalf of          Case No. CV10-01070 JW PVT
    all others similarly situated, and for the
13  interest of the general public                   DEFENDANTS INTERNATIONAL
                                                      BUSINESS MACHINES
14                  Plaintiff,                        CORPORATION'S AND JOSEPH
                                                      KOENIG'S NOTICE OF REMOVAL
15        v.                                          OF CIVIL ACTION FROM STATE
                                                      COURT
16  INTERNATIONAL BUSINESS MACHINES
    CORPORATION, a California Business               [28 U.S.C. §§ 1332, 1441, 1446]
17  Entity, form unknown, JOSEPH KOENIG, an
    Individual and DOES 1-200,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

SFI-632796v1
                                                    DEFENDANTS' NOTICE OF REMOVAL OF
                                                    CIVIL ACTION FROM STATE COURT

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2        PLEASE TAKE NOTICE THAT Defendants International Business Machines

3    Corporation ("IBM") and Joseph Koenig ("Koenig") (collectively "Defendants") hereby remove

4    this matter to the United States District Court for the Central District of California, pursuant to 28

5    U.S.C. § 1332, § 1441, and § 1446.  The grounds for removal are as follows:

6                              **Claims Asserted in Complaint**

7        1.        On or about January 11, 2010, Plaintiff May Moua ("Plaintiff") filed a Class

8    Action Complaint for Damages, Restitution, and Injunctive Relief in the Superior Court of the

9    State of California for the County of Santa Clara, Case No. 1-10-CV-161240, captioned *May*

10   *Moua, individually and on behalf of all others similarly situated, and for the interest of the*

11   *general public v. International Business Machines Corporation, a California Business Entity,*

12   *form unknown, Joseph Koenig, an Individual and DOES 1-200* (the "Action").

13       2.        Plaintiff seeks class action certification of a class that would include "Plaintiff and

14   all other persons who are or have been employed by Defendants, or any of them, as Senior

15   Applications Analysts in the State of California since January 11, 2006."  Complaint, ¶11.

16   Plaintiff asserts claims on behalf of herself and the putative class for failure to pay overtime

17   compensation (Cal. Labor Code §§ 510, 1194, 1194.2, IWC Wage Order No. 4-2001); failure to

18   provide itemized wage statements (Cal. Labor Code §226); failure to maintain accurate records of

19   employee work hours (Cal. Labor Code. §§ 1174, 1174.5, IWC Wage Order No. 4-2001); failure

20   to provide meal and rest periods (Cal. Labor Code §§ 226.7, 512, IWC Wage Order No. 4-2001);

21   failure to pay wages upon termination (Cal. Labor Code §§ 201, 202, 203); civil penalties for

22   labor code violations (Cal. Labor Code §§ 226.3, 558, 1198, 2698 et seq.); and violations of the

23   unfair competition law (Cal. Bus. & Prof. Code § 17200).  The class period is defined in the

24   Complaint as "the time from January 11, 2006 through the trial date…" Complaint, ¶ 13.

25       3.        *Plaintiff* also brings several individual claims on her own behalf for pregnancy

26   discrimination (Cal. Const. Art. 1, §8; Cal. Gov. Code §12900 *et seq.*); wrongful termination in

27   violation of public policy; interference with rights under the California Family Rights Act (Cal.

28   Gov. Code §12945.2); retaliation for taking leave under the California Family Rights Act (Cal.

1   Gov. Code §12945.2); interference with rights under the Pregnancy Disability Leave Act (Cal.

2   Gov. Code §12945); retaliation for taking leave under the Pregnancy Disability Leave Act (Cal.

3   Gov. Code §12945); and violations of the unfair competition law (Cal. Bus. & Prof. Code

4   §17200).

5                          **Compliance with Statutory Requirements**

6          4.      On *February* 10, 2010, Plaintiff served IBM with the Complaint. Koenig was

7   served thereafter. Defendants' removal of this action is timely because Defendants are removing

8   this matter within 30 days of Plaintiff's completion of service on IBM. *See* 28 U.S.C. § 1446(b).

9          5.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons

10  and Class Action *Complaint*, filed in the Superior Court on January 11, 2010, together with

11  papers served with the Complaint, is attached hereto as Exhibit A. A true and correct copy of

12  Defendants' *Answer*, filed in the Superior Court on March 11, 2010, is attached hereto as Exhibit

13  B. Defendants have not served or been served with any other process, pleadings, or orders in this

14  Action.

15         6.      Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will provide written notice

16  of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with

17  the Clerk of the Superior Court of the State of California, County of Santa Clara.

18                          **Jurisdiction: Traditional Diversity**

19         7.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332,

20  as this is an action between "citizens of different States" and the "matter in controversy exceeds

21  the sum or value of $75,000, exclusive of interest and costs."

22                              Citizens of Separate States

23         8.      First, the requirement that all plaintiffs must be citizens of different states than all

24  properly joined, non-fictitious defendants is met in this case. *See* 28 U.S.C. §§ 1332(a)(1),

25  1441(a).

26         A.      *Plaintiff*

27         9.      Upon information and belief, Plaintiff is a citizen of California. *See, e.g.*,

28  Complaint, ¶15.

SFI-632796v1

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

1

                B.    *IBM*

2            10.    IBM is a New York corporation with its principal place of business in New York

3 and is therefore a citizen of New York. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, Slip

4 Op. 08-1107, \*14, 559 U.S. \_\_,\_\_ (2010) (holding that a corporation's principal place of

5 business is its "nerve center," which will normally be where it maintains its headquarters). IBM's

6 Worldwide Headquarters are located in Westchester County, New York, as are the headquarters

7 for its sales functions, its major lines of business and its principal administrative and corporate

8 functions, such as Human Resources, Communications & Marketing, Finance (including

9 Accounting and Business Development), Legal, and Strategy. As well, IBM's executive officers

10 are located in New York. All significant corporate actions, policies and investments are

11 authorized, approved and initiated in New York. In addition, IBM's corporate minutes are

12 maintained in New York and most of the meetings of the Board of Directors occur in New York.

13              C.    *Joseph Koenig*

14         11.    Joseph Koenig is a citizen of California; however, Koenig is improperly joined

15 and, therefore, his citizenship should not be considered for purposes of determining this Court's

16 jurisdiction under 28 U.S.C. §1332. *See Morris v. Princess Cruise Lines,* 236 F.3d 1061, 1067-

17 68 (9th Cir. 2001) (holding that in determining the existence of removal jurisdiction, a court may

18 ignore a "fraudulently joined" defendant); *see also McCabe v. General Foods Corp.*, 811 F.2d

19 1336, 1339 (9th Cir. 1987) (finding that fraudulent joinder does not necessarily involve "fraud" as

20 the term is commonly understood; when a "plaintiff fails to state a cause of action against a

21 resident defendant, and the failure is obvious according to the settled rules of the state, the joinder

22 of the resident defendant is fraudulent").

23         12.    Plaintiff brings only her Sixth Cause of Action against Koenig, which is for civil

24 penalties under the Labor Code Private Attorneys General Act ("LCPAGA"), Cal. Labor Code

25 §2699. The claims against Koenig fail for various, independent reasons, and under well-settled

26 principles:

27           (a)    The statute of limitations for claims for civil penalties is one year; thus,

28 Plaintiff's LCPAGA claims that arose prior to January 11, 2009 are time-barred. Cal. Code Civ.

1    Pro. §340(a) (setting a one-year statute of limitations period for "an action upon a statute for a

2    penalty or forfeiture"); *Clark v. Chase Home Finance, LLC*, 2008 WL 2326307, *3 (S.D. Cal.

3    June 3, 2008) (applying one-year statute of limitations to LCPAGA claim in finding that

4    plaintiff's manager was fraudulently joined).  Here, because Koenig had no supervisory authority

5    over Moua or any other employee as of September 16, 2008, well over 3 months prior to the one-

6    year statutory period, Plaintiff can allege no set of facts against him within the statutory period

7    giving rise to a Labor Code violation as required to establish an LCPAGA claim.  Cal. Labor

8    Code §2699(a), (f) (making clear that, in order to establish claim for penalties under LCPAGA,

9    Plaintiff must establish a violation of an independent Labor Code provision).

10            (b)    Plaintiff's LCPAGA claims against Koenig are also barred for failure to

11   comply with administrative pre-filing requirements.  Specifically, in her Notice filed with the

12   Labor Workforce & Development Agency and IBM, in which Plaintiff was required to set forth

13   the "specific facts and theories" supporting any alleged Labor Code violations, Plaintiff did not

14   name Koenig or refer to him in any way.  As a result, Plaintiff has failed to satisfy the

15   administrative exhaustion requirements of Cal. Labor Code §2699.3.

16            (c)    Plaintiff's LCPAGA claims against Koenig fail for the separate reason that

17   Plaintiff cannot show any basis for individual liability against Koenig.  It is well-settled that a

18   corporate employee or agent cannot be liable for a corporate employer's failure to pay wages

19   absent clear legislative intent to allow for such liability.  *Reynolds v. Bement*, 36 Cal. 4th 1075,

20   1089 (2005).  LCPAGA contains no provision that would allow recovery against an individual

21   employee such as Koenig; to the contrary, under LCPAGA, only an "aggrieved employee," which

22   is defined as a "person who was employed by the alleged violator," can recover. Plaintiff was not

23   employed by Koenig, and thus cannot recover against Koenig under LCPAGA.

24          13.    In sum, Plaintiff's claims against Koenig cannot possibly succeed and therefore

25   should not be considered when determining diversity jurisdiction.  *See Morris v. Princess Cruise*

26   *Lines*, 236 F.3d 1061, 1067-68 (9th Cir. 2001) (holding that in determining the existence of

27   removal jurisdiction, a court may ignore a "fraudulently joined" defendant).

28

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

1

Amount of Matter in Controversy

2      14.    Second, and although Defendants do not in any way concede liability, Plaintiff's

3 individual claims place in controversy over $75,000. *See* 28 U.S.C. § 1332; *see also Gibson v.*

4 *Chrysler Corp.*, 261 F.3d 927, 941 (9th Cir. 2001) (noting that, under the traditional diversity

5 analysis, the amount-in-controversy analysis involves an examination of "only the claims of

6 named class plaintiffs"). On November 2, 2009, Plaintiff's counsel sent a letter to IBM

7 demanding $336,781.58 in exchange for a settlement of her claims ("Demand Letter") and

8 providing a detailed breakdown of amounts attributed to each of her claims. A demand letter is

9 "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of

10 the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

11      15.    In her Complaint, Plaintiff seeks the recovery of overtime, waiting time penalties,

12 wage statement penalties, meal and rest period premium pay, lost earnings due to her allegedly

13 improper termination, damages for mental anguish and emotional distress, penalties under the

14 Labor Code Private Attorneys General Act, and attorneys' fees. Complaint, ¶¶ 33, 38, 40, 45-46,

15 53, 56, 58, 76, 83, 85, 90, 92, 98-99, 105, 107, 113-115, 121-123, 131-132 and Prayer for Relief

16 at ¶¶ 1, 3-8. Plaintiff's monthly salary at the time of her termination was $7,308.90. Given her

17 claims, her monthly salary, and information provided in her Demand Letter, Plaintiff's individual

18 claims easily meet the amount-in-controversy threshold necessary to establish this Court's

19 diversity jurisdiction:

20          (a)    Overtime.  Plaintiff seeks unpaid overtime pursuant to California Labor

21 Code § 1194. Complaint, ¶ 33, Prayer for Relief at ¶ 3. In her Demand Letter, Plaintiff values

22 her overtime pay claim at $55,240.48.

23          (b)    Waiting time penalties.  Under California Labor Code § 203, an employer

24 who fails to pay in full wages to terminated employees must pay, as a penalty, the employee's

25 wages for each day such wages are not paid, up to a maximum of 30 days' wages. Here, Plaintiff,

26 who separated from IBM on July 29, 2009, bases her claim for waiting time penalties on IBM's

27 alleged failure to pay her overtime and other amounts. Complaint, ¶ 56. In her Demand Letter,

28 Plaintiff values her waiting time penalties claim at $10,120.80.

SFI-632796v1

- 6 -

DEFENDANTS' NOTICE OF REMOVAL OF<br>CIVIL ACTION FROM STATE COURT

1            (c)    <u>Wage statement penalties</u>. Under California Labor Code § 226, an

2 employer who fails to provide accurate wage statements is subject to penalties equal to "the

3 greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

4 occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay

5 period, not exceeding an aggregate penalty of four thousand dollars ($4,000)." In her Demand

6 Letter, Plaintiff values her wage statement penalty claim at the maximum penalty of $4,000.

7            (d)    <u>Wage record statutory penalty</u>. California Labor Code § 1174.5 provides

8 for a statutory penalty of $500 for a failure to maintain records in violation of California Labor

9 Code §1174. Plaintiff seeks this penalty under § 1174.5, Complaint ¶ 45, thereby placing an

10 additional $500 in controversy.

11            (e)    <u>Lost wages after termination</u>. Plaintiff also asserts claims for lost wages

12 due to her termination on July 29, 2009. Complaint, ¶ 76. In her Demand Letter, Plaintiff values

13 her claim for lost wages and benefits at $22,544.76.

14            (f)    <u>Meal and rest period premium pay</u>. California Labor Code § 226.7

15 provides for one additional hour of pay at the employee's regular rate of compensation for each

16 work day that the meal or rest period is not provided. Plaintiff seeks one hour of pay for each day

17 that she was not provided a meal break and one hour of pay for each day she was not provided a

18 rest break. Complaint, ¶ 53. In her Demand Letter, Plaintiff values her claim for meal and rest

19 period premium pay at $32,168.50.

20            (g)    <u>Attorneys' fees</u>. Plaintiff also seeks attorneys' fees. Complaint at ¶¶ 33,

21 40, 46, 53, 61, 78, 85, 92, 99, 107, 115, 123, 132, Prayer for Relief ¶¶ 8. Attorneys' fees are

22 properly included in the amount in controversy. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d

23 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys'

24 fees, either with mandatory or discretionary language, such fees may be included in the amount in

25 controversy."); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (holding

26 that where attorneys fees are "recoverable by statute," fees reasonably anticipated over the life of

27 the litigation are included in the amount-in-controversy analysis). It is not necessary here to

28 specifically calculate attorneys' fees, as the amount in controversy exceeds the jurisdictional

1   threshold without considering attorneys' fees; but Plaintiff's request for attorneys' fees further

2   confirms that the jurisdictional threshold is satisfied.

3             (h)    LCPAGA Penalties. Plaintiff also asserts additional claims for civil

4   penalties, which she seeks to recover under either Labor Code § 2699(a), which enables private

5   litigants to recover civil penalties specified in other Labor Code provisions, or Labor Code

6   § 2699(f) (incorrectly cited as § 2699(e) in the Complaint), which provides a penalty for Labor

7   Code provisions that do not specify a penalty. Specifically, in her Sixth Cause of Action, Plaintiff

8   asserts two separate violations – one for alleged failure to pay meal and rest break premiums and

9   one for alleged failure to pay overtime – for which she seeks to recover the penalties specified in

10  California Labor Code §558. In addition, Plaintiff alleges a separate violation of Labor Code

11  § 1198 and Wage Order No. 4-2001 for alleged failure to provide meal and rest breaks for which

12  she seeks to recover penalties under Labor Code § 2699(f). Although Plaintiff does not specify

13  the method of calculation, she cites to Section 558, which provides: "(1) For any initial violation,

14  fifty dollars ($50) for each underpaid employee for each pay period … and (2) For each

15  subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay

16  period …" and to Labor Code § 2966(f), which provides: "one hundred ($100) for each aggrieved

17  employee per pay period for the initial violation, and two hundred ($200) for each aggrieved

18  employee per pay period for each subsequent violation." It is not necessary here to specifically

19  calculate the amount of LCPAGA penalties in dispute as the amount in controversy exceeds the

20  jurisdictional threshold without considering such penalties; but Plaintiff's request for LCPAGA

21  penalties further confirms the jurisdictional threshold is satisfied.

22            16.    In short, the amount in controversy requirement for traditional diversity

23  jurisdiction is easily satisfied because, without even including amounts for Plaintiff's claims for

24  punitive, exemplary, or emotional distress damages[1] or LCPAGA penalties or attorneys' fees,

25  Plaintiff's individual claims place in controversy $124,574.54 ($55,240.48 + $10,120.80 + $4,000

26  + $500 + $22,544.76 + $32,168.50 = $124,574.54). This amount is well above the jurisdictional

27  threshold of $75,000. Moreover, because the Court has original jurisdiction pursuant to 28

28  _____

[1] In her Demand Letter, Plaintiff values her claim for emotional damages at $125,000.

SFI-632796v1

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

1    U.S.C. § 1332(a) over Plaintiff's individual claims, it has supplemental jurisdiction that extends

2    to the claims of the unnamed putative class members. *See Exxon Mobil Corp. v. Allapattah*

3    *Servs., Inc.*, 545 U.S. 546, 549 (2005) (holding that "where the other elements of [diversity]

4    jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-

5    controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other

6    plaintiffs in the same Article III case or controversy, even if those claims are for less than the

7    jurisdictional amount specified in the statute setting forth the requirements for diversity

8    jurisdiction"); *Gibson*, 261 F.3d at 940 (holding that "there is supplemental jurisdiction over the

9    claims of unnamed class members when the claim of an individual named plaintiff satisfies the

10   amount-in-controversy requirement").

11                          **Jurisdiction: Class Action Fairness Act**

12        17.    In addition, this Court has original jurisdiction over this matter pursuant to 28

13   U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119

14   Stat. 14 ("CAFA")). Under Section 1332(d), federal courts have original diversity jurisdiction

15   over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a

16   State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), (2) "the matter in controversy

17   exceeds the sum or value of $5,000,000, exclusive of interest and costs," and (3) "the number of

18   members of all proposed plaintiff classes in the aggregate is" more than 100. 28 U.S.C.

19   § 1332(d)(2), (5)(B). All CAFA requirements are satisfied in this case.

20                               Citizens of Separate States

21        18.    First, as noted above, Plaintiff (California) and Defendant IBM (New York) are

22   citizens of separate states. *See* 28 U.S.C. § 1332(d)(1). Even if Koenig were properly joined,

23   which, as discussed above, he is not, his presence in the lawsuit would not defeat the minimal

24   diversity requirement of CAFA. 28 U.S.C. §1332(d)(2)(A).

25                              Amount of Matter in Controversy

26        19.    Second, though Defendants concede neither liability on Plaintiff's claims nor the

27   propriety or breadth of the class as alleged by Plaintiff, the Complaint places in controversy a sum

28   greater than $5,000,000. *See* 28 U.S.C. § 1332(d). In her Complaint, Plaintiff seeks the recovery

SFI-632796v1

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

of waiting time penalties on behalf of former employees, and, on behalf of current and former employees, wage statement penalties, wage record statutory penalties, LCPAGA penalties, overtime wages, meal and rest period premium pay, and attorneys' fees. Complaint, ¶¶ 33, 37, 40, 45-46, 53, 61 and Prayer for Relief at ¶¶ 1, 3-8. Plaintiff seeks to represent "Plaintiff and all other persons who are or have been employed by Defendants, or any of them, as Senior Applications Analysts in the State of California since January 11, 2006." Complaint, ¶ 11. According to Plaintiff, "[w]hile the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that DEFENDANTS have employed over 200 persons in the position of Senior Applications Analyst during the Class Period." Complaint ¶ 26(A). Taking Plaintiff's allegations as true, Plaintiff's claims meet the amount-in-controversy threshold necessary to establish this Court's jurisdiction under CAFA.

20. The amount placed in controversy by Plaintiff's individual claim was demonstrated *supra* at ¶¶ 14-15, using values provided by Plaintiff in her Demand Letter. Subtracting out amounts due to Plaintiff's individual claims for waiting time penalties ($10,120.80) and lost wages due to her termination ($22,544.76), thereby leaving only amounts for the class claims applicable to all class members (overtime wages, meal and rest period premium pay, wage statement penalties, wage record statutory penalties), and multiplying that amount by the 200 persons Plaintiff seeks to represent, these class claims put in controversy $18,381,796.00 ($91,908.98 x 200), well in excess of the jurisdictional threshold of $5,000,000. This is without totalling up and adding in LCPAGA penalties or attorneys fees. *See Lowdermilk v. United States Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (attorneys' fees are properly included in amount in controversy in class cases); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount-in-controversy analysis).

<u>Number of Proposed Class Members</u>

21. Third, Plaintiff has alleged that the number of members of all proposed plaintiff classes in the aggregate well exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B). According to

SFI-632796v1

- 10 -

1   Plaintiff, "[w]hile the exact number of class members is unknown to Plaintiff at this time,

2   Plaintiff is informed and believes and thereon alleges that DEFENDANTS have employed over

3   200 persons in the position of Senior Applications Analyst during the Class Period." Complaint ¶

4   26(A).

5                                      General Statement

6          22.    In alleging the amount in controversy for purposes of removal, Defendants do not

7   concede in any way that the allegations in the Complaint are accurate, that Plaintiff was

8   misclassified as an exempt employee, or that Plaintiff is entitled to overtime pay or any of the

9   penalties or related damages alleged in the Complaint.  Nor do Defendants concede that any or all

10  of IBM's other current or former exempt employees were misclassified as exempt employees, are

11  entitled to any recovery in this case, or are appropriately included in the putative class.  Nor do

12  Defendants concede that certification of any class in this case would be appropriate.

13

14          WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior

15  Court of the State of California, County of Santa Clara.

16

17  Dated: March 12, 2010                    JONES DAY

18

19                                           By: _____

20                                               Aaron L. Agenbroad

21                                           Attorneys for Defendants

22                                           INTERNATIONAL BUSINESS MACHINES
                                             CORPORATION AND JOSEPH KOENIG
23

24

25

26

27

28

SFI-632796v1

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

INTERNATIONAL BUSINESS MACHINES CORPORATION, a
California business entity, form unknown, JOSEPH KOENIG, an Individual
*and DOES 1-200*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MAY MOUA, individually and on behalf of all others similarly situated,
and for the interest of the general public



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED

2010 JAN 19 A 10: 07

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By G DUARTE
Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara County Superior Court

191 North First Street
San Jose, CA 95113

CASE NUMBER:
*(Número del Caso)*

110CV1612240

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Heather E. Borlase, Bayer & Borlase, ~~Green~~ Street, #238, San Francisco, CA 94117; ph (415) 558-9960

DATE: **JAN 1 9 2010**     Clerk, by     G DUARTE     , Deputy
*(Fecha)*                   ~~Executive Officer/Clerk~~ *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc
www.FormsWorkflow.com

1 | ALAN B. BAYER (State Bar Number 216706)
HEATHER E. BORLASE (State Bar Number 216729)
2 | BAYER & BORLASE
912 Cole Street, #238
3 | San Francisco, CA 94117
(415) 558-9960
4 | fax (415) 558-9970

5 | Attorneys for Plaintiff
MAY MOUA

**FILED**

2010 JAN 11 P 4: 02

David H. Yamasaki, CEO of the Superior Court
County of Santa Clara, California
By: R. Nelson

FILED  Santa Clara Co
01/11/10  3:57pm
David H. Yamasaki
Chief Executive Offic
By: rachelt DISCIV010
R#2010000002979
CR            $705.00
TL            $705.00
Case: 1-10-CV-161240

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| MAY MOUA, individually and on behalf of all others similarly situated, and for the interest of the general public | Case No.:  **110CV161240** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL** |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, a California business entity, form unknown, JOSEPH KOENIG, an Individual and DOES 1-200, | **BY FAX** |
| Defendants | **Class Claims:** |

1. **FAILURE TO PAY OVERTIME WAGES (Labor Code §§ 510 and 1194, 1194.2)**

2. **FAILURE TO PROVIDE ACCURATELY ITEMIZED WAGE STATEMENTS (Labor Code § 226)**

3. **FAILURE TO MAINTAIN ACCURATE RECORDS OF EMPLOYEE WORK HOURS (Labor Code § 1174)**

4. **FAILURE TO PROVIDE STATUTORY MEAL AND REST PERIODS (Labor Code §§ 226.7 and 512)**

5. **FAILURE TO PAY WAGES UPON TERMINATION (Labor Code §§ 201, 202, 203)**

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 1

6.  CIVIL PENALTIES FOR LABOR
    CODE VIOLATIONS (Labor Code
    §§ 226.3, 558, 1198, 2698 *et seq.*)

7.  UNFAIR BUSINESS PRACTICES
    (Bus. & Prof. Code §§ 17200 *et seq.*)

Individual Claims:

8.  PREGNANCY DISCRIMINATION
    (California Constitution, Article 1, § 8)

9.  DISCRIMINATION (Government
    Code §§ 12900 *et seq.*)

10.  WRONGFUL TERMINATION IN
     VIOLATION OF PUBLIC POLICY

11.  INTERFERENCE WITH RIGHTS
     UNDER CALIFORNIA FAMILY
     RIGHTS ACT (Government Code §
     12945.2)

12.  RETALIATION FOR TAKING
     LEAVE UNDER CALIFORNIA
     FAMILY RIGHTS ACT (Government
     Code § 12945.2)

13.  INTERFERENCE WITH RIGHTS
     UNDER PREGNANCY DISABILITY
     LEAVE ACT (Government Code §
     12945)

14.  RETALIATION FOR TAKING
     PREGNANCY DISABILITY LEAVE
     (Government Code § 12945)

15.  UNFAIR BUSINESS PRACTICES
     (Business & Professions Code § 17200 *et seq.*)

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    Plaintiff, MAY MOUA, upon information and belief, alleges the following:

2    **I.    Class Claims:**

3         1.    Individual and Representative Plaintiff May Moua ("MOUA"), on behalf of

4    herself and all others similarly situated, complains against Defendants IBM, INC. and Does 1

5    through 200, inclusive, as follows:

6         2.    The class claims in this action are brought pursuant to Code of Civil Procedure

7    ("CCP") § 382, seeking unpaid overtime wages, missed meal period and rest period wages,

8    penalties, injunctive and other equitable relief, interest, and reasonable attorneys' fees and costs,

9    under California Labor Code §§201, 202, 203, 226, 226.3, 226.7, 510, 512, 1194, 2698 *et seq.*,

10   Industrial Welfare Commission Wage Order Nos. 4-2001, Business and Professions Code §§

11   17200 *et seq.* and CCP § 1021.5 on behalf of the herein proposed class and/or subclasses,

12   preliminary defined as:

13

14        Plaintiff and all other persons who are or have been employed by Defendants, or any of
          them, as Senior Applications Analysts in the state of California since January 11, 2006.

15        3.    Under California Business and Professions Code (Cal. Bus. & Prof. Code )

16   §§ 17200 *et seq.*, and pursuant to both the class action and representative action procedures

17   provided for in these statutes, Plaintiff, on behalf of herself and the proposed Class Members,

18   also seek Injunctive relief and restitution of all benefits Defendants have received from their

19   unlawful actions as alleged herein.

20        4.    The "Class Period" is designated as the time from January 11, 2006 through the

21   trial date, based upon the allegation that the violations of California's wage and hour laws, as

22   described more fully below, have been ongoing for at least the first four years prior to the filing

23   of the original complaint in this matter.  During the Class Period, Defendants have had a

24   consistent policy and/or practice of (1) failing to pay Senior Applications Analysts one and one-

25   half times their base hours rates for all hours worked in excess of eight (8) per day and 40 in a

1  week, as required by law; (2) failing to pay Senior Applications Analysts double time for

2  overtime hours in excess of twelve (12) hours per day, as required by law, (3) denying meal and

3  rest periods to Senior Applications Analysts; (4) failing to provide Senior Applications Analysts

4  with accurate and complete itemized wage statements as required by law; and (5) failing to pay

5  all wages owed to Senior Applications Analysts upon termination of their employment.

6  **THE PARTIES**

7  　　　　5.　　Plaintiff MOUA was employed as a Senior Applications Analyst by IBM, INC.,

8  in Fresno and San Jose during the relevant period, and worked overtime hours for which she was

9  not compensated at the minimum legal rate of one and one-half or two times her regular rate of

10  compensation. Plaintiff MOUA also did not receive all meal and rest periods required by law,

11  accurate and itemized wage statements, and all wages due upon termination of her employment.

12  Plaintiff MOUA is a "person" within the meaning California Business and Professions Code §

13  17201 and California Labor Code § 18. Plaintiff MOUA brings this action individually on her

14  own behalf and as a representative action on behalf of all others similarly situated in the State of

15  California.

16  　　　　6.　　Upon information and belief, DEFENDANT IBM, INC. is a New York

17  corporation with its principal place of business in California.

18  　　　　7.　　Upon information and belief, individual DEFENDANT JOSEPH KOENIG is a

19  resident of Santa Clara County, California.

20  　　　　8.　　Each named and unknown DEFENDANT against whom this Complaint is

21  brought is a "person" within the meaning of California Business and Professions Code § 17201

22  and Labor Code § 18.

23  　　　　9.　　Defendants DOES 1 through 200, inclusive, are sued herein under fictitious

24  names. Their true names and capacities are unknown to Plaintiff. When their true names and

25  capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 4

1    capacities herein.  Plaintiff is informed and believes and thereon alleges that each of the

2    fictitiously-named defendants is responsible in some manner for the occurrences herein alleged,

3    and that the damages of Plaintiff and the Class Members herein alleged were proximately caused

4    by such defendants.  Plaintiff is informed, believes and thereon alleges that each of the

5    Defendants herein gave consent to, ratified and authorized the acts alleged herein to the

6    remaining Defendants.

7         10.    Individual and Representative Plaintiff May Moua ("MOUA"), on behalf of

8    herself and all others similarly situated, complains against Defendant IBM and Does 1 through

9    200 inclusive, as follows:

10        11.    The class claims in this action are brought pursuant to Code of Civil Procedure

11   ("CCP") § 382, seeking unpaid minimum wages, unpaid overtime wages, missed meal period

12   and rest period wages, penalties, injunctive and other equitable relief, interest, and reasonable

13   attorneys' fees and costs, under California Labor Code §§ 201, 202, 203, 226, 226.3, 226.7, 510,

14   512, 1174, 1194, Industrial Welfare Commission Wage Order No 4-2001, Business and

15   Professions Code §§ 17200 et seq. and CCP § 1021.5 on behalf of the herein proposed class

16   and/or subclasses, preliminarily defined as:

17

18        Plaintiff and all other persons who are or have been employed by Defendants, or any of
          them, as Senior Applications Analysts in the state of California since January 11, 2006.

19

20        12.    Under California Business and Professions Code (Cal. Bus. & Prof. Code) §§

21   17200 et seq., and pursuant to both the class action and representative action procedures

22   provided for in these statutes, Plaintiff on behalf of herself and proposed Class Members, also

23   seeks injunctive relief and restitution of all benefits Defendants have received from their

24   unlawful actions as alleged herein.

25

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 5

1    13.   The "Class Period" is designated as the time from January 11, 2006 through the

2  trial date, based upon the allegation that the violations of California's wage and hour laws, as

3  described more fully below, have been ongoing

4                              **JURISDICTION AND VENUE**

5    14.   This court has jurisdiction over all causes of action asserted herein pursuant to the

6  California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in

7  all cases except those given to other trial courts.  The Court also has jurisdiction over certain

8  causes of action pursuant to Business and Professions Code §§ 17203 and 17204, which provide

9  for exclusive jurisdiction for enforcement of this statute in any court of competent jurisdiction.

10    15.   Venue in this proper under Business & Professions Code § 17203 and California

11  Code of Civil Procedure § 395.5 because some of Defendants' unlawful conduct occurred in this

12  County, Defendants conduct substantial business in this County, some of the transactions at issue

13  took place in this County, and Defendants' liability arise in part in this County.  In addition,

14  Plaintiff is a resident of the City and County of Santa Clara.

15                              **GENERAL ALLEGATIONS**

16    16.   DEFENDANTS employed Plaintiff and the putative class as Senior Applications

17  Analysts.

18    17.   DEFENDANTS required Plaintiff and other members of the putative class to

19  work in excess of eight (8) hours per day and/or forty (40) hours per week.  DEFENDANTS also

20  failed to pay Plaintiff and the putative class double-time wages for hours worked in excess of

21  twelve (12) in a day.

22    18.   DEFENDANTS misclassified Plaintiff and the putative class as exempt from

23  California's overtime requirements, paying them on a salary basis, but not providing them with

24  premium overtime or double-time compensation.

25

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 6

19.    Plaintiff and the putative class were not at any time relevant to this Complaint exempt employees and were at all times relevant entitled to overtime wages. Plaintiff and the putative class are not exempt from entitlement to overtime wages under the Professional, Executive, Administrative or Computer Software exemptions contained in the Wage Orders or California Labor Code. Plaintiff and members of the putative class also spent less than 50% of their workdays performing tasks which can be characterized as "exempt" activities.

20.    As a result of the misclassification and/or by paying only a salary without regard for the actual hours worked, DEFENDANTS unlawfully and unfairly failed to pay Plaintiff and the putative class overtime wages for all hours worked in excess of eight in a day and forty in a week, as well as double-time wages for hours worked in excess of twelve in a day and after the eighth hour on the seventh consecutive day of work.

21.    DEFENDANTS failed to provide Plaintiff and the putative class with accurate, itemized wage statements for each pay period reflecting the actual number of hours worked and all rates of pay earned.

22.    DEFENDANTS failed to provide Plaintiff and the putative class with all meal and rest periods during each workday, and failed to pay an additional hour of premium pay for each missed meal and rest period.

23.    DEFENDANTS failed to pay Plaintiff and those members of the putative class no longer employed by DEFENDANTS with all wages due at the time the employment relationship ended.

24.    This action seeks an end to this unlawful and unfair practice, an award of all unpaid overtime wages, premium pay, any and all other appropriate restitution, injunctive relief, statutory penalties, and an award of attorney's fees and costs.

//

//

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 7

## PLAINTIFF CLASS ALLEGATIONS

25.     Plaintiff brings this action pursuant to California Code of Civil Procedure § 382 on behalf of all persons or entities proximately damaged by DEFENDANTS' conduct, including but not necessarily limited to the following class:

> All past, present and future employees of DEFENDANTS now working or who have worked in the State of California as Senior Applications Analysts, and who have been, continue to be, or in the future may be misclassified as exempt from entitlement to overtime and double-time wages, statutory meal and rest periods, not provided with accurate wage statements, and who have not or will not be paid all such wages due.

26.     This action is brought, and may properly be maintained, as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.  This action satisfies the predominance, typicality, numerosity, superiority and adequacy requirements of these provisions.

(A) Numerosity: The class is so numerous that the individual joinder of all members is impractical under the circumstances of this case.  While the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that DEFENDANTS have employed over 200 persons in the position of Senior Applications Analyst during the Class Period.

(B) Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions that affect only individual members of the class.  The common questions of law and facts include, but are not limited to:

        (i)     Whether DEFENDANTS unlawfully misclassified persons employed as Senior Applications Analysts as exempt from entitlement to overtime and double-time wages under California law.

1          (ii)    Whether DEFENDANTS unlawfully failed to pay persons employed as

2                      Senior Applications Analysts regular, overtime and double-time wages for

3                      all such hours worked;

4          (iii)   Whether DEFENDANTS unlawfully failed to provide persons employed

5                      as Senior Applications Analysts with meal and rest periods as required by

6                      California law;

7          (iv)   Whether DEFENDANTS provided adequate itemized wage statements to

8                      the Class pursuant to Labor Code § 226;

9          (v)    Whether DEFENDANTS' misclassification of persons employed as

10                   Senior Applications Analysts violates the California Labor Code and

11                   Industrial Wage Commission Orders, and is an unfair business practice

12                   under the Unfair Competition Law;

13         (vi)   Whether injunctive relief, restitution and other equitable remedies, and

14                   penalties awarded for Plaintiff and the putative class is warranted; and

15        (vii)  Whether penalties should be assessed under Labor Code §§ 2698 *et seq.*

16                   for the alleged Labor Coded violations.

17     (C) Typicality: Plaintiff's claims are typical of the claims of the class members. Plaintiff

18  and the members of the putative class sustained damages arising out of DEFENDANTS'

19  common policies and practices as alleged herein.

20     (D) Adequacy: Plaintiff will fairly and adequately protect the interests of the members of

21  the Class. Plaintiff has no interest that is adverse to the interests of the other class members.

22     (E) Superiority: A class action is superior to other available means for the fair and

23  efficient adjudication of this controversy. Because individual joinder of all members of the class

24  is impracticable, class action treatment will permit a larger number of similarly situated persons

25  to prosecute their common claims in a single forum simultaneously, efficiently, and without

1  unnecessary duplication of effort and expense that numerous individual actions would engender.

2  The expenses and burdens of individual members of the class to redress the wrongs done to

3  them, while important public interests will be served by addressing the matter as a class action.

4  The cost to and burden on the court system of adjudication of individualized litigation would be

5  substantially, and substantially more than the costs and burdens of a class action.  Class litigation

6  would also prevent the potential for inconsistent or contradictory judgments.

7      (F) Public Policy Considerations: When employers violate state wage and hour laws as is

8  the case here, current employees are often afraid to assert their rights out of fear of direct or

9  indirect retaliation.  Former employees are fearful of bringing actions because they perceived

10  that their former employers can frustrate their efforts to find future employment through negative

11  references and other means.  Class actions provide the class members who are not named in the

12  complaint with a type of anonymity that allows for vindication of their rights.

13  **ADMINISTRATIVE EXHAUSTION**

14      27.    Plaintiff filed notice of Defendant's violations of the Labor Code with the Labor

15  Workforce & Development Agency on October 1, 2009.  The Agency issued a letter on

16  November 24, 2009, notifying Plaintiff that they did not intend to investigate her allegations.

17

18  **FIRST CAUSE OF ACTION**<br>**FAILURE TO PAY OVERTIME WAGES**<br>**(Wage Order No. 4-2001; California Labor Code §§ 510, 1194, 1194.2)**<br>**[Against IBM, INC. and DOES 1-200, INCLUSIVE]**

19

20      28.    Plaintiff incorporates by reference in this cause of action each allegation of

21  paragraphs 1 through 27 inclusive, as though fully set forth herein.

22      29.    At all times relevant herein, DEFENDANTS were required to compensate

23  Plaintiff and Class Members for all hours worked between eight (8) and twelve (12) in a day and

24  over forty in a week at an overtime rate of time and a half the employees' regular rate of pay.

25

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 10

30.  At all times relevant herein, DEFENDANTS were required to compensate Plaintiff and Class Members for all hours worked over twelve in a day at an overtime rate of two times their regular rate of pay.

31.  DEFENDANTS' policy and practice of (1) refusing to pay Plaintiff and Class Members at the rate of time and a half the employees' regular rate of pay; and (2) refusing to pay Plaintiff and Class Members at the rate of twice the employees' regular rate of pay, have all resulted in DEFENDANTS' failure to pay required overtime wages to the Class in violation of Labor Code §§ 510 and 1194, and IWC Wage Order 4-2001.

32.  DEFENDANTS' acts and omissions as alleged herein were willful, in bad faith, and without reasonable grounds for believing that the acts or omissions were not a violation of state law.

33.  As a result of DEFENDANTS' conduct, Plaintiff and the Class are entitled to recover unpaid minimum and overtime wages pursuant to Labor Code § 1194, liquidated damages pursuant to Labor Code § 1194.2, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
### (Labor Code § 226)
### [Against IBM, INC. and DOES 1-200, INCLUSIVE]

34.  Plaintiff incorporates by reference in this cause of action each allegation each allegation of paragraph 1 through 33 inclusive, as though fully set forth herein.

35.  Labor Code § 226 requires that for each employee, employers keep accurate records of, *inter alia*, the hours worked, rates of pay, and number of hours worked at each of pay, as well as all deductions made from the employee's pay.

36.  Labor Code § 226 also requires that each employee be provided an itemized wage statement showing, *inter alia*, all hours worked and rates of pay earned b y each employee for each pay period.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 11

37.   DEFENDANTS have failed to keep such records by failing to record accurately all actual hours worked by Plaintiff and the putative class, and have failed to provide itemized wage statements showing this information, and Plaintiff and Class Members have been injured in that they will now be required to estimate by recollection the number of hours worked in order to recover all monies owed to them.

38.   Labor Code § 226(e) provides a statutory civil penalty in the amount of $50 per employee for the initial violation, and $100 per employee for each subsequent violation (up to a cap of $4,000 per employee). Plaintiff seeks to recover this penalty from January 11, 2006 to the resolution of this litigation, and for all class members.

39.   Because DEFENDANTS acted willfully and purposefully in failing to maintain accurate records and provide itemized wage statements showing the required information, DEFENDANTS are guilty of malice, fraud and/or oppression in violation of California Civil Code § 3294. Plaintiff seeks exemplary damages pursuant to Civil Code § 3294 in an amount to be determined at trial. In addition, the unlawful acts of DEFENDANTS described herein constitute unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq.*, and Plaintiff seeks civil penalties, restitution, interest and injunctive relief to end those practices.

40.   Enforcement of Plaintiff 's and Class Members' rights, as well as ending the unlawful and unfair business practices of DEFENDANTS, serves to protect important interests of the public. It would be unjust to require the representative Plaintiff to pay for attorneys' fees and costs out of their recovery (particularly where that recovery represents unlawfully withheld income). Therefore, Plaintiff and Class Members also seek to recover attorneys' fees and costs under California Code of Civil Procedure § 1021.5 and Labor Code §§ 226(g) and 218.5.

//

//

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 12

**THIRD CAUSE OF ACTION**
**FAILURE TO MAINTAIN ACCURATE RECORDS OF EMPLOYEE WORK HOURS**
**(CALIFORNIA LABOR CODE §§ 1174, 1174.5, IWC Wage Order 4-2001)**
**[Against IBM, INC. and DOES 1-200, INCLUSIVE]**

41.    Plaintiff realleges the information set forth in Paragraphs 1-40 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

42.    California Labor Code § 1174 states:

Every person employing labor in this state shall:

"(a) Furnish to the commission, at its request, reports or information that the commission requires to carry out this chapter. The reports and information shall be verified if required by the commission or any member thereof.

(b) Allow any member of the commission or the employees of the Division of Labor Standards Enforcement free access to the place of business or employment of the person to secure any information or make any investigation that they are authorized by this chapter to ascertain or make. The commission may inspect or make excerpts, relating to the employment of employees, from the books, reports, contracts, payrolls, documents, or papers of the person.

(c) Keep a record showing the names and addresses of all employees employed and the ages of all minors.

(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years."

43.    Industrial Welfare Commission (IWC) Wage Order 4-2001 subsection 7 states:

"RECORDS

(A) Every employer shall keep accurate information with respect to each employee including the following:
(1) Full name, home address, occupation, and social security number.
(2) Birth date, if under 18 years, and designation as a minor.
(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be

recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

(C) All required records shall be kept in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

(D) Clocks shall be provided in all major work areas or within reasonable distance thereto insofar as practicable."

44. DEFENDANTS failed to maintain records, as required by California Labor Code § 1174 and IWC Wage Order 4-2001, subsection 7.

45. As a result of DEFENDANTS' violation of Labor Code § 1174, Plaintiff is entitled to a statutory penalty of $500, as provided in Labor Code § 1174.5.

46. Plaintiff was required to retain attorneys for the purpose of bringing this action and is entitled to an award of attorney's fees and prejudgment interest pursuant to Labor Code § 1194, subdivision (a), Code of Civil Procedure § 1021.5 and other applicable law, as well as costs of suit.

//

//

//

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 14

## FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL AND REST PERIODS
### (Labor Code §§ 226.7, 512, Wage Order No. 4-2001)
### [Against IBM, INC. and DOES 1-200, INCLUSIVE]

47.     Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 46 inclusive, as though fully set forth herein.

48.     California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer which fails to provided an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

49.     California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

50.     Section 11 of Wage Order No. 4-2001 provides in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

> If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

//

//

51.     Section 12 of Wage Order No. 4-2001 provides in relevant part that:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

52.     As alleged herein, Plaintiff and Class Members who work at least five (5) hours per shift are not provided a relieved and uninterrupted thirty (30) minute meal period, and that Plaintiff and Class Members did not waive any meal periods. Nor are they provided with the opportunity to take rest breaks in accordance with California law.

53.     Plaintiff seeks to recover for herself and each member of the putative class the additional hour of premium pay required by Labor Code § 226.7 for each missed meal and rest period from January 11, 2006 to the resolution of this litigation, and seeks attorneys feels pursuant to Labor Code § 218.5 as well as Code of Civil Procedure § 1021.5.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES UPON TERMINATION**
**(California Labor Code §§ 201, 202, 203)**
**[Against IBM, INC. and DOES 1-200, INCLUSIVE]**

54.     Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 53 inclusive, as though fully set forth herein.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 16 -

55.   During the relevant time period, many Class Members were employed by and thereafter terminated by or resigned from their positions with DEFENDANTS. DEFENDANTS, however, did not pay such Class Members all compensation owed to them as a result of the unlawful policies and practices alleged herein.

56.   Pursuant to Labor Code §§ 201, 202 and 203, those Class Members who no longer work for DEFENDANTS are entitled to waiting time penalties for not having been paid overtime and other premium compensation upon their separation from employment. Plaintiff herein seeks to recover these waiting time penalties for herself and all other members of the putative class no longer in DEFENDANTS' employ who were not paid all wages due at the time their employment was terminated.

**SIXTH CAUSE OF ACTION**
**CIVIL PENALTIES FOR LABOR CODE VIOLATIONS**
**(Labor Code §§ 226.3, 558, 1198, 2698 *et seq.*)**
**[Against Defendants IBM, INC., JOSEPH KOENIG and Does 1-200, inclusive]**

57.   Plaintiffs incorporates by reference in this cause of action each allegation of paragraph 1 through 56, inclusive, as though fully set forth herein.

California Labor Code § 2966 provides in relevant part that:

> (a)[n]ot withstanding any other provisions of law, any provision of [the California Labor Code] that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, Agencies or employees, for a violation of [the Labor Code], may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees...(e) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: ....(2) If at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

1   58.   Plaintiffs seek penalties for DEFENDANTS' conduct as alleged herein as

2   permitted by law.  Specifically, Plaintiffs seek penalties under Labor Code § 2699(a) for

3   Defendants' failure to pay overtime wages (Labor Code § 558), meal and rest period premium

4   wages of Labor Code § 512 (Labor Code § 558).   Plaintiff also seeks penalties under Labor

5   Code § 2699(e)(2) for: (a) Defendants' violations of its meal and rest break obligations pursuant

6   to Wage Order No. 4-2001 and Labor Code § 1198.

### SEVENTH CAUSE OF ACTION
### UNFAIR COMPETITION LAW
### (California Business & Professions Code §§ 17200 *et seq.*)
### [Against IBM, INC. and DOES 1-200, INCLUSIVE]

10   59.   Plaintiffs incorporates by reference in this cause of action each allegation of

11   paragraph 1 through 58, inclusive, as though fully set forth herein.

12   60.   DEFENDANTS' failure to pay overtime and double-time wages and meal and

13   rest period premium wages to Plaintiff and the putative class, as well as the other statutory and

14   regulatory violations alleged herein, constitute unlawful business actions and practices in

15   violation of Business and Professions Code §§ 17200 *et seq.*

16   61.   Pursuant to Business and Professions Code §§ 17200 *et seq.*, Plaintiff and the

17   Class Members are entitled to restitution of the unpaid wages alleged herein that were withheld

18   and retained by DEFENDANTS during the period that commences prior to the filing of this

19   action, all restitution penalties, a permanent injunction requiring DEFENDANTS to pay Plaintiff

20   and Class Members, in accordance with the California Labor Code and Wage Order No. 4-2001,

21   an award of attorney's fees pursuant to Code of Civil Procedure § 1021.5 and other applicable

22   law and costs.

23   //

24   //

25   //

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 18

1  **II.    Individual Claims**

2                          **JURISDICTION**

3        62.    This Court has jurisdiction because at all relevant times herein Plaintiff resided in

4  this County, moreover, INTERNATIONAL BUSINESS MACHINES CORPORATION, INC.

5  ("IBM") is located in this County and does business in this County.

6        63.    Venue is proper in this Court under California Code of Civil Procedure Section

7  395 because the wrongful conduct alleged herein occurred in this county, the records relevant to

8  DEFENDANTS's business are maintained in this County and all of the parties reside in, are

9  located in, or operate in this County.   Moreover, venue is proper within this Division because

10  Plaintiff and DEFENDANTS reside/resided in, are located in, or operated in this Division and

11  the events described below occurred in this Division.

12                          **PARTIES**

13        64.    Plaintiff MAY MOUA is a female adult, and at all relevant time herein, a resident

14  of Fresno County.

15        65.    Plaintiff is informed and believes and thereon alleges that DEFENDANT IBM,

16  INC. is and at all relevant times herein was a New York business entity with its principal place

17  of business in California, doing business in Santa Clara County.

18        66.    Plaintiff is ignorant of the true names and capacities of DEFENDANTS sued

19  herein as DOES 1 through 200, inclusive, and therefore sues said DEFENDANTS by such

20  fictitious names.  Each fictitiously-named DEFENDANT is in some manner responsible for the

21  injuries and damages complained of herein.  Plaintiff will amend this Complaint to allege the

22  true names and capacities of such DEFENDANT when they are ascertained.

23        67.    To the extent the conduct below was perpetrated by certain DEFENDANT, the

24  named DEFENDANT or DEFENDANTS confirmed and ratified the same.

25

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

68.     Plaintiff is informed and believes and, on that basis alleges, that at all times herein mentioned, each DEFENDANT was the agent, principal and/or employee of each other DEFENDANT in the acts and conduct alleged herein and therefore incurred liability to Plaintiff for the acts alleged below. Plaintiff is further informed and believes and, on that basis, alleges that at all times herein mentioned, all the DEFENDANTS were acting within the course and scope of their employment and/or said agency.

**GENERAL BACKGROUND FACTS**

69.     Plaintiffs incorporates by reference in this cause of action each allegation of paragraph 1 through 68, inclusive, as though fully set forth herein.

70.     Plaintiff began working with IBM in March of 2005, as a Senior Applications Analyst, Business Process Lead, after IBM acquired her former employer, Corio. During her tenure with the company, she received successive raises and positive performance reviews. At all times, Plaintiff performed her job duties in an exemplary fashion.

71.     On June 15, 2009, Plaintiff was informed (while on pregnancy leave), that she would be laid off on July 29, 2009 if she did not find another position within the company before her layoff date. She was denied the opportunity to take paid bonding leave when the company required her to return to work early on June 30, 2009, so that the company could give her the one month notice which was required for employees affected in a resource action. She was told that during her one month she could look for another position in IBM. Having not been able to find a replacement position, Ms. Moua's last day of employment with IBM was July 29, 2009.

**ADMINISTRATIVE EXHAUSTION**

72.     Plaintiff filed a complaint of discrimination regarding Defendant's actions with the California Department of Fair Employment and Housing on September 23, 2009. Plaintiff

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 20 -

1    received a "right to sue" letter from the Department on September 23, 2009.  Plaintiff has filed

2    the instant lawsuit within one year from the issuance of the "right to sue" letter.

3

4                               SEVENTH CAUSE OF ACTION
                                PREGNANCY DISCRIMINATION
5                       (CALIFORNIA CONSTITUTION ARTICLE 1, § 8)
                          [Against IBM, INC. and DOES 1-200, INCLUSIVE]
6

7        73.    Plaintiff realleges the information set forth in Paragraphs 1- 72 above, and

8    incorporates these paragraphs into this cause of action as if they were fully alleged herein.

9        74.    At all times mentioned, Article 1, § 8 of the California Constitution was in full

10   force and effect and binding on Defendant IBM, INC.  This article requires Defendant to refrain

11   from discriminating against any employee on the basis of sex, including on the basis of

12   pregnancy, including without limitation, demoting an employee, reducing an employee's hours

13   without consent of the employee, reducing the salary of the employee without consent of the

14   employee or discharging any employee from employment.

15       75.    The act of Defendant IBM, INC. in discharging Plaintiff, as described more fully

16   above, constitutes discrimination against Plaintiff on the basis of pregnancy in violation of

17   Article 1, § 8 of the California Constitution.

18       76.    As a proximate result of Defendant's willful, knowing and intentional acts of

19   discrimination against Plaintiff, she has suffered and continues to suffer substantial losses,

20   including lost earnings and other employment benefits.  Plaintiff has also suffered and continues

21   to suffer embarrassment, humiliation, mental anguish and other emotional distress, all to her

22   damage in an amount to be proven at the time of trial.

23       77.    In doing the things herein alleged, Defendants were guilty of oppression, fraud

24   and malice, and insofar as the things alleged were attributable to employees of Defendants, said

25   employees were employed by Defendants with advance knowledge of the unfitness of the

                    COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

                                          - 21 -

1  employees and they were employed with a conscious disregard for the rights of others; or

2  Defendants authorized or ratified the wrongful conduct; or there was advance knowledge,

3  conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of

4  an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and

5  punitive damages.

6      78.    As a result of Defendant's discriminatory acts alleged herein, Plaintiff is entitled

7  to reasonable attorney's fees and costs of suit as provided by the private attorney general

8  doctrine (Code of Civil Procedure § 1021.5) and other applicable law, as well as costs of suit.

9

10                         **NINTH CAUSE OF ACTION**
                                **DISCRIMINATION**
11                        **Government Code §§ 12900** *et seq.*
                  **[Against IBM, INC. and DOES 1-200, INCLUSIVE]**
12

13     79.    The allegations set forth in paragraphs 1-78, inclusive, are realleged and

14  incorporated herein by reference as though fully set forth herein.

15     80.    At all times mentioned, California Government Code §§ 12900 *et seq.* (the

16  California Fair Employment and Housing Act) was in full force and effect and binding on

17  Defendants.  This statute requires DEFENDANTS to refrain from discriminating against any

18  employee on the basis of pregnancy, including without limitation: demoting an employee,

19  reducing an employee's hours without consent of the employee, reducing the salary of the

20  employee without consent of the employee or discharging any employee from employment.

21     81.    The acts of DEFENDANTS in reducing Plaintiff's hours, and then discharging

22  Plaintiff, as described more fully above, constitute discrimination against Plaintiff on the basis of

23  pregnancy in violation of California Government Code §§ 12900 *et seq.*

24     82.    Within the time provided by law, Plaintiff filed charges with the California

25  Department of Fair Employment and Housing (hereinafter referred to as the "DFEH"), alleging

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 22

1   pregnancy discrimination against DEFENDANTS in full compliance with the relevant provisions

2   of law, and obtained a Right to Sue notice. This action has been brought within one year from

3   the date upon which Plaintiff received her Right to Sue notice from DFEH.

4          83.    As a proximate result of DEFENDANTS' willful, knowing and intentional acts of

5   discrimination against Plaintiff, she has suffered and continues to suffer substantial losses,

6   including lost earnings and other employment benefits. Plaintiff has also suffered and continues

7   to suffer anxiety, embarrassment, humiliation, mental anguish and other emotional distress, all to

8   her damage in an amount to be proven at the time of trial.

9          84.    In doing the things herein alleged, DEFENDANTS were guilty of oppression,

10  fraud and malice, and insofar as the things alleged were attributable to employees of

11  DEFENDANTS, said employees were employed by DEFENDANTS with advance knowledge of

12  the unfitness of the employees and they were employed with a conscious disregard for the rights

13  of others; or DEFENDANTS authorized or ratified the wrongful conduct; or there was advance

14  knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice

15  on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of

16  exemplary and punitive damages.

17         85.    As a result of DEFENDANTS' discriminatory acts alleged herein, Plaintiff is

18  entitled to reasonable attorney's fees and costs of suit as provided by California Government

19  Code § 12965(b) and Code of Civil Procedure § 1021.5 and other applicable law, as well as costs

20  of suit.

**TENTH CAUSE OF ACTION**
21  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**[Against IBM, INC. and DOES 1-200, INCLUSIVE]**
22

23         86.    Plaintiff realleges the information set forth in Paragraphs 1-85 above, and

24  incorporates these paragraphs into this cause of action as if they were fully alleged herein.

25

87.    Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.

88.    Plaintiff is informed and believes, and based thereon alleges, that DEFENDANTS terminated her employment for reasons that violate the public policy of the State of California. Said actions violate the following statutes that affect society at large.

a.    The California Constitution, which prohibits discrimination in employment based on race or ethnic origin.

b.    *Badih v. Myers* (1995) 36 Cal.App.4th 1289, 1293-1294.

c.    The Unruh Civil Rights Act, Civil Code § 51, which reads:

"(b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

d.    California Business and Professions Code §§ 17200 *et seq.*, which prohibits any unlawful, unfair or fraudulent business act or practice.

e.    The California Fair Employment and Housing Act, Government Code §§ 12900 *et seq.*

f.    All other state and federal statutes, regulations, administrative orders and ordinances that affect society at large, and that discovery will reveal were violated by Defendants.

89.    Plaintiff alleges that DEFENDANTS violated articulated, fundamental public policies, affecting society at large, by violating the statutes described above.

90.    As a direct, foreseeable, and proximate result of the actions of DEFENDANTS as described, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 24

1   losses in salary, bonuses, job benefits and other employment benefits she would have received

2   from DEFENDANTS, all to the Plaintiff's damage, in an amount unknown at this time but to be

3   established at the time of trial.

4      91. In doing the things herein alleged, DEFENDANTS were guilty of oppression,

5   fraud and malice, and insofar as the things alleged were attributable to employees of

6   DEFENDANTS, said employees were employed by Defendants with advance knowledge of the

7   unfitness of the employees and they were employed with a conscious disregard for the rights of

8   others; or DEFENDANTS authorized or ratified the wrongful conduct; or there was advance

9   knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice

10   on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of

11   exemplary and punitive damages.

12      92. Plaintiff will also seek and is entitled to recover attorney's fees in connection with

13   this cause of action under the private attorney general doctrine (Civil Code § 1021.5).

14   
### ELEVENTH CAUSE OF ACTION
15   
**INTERFERENCE WITH RIGHTS UNDER THE CALIFORNIA FAMILY RIGHTS ACT**
**(Government Code § 12945.2)**
16   
**[Against IBM, INC. and DOES 1-200, INCLUSIVE]**

17      93. Plaintiff realleges the information set forth in Paragraphs 1-92 above, and

18   incorporates these paragraphs into this cause of action as if they were fully alleged herein.

19      94. California Government Code § 12945.2, known as the California Family Rights

20   Act ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" to care

21   for a child, spouse or parent with a serious health condition, or to care for an employee's own

22   serious health condition.

23      95. Plaintiff took a protected leave under CFRA to care for her own serious health

24   condition, but was not reinstated to the same position or a comparable position upon her return

25   

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 25 -

1  from the absence. Instead, she was called back to work for 30 days to look for another position,
2  then terminated by DEFENDANTS.
3      96.   DEFENDANTS' actions constitute interference with the rights provided by
4  Government Code § 12945.2.
5      97.   As a proximate result of DEFENDANTS' conduct, Plaintiff has lost salary and
6  other employment-related benefits.
7      98.   As a further and proximate result of DEFENDANTS' conduct, Plaintiff has
8  suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all
9  to her damage in an amount unknown at this time, but according to proof at the time of trial.
10     99.   As a further proximate result of the aforementioned wrongful conduct, Plaintiff
11  has had to employ the services of attorneys to pursue her legal rights, to her damage, in an
12  amount unknown at this time but according to proof at the time of trial.
13     100.  In doing the things herein alleged, DEFENDANTS were guilty of oppression,
14  fraud and malice, and insofar as the things alleged were attributable to employees of
15  DEFENDANTS, said employees were employed by DEFENDANTS with advance knowledge of
16  the unfitness of the employees and they were employed with a conscious disregard for the rights
17  of others; or DEFENDANTS authorized or ratified the wrongful conduct; or there was advance
18  knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice
19  on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of
20  exemplary and punitive damages.
21  //
22  //
23  //
24  //
25  //

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 26

**TWELFTH CAUSE OF ACTION**
**RETALIATION FOR TAKING LEAVE UNDER CALIFORNIA FAMILY RIGHTS ACT**
(Government Code § 12945.2)
**[Against IBM, INC. and DOES 1-200, INCLUSIVE]**

101.   Plaintiff realleges the information set forth in Paragraphs 1-100 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

102.   California Government Code § 12945.2, known as the California Family Rights Act ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" to care for a child, spouse or parent with a serious health condition, or to care for an employee's own serious health condition.

103.   Plaintiff took a protected leave under CFRA to care for her own serious health condition, but was not reinstated to the same position or a comparable position upon her return from the absence.  Instead, she was called back to work for 30 days to look for another position, then terminated by DEFENDANTS.

104.   DEFENDANTS' actions constitutes retaliation against Plaintiff for requesting and taking a protected leave under Government Code § 12945.2.

105.   As a proximate result of DEFENDANTS' conduct, Plaintiff has lost salary and other employment-related benefits.

106.   As a further and proximate result of DEFENDANTS' conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to her damage in an amount unknown at this time, but according to proof at the time of trial.

107.   As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue her legal rights, to her damage, in an amount unknown at this time but according to proof at the time of trial.

108.   In doing the things herein alleged, DEFENDANTS were guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    DEFENDANTS, said employees were employed by DEFENDANTS with advance knowledge of

2    the unfitness of the employees and they were employed with a conscious disregard for the rights

3    of others; or DEFENDANTS authorized or ratified the wrongful conduct; or there was advance

4    knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice

5    on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of

6    exemplary and punitive damages.

7

8                              **THIRTEENTH CAUSE OF ACTION**
     **INTERFERENCE WITH RIGHTS UNDER PREGNANCY DISABILITY LEAVE ACT**
9                                  **(Government Code § 12945)**
                          **[Against IBM, INC. and DOES 1-200, INCLUSIVE]**

10

11          109.    Plaintiff realleges the information set forth in Paragraphs 1-108 above, and

12   incorporates these paragraphs into this cause of action as if they were fully alleged herein.

13          110.    California Government Code § 12945 provides for a woman disabled by

14   pregnancy, childbirth or other related medical conditions to take a leave of absence from work

15   for a reasonable period of time not to exceed four months.

16          111.    Plaintiff requested a protected leave under Government Code § 12945, but was

17   not reinstated to the same position or a comparable position upon her return from absence.

18   Instead, she was informed that she was to be laid off and required to return to work for 30 days

19   to look for another position if she did not wish the layoff to take effect immediately.

20

21          112.    Defendants' actions constitute violations of Government Code § 12945.

            113.    As a proximate result of DEFENDANTS' conduct, Plaintiff has lost salary and
22
     other employment-related benefits.
23
            114.    As a further and proximate result of DEFENDANTS' conduct, Plaintiff has
24
     suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all
25
     to her damage in an amount unknown at this time, but according to proof at the time of trial.

                   COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

                                           - 28 -

1    115.    As a further proximate result of the aforementioned wrongful conduct, Plaintiff

2 has had to employ the services of attorneys to pursue her legal rights, to her damage, in an

3 amount unknown at this time but according to proof at the time of trial.

4    116.    In doing the things herein alleged, DEFENDANTS were guilty of oppression,

5 fraud and malice, and insofar as the things alleged were attributable to employees of

6 DEFENDANTS, said employees were employed by DEFENDANTS with advance knowledge of

7 the unfitness of the employees and they were employed with a conscious disregard for the rights

8 of others; or DEFENDANTS authorized or ratified the wrongful conduct; or there was advance

9 knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice

10 on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of

11 exemplary and punitive damages.

12

13
## FOURTEENTH CAUSE OF ACTION
### RETALIATION FOR TAKING LEAVE UNDER PREGNANCY DISABILITY LEAVE
(Government Code § 12945)
**[Against IBM, INC. and DOES 1-200, INCLUSIVE]**

14

15

16    117.    Plaintiff realleges the information set forth in Paragraphs 1-116 above, and

17 incorporates these paragraphs into this cause of action as if they were fully alleged herein.

18    118.    California Government Code § 12945 provides for a woman disabled by

19 pregnancy, childbirth or other related medical conditions to take a leave of absence from work

20 for a reasonable period of time not to exceed four months.

21    119.    Plaintiff requested a protected leave under Government Code § 12945, but was

22 not reinstated to the same position or a comparable position upon her return from absence.

23 Instead, she was informed that she was to be laid off and required to return to work for 30 days

24 to look for another position if she did not wish the layoff to take effect immediately.

25

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 29

120.   DEFENDANTS' actions constitute retaliation against Plaintiff for requesting and/or taking leave of absence under Government Code § 12945.

121.   As a proximate result of DEFENDANTS' conduct, Plaintiff has lost salary and other employment-related benefits.

122.   As a further and proximate result of DEFENDANTS' conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to her damage in an amount unknown at this time, but according to proof at the time of trial.

123.   As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue her legal rights, to her damage, in an amount unknown at this time but according to proof at the time of trial.

124.   In doing the things herein alleged, DEFENDANTS were guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of DEFENDANTS, said employees were employed by DEFENDANTS with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or DEFENDANTS authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and punitive damages.

### FIFTEENTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.*
### [Against INTERNATIONAL BUSINESS MACHINES CORPORATION, INC., Inc. and DOES 1-50, Inclusive]

125.   Plaintiff realleges the information set forth in Paragraphs 1-124 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

126.   At all times mentioned herein DEFENDANTS were and are subject to the requirements of the Unfair Competition Law (California Business & Professions Code §§ 17200 *et seq.*, which prohibits unlawful, unfair or fraudulent business practices.

127.   DEFENDANTS' conduct as alleged above, including but not limited to their discrimination, harassment, retaliation, defamation, and wrongful termination of Plaintiff is fraudulent and unlawful and therefore amounts to a violation of the Unfair Competition Law as the unlawful practices occurred in connection with Defendants' conduct of trade and commerce in California.

128.   DEFENDANTS' violations of the law, as alleged above, constitute business practices because they were done repeatedly over a substantial period of time.  These practices were the result of policies that worked to Plaintiff's detriment as well as to the detriment of other persons and/or entities.  Reasonable employees and consumers were likely to be deceived by DEFENDANTS' conduct.

129.   Plaintiff is informed and believes that such unlawful, unfair and/or fraudulent conduct continues to this day and DEFENDANTS will continue such activity in the future unless they are enjoined from doing so.

130.   Plaintiff is entitled to an injunction preventing DEFENDANTS from continuing to engage in such illegal practices described above, including but not limited to violations of the FEHA and CFRA.

131.   Plaintiff also seeks restitution of all unpaid wages and attorney's fees and costs in connection with this litigation in an amount to be established by proof at the time of trial.

132.   Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code § 1021.5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1.     For money restitution pursuant to California Business & Professions Code § 17203;

2.     For other injunctive relief, including requiring Defendants adopt policies that conform to Federal and California law, for a permanent injunction enjoining Defendants, their agents, successors and employees from engaging in each unlawful practice set forth above, and for such other injunctive relief as the Court may deem proper;

3.     For economic and special damages in an amount unknown at this time, but according to proof at trial;

4.     For non-economic and general damages in an amount unknown at this time, but according to proof at trial;

5.     For punitive damages as allowed by law, including California Civil Code § 3294, and according to proof at trial;

6.     For statutory penalties under Labor Code §§ 203, 226.3, 558, 1174.5 and all other applicable statutes or provisions of law;

7.     For civil penalties under Labor Code §§ 2698 *et seq.* and all other applicable statutes or provisions of law;

8.     For reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure § 1021.5, Government Code § 12965 and all other applicable statutes or provisions of law;

9.     For such other and further relief as this Court deems just and proper.

Dated this 11th day of January, 2010

**BAYER & BORLASE**

By: _____

/Heather E. Borlase
Alan B. Bayer
Attorneys for Plaintiff,
MAY MOUA

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 32 -

## DEMAND FOR JURY TRIAL

Plaintiff demands trial of all issues by jury

Dated this 11th day of January, 2010

**BAYER & BORLASE**

By: _[signature]_

/Heather E. Borlase
Alan B. Bayer
Attorneys for Plaintiff,
MAY MOUA

**E-FILED**

Jan 21, 2010 2:40 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-10-CV-161240 Filing #G-20166
By R. Walker, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

|  |  |
|---|---|
| MAY MOUA, individually and on behalf of all others similarly situated, and for the interest of the general public,<br><br>     Plaintiff,<br><br>     vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a California business entity, form unknown, JOSEPH KOENIG, an individual, and DOES 1-200,<br><br>     Defendants. | Case No.: 1-10-CV-161240<br><br>**ORDER DEEMING CASE COMPLEX**<br><br>**Complaint Filed: January 11, 2010**<br><br>**Judge:**   Hon. Joseph H. Huber<br>**Dept:**    8C |

WHEREAS, the Complaint was filed by Plaintiff May Moua ("Plaintiff") in the Santa Clara County Superior Court on January 11, 2010;

WHEREAS, Plaintiff filed a Civil Case Cover Sheet deeming the matter provisionally complex on January 11, 2010;

WHEREAS, the Civil Lawsuit Notice was issued by the Court on January 11, 2010, assigning the matter to Department 8C (Complex Civil Litigation), the Honorable Joseph H. Huber presiding, pending a ruling on the complexity issue;

---

*Moua v. International Business Machines Corporation, et al.*<br>*Santa Clara County Superior Court, Case No. 1-10-CV-161240*<br>*Order Deeming Case Complex*

1

E-FILED: Jan 21, 2010 2:40 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-161240 Filing #G-20166

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department 8C (Complex Civil Litigation), the Honorable Joseph H. Huber presiding.

The Case Management Conference remains set for **June 11, 2010 at 10:00 a.m. in Department 8C**.

The parties are directed to the Electronic Filing and Service Standing Order and to the Guidelines for the Complex Civil Litigation Department, copies of which may be downloaded from www.scefiling.org.

All parties are hereinafter ordered to submit to the Court's E-Filing website digital copies of all documents that were previously manually filed prior to the entry of this Order.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff May Moua, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

The Complex Case Fee is due from all parties immediately [Government Code Sections 70616(a), 70616(b)].

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Dated: _1 - 2 1 - 10_

Honorable Joseph H. Huber
Judge of the Superior Court

*Moua v. International Business Machines Corporation, et al.*
*Santa Clara County Superior Court, Case No. 1-10-CV-161240*
*Order Deeming Case Complex*

2

ATTACHMENT CV-5012

## CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*          CASE NUMBER: **110CV161240**

```
┌────────────────────────────────────────────┐
│      PLEASE READ THIS ENTIRE FORM            │
└────────────────────────────────────────────┘
```

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint,* *Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* **Joseph Huber** _____ *Department:* _8C_

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)
Date: **JUN 1 1 2010** _____ Time: **10:00 am** in Department: _8C_

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)
Date: _____ Time: _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012 REV 7/01/08                    **CIVIL LAWSUIT NOTICE**                    Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties-to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

< **Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
> < The action is for personal injury, property damage, or breach of contract
> < Only monetary damages are sought
> < Witness testimony, under oath, needs to be evaluated
> < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< **Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
> < The parties have complex facts to review
> < The case involves multiple parties and problems
> < The courthouse surroundings would be helpful to the settlement process

< **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2910

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

CV-5003 REV 8/08

# EXHIBIT B

1   Aaron L. Agenbroad (State Bar No. 242613)
    alagenbroad@jonesday.com
2   Catherine S. Nasser (State Bar No. 246191)
    cnasser@jonesday.com
3   JONES DAY
    555 California Street, 26th Floor
4   San Francisco, CA  94104
    Telephone: (415) 626-3939
5   Facsimile: (415) 875-5700

6   Attorneys for Defendants
    INTERNATIONAL BUSINESS MACHINES
7   CORPORATION and JOSEPH KOENIG

8

**E-FILED**

Mar 11, 2010 2:34 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-10-CV-161240 Filing #G-21041
By A. Floresca, Deputy

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SANTA CLARA

11

12   MAY MOUA, individually and on behalf of        Case No. 110CV161240
     all others similarly situated, and for the
13   interest of the general public,                **DEFENDANTS INTERNATIONAL**
                                                     **BUSINESS MACHINES**
14                   Plaintiffs,                     **CORPORATION'S AND JOSEPH**
                                                     **KOENIG'S ANSWER TO**
15           v.                                      **UNVERIFIED CLASS ACTION**
                                                     **COMPLAINT**
16   INTERNATIONAL BUSINESS MACHINES
     CORPORATION, a California business              Complaint filed:  January 11, 2010
17   entity, form unknown, JOSEPH KOENIG, an
     Individual and DOES 1-200,
18
                     Defendant.
19

20

21

22

23

24

25

26

27

28

NYI-4260095v2                          - 1 -                    ANSWER TO COMPLAINT

E-FILED: Mar 11, 2010 2:34 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-161240 Filing #G-21041

1    Defendants International Business Machines Corporation ("IBM") and Joseph Koenig

2    ("Koenig") (collectively, "Defendants") hereby answer the unverified Class Action Complaint of

3    Plaintiff May Moua as follows:

4    Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d),

5    Defendants deny, generally and specifically, each and every allegation, statement, matter and

6    each purported cause of action contained in Plaintiff's unverified Class Action Complaint ("Class

7    Action Complaint") and, without limiting the generality of the foregoing, deny, generally and

8    specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all,

9    by reason of any alleged acts or omissions of Defendants.

10    In further answer to Plaintiff's Class Action Complaint, Defendants assert the following

11    affirmative and other defenses.  Defendants reserve the right to amend or supplement their answer

12    and/or defenses as may be warranted by the information developed through subsequent discovery.

13    Nothing stated herein constitutes a concession as to whether or not Plaintiff bears the burden of

14    proof on any issue.

15                                **First Defense**

16    1.    Plaintiff fails, in whole or in part, to state claims upon which relief may be

17    granted.

18                               **Second Defense**

19    2.    Plaintiff's claims are barred because, at all material times, Plaintiff and putative

20    class members were exempt from the statutory and regulatory requirements on which such claims

21    are based under the administrative, professional, executive and/or computer professional

22    exemptions and/or any other exemption available under California law.

23                                **Third Defense**

24    3.    Defendants acted in good faith and had reasonable grounds for believing that they

25    were in compliance with the California Labor Code, the wage orders of the Industrial Welfare

26    Commission, as well as all other applicable state laws.

27                               **Fourth Defense**

28    4.    Plaintiff's attempt to pursue this case as a class action fails because an independent

NY1-4260095v2                          - 2 -                          ANSWER TO COMPLAINT

E-FILED: Mar 11, 2010 2:34 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-161240 Filing #G-21041

1   and individual analysis of Plaintiff's claims and the claims of each potential class member and

2   each of Defendants' defenses is required.

**Fifth Defense**

4       5.    Plaintiff is not entitled to class action certification because Plaintiff cannot satisfy

5   the requirements for bringing a class action, and Plaintiff cannot adequately represent the interest

6   of potential class members.

**Sixth Defense**

8       6.    Plaintiff is not entitled to certification because the purported class action, as

9   defined in the Complaint, is overly broad and patently unmanageable.

**Seventh Defense**

11      7.    Plaintiff is not entitled to class certification because she fails to define the class she

12  purports to represent clearly and/or objectively.

**Eighth Defense**

14      8.    Plaintiff's attempt to pursue this case as a class action violates Defendants'

15  constitutional rights to a jury trial and to due process.

**Ninth Defense**

17      9.    Plaintiff's claims and the claims of putative class members are barred, in whole or

18  in part, to the extent that they violated practices and guidelines or worked in violation of direct

19  orders of their supervisors.

**Tenth Defense**

21      10.    Plaintiff's claims and the claims of putative class members are barred, in whole or

22  in part, to the extent that they are superseded or preempted by the FLSA.

**Eleventh Defense**

24      11.    Plaintiff's claims and the claims of putative class members are barred, in whole or

25  in part, by the applicable statutes of limitations, including, but not limited to, California

26  Government Code §§ 12960 *et seq.*, Code of Civil Procedure §§ 338, 339, 340 and California

27  Business and Professional Code § 17208.

28

NYI-4260095v2            ANSWER TO COMPLAINT

E-FILED: Mar 11, 2010 2:34 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-161240 Filing #G-21041

**Twelfth Defense**

12.    Plaintiff's claims and the claims of putative class members are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, accord and satisfaction, settlement, payment, and/or release.

**Thirteenth Defense**

13.    To the extent that certain or all of Plaintiff's causes of action rely in any part on statutory amendments or additions during the class period, those amendments and additions are not retroactive and bar Plaintiff's claims and the claims of putative class members, in whole or in part.

**Fourteenth Defense**

14.    Plaintiff is not entitled to any penalty award under any provision of the California Labor Code since, at all times relevant and material herein, Defendants did not willfully fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that they did not violate the compensation provisions of the California Labor Code.

**Fifteenth Defense**

15.    The imposition of statutory penalties and/or a disgorgement of profits remedy would violate Defendants' rights, including the right to due process and equal protection, under the California and United States Constitutions and other laws.

**Sixteenth Defense**

16.    Plaintiff's claims and the claims of putative class members for waiting time penalties should be denied because a good faith dispute exists as to whether any wages are due.

**Seventeenth Defense**

17.    Plaintiff's and putative class members' claims for injunctive relief are barred because they have an adequate remedy at law and/or lack standing and/or cannot make the requisite showing to obtain injunctive relief.

**Eighteenth Defense**

18.    Plaintiff lacks standing under Business and Professions Code Section 17200 *et*

E-FILED: Mar 11, 2010 2:34 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-161240 Filing #G-21041

1    *seq.*, because neither she nor the alleged class has suffered any competitive injury.

2                            **Nineteenth Defense**

3          19.    Defendants are entitled to setoff, and/or to recoup, any monies paid to Plaintiff or

4    putative class members, and some or all of Plaintiff's claims and the claims of putative class

5    members are barred, in whole or in part, by exclusions, exceptions or credits under California

6    law.

7                            **Twentieth Defense**

8          20.    California Business and Professions Code §§ 17203 and 17204 violate the Due

9    Process Clauses of the United States and California Constitutions: (a) to the extent that the

10   standards of liability under those statutes are unduly vague and subjective, and permit retroactive,

11   random, arbitrary and capricious punishment that serves no legitimate governmental interest; and

12   (b) to the extent they authorize the award of restitution or damages based upon asserted interests

13   or injuries of the general public in violation of the Excessive Fines Clause of the United States

14   and California Constitutions.

15                          **Twenty-first Defense**

16         21.    Some or all of Plaintiff's and the putative class members' claims are barred, in

17   whole or part, by the doctrines of res judicata and/or collateral estoppel.

18                         **Twenty-second Defense**

19         22.    Plaintiff and those she seeks to represent have failed and continue to fail to

20   mitigate or avoid their damages, if any, and as a result, their recovery under the Complaint and

21   each purported claim therein should be barred or decreased.

22                          **Twenty-third Defense**

23         23.   Plaintiff's claims are barred in whole or in part to the extent that she has improperly

24   failed to exhaust her administrative remedies and to the extent that such claims are predicated on

25   events, incidents, acts or omissions that were not the subject of any administrative charge filed by

26   Plaintiff with the Department of Fair Employment and Housing and/or the Labor and Workforce

27   Development Agency.

28

---

NYI-4260095v2                          - 5 -                    ANSWER TO COMPLAINT

E-FILED: Mar 11, 2010 2:34 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-161240 Filing #G-21041

### Twenty-fourth Defense

24.     Plaintiff's claims are barred in whole or in part because her employment was terminated for legitimate business reasons unrelated to her leave or request for leave and/or there was no available comparable position for which she was qualified or to which she was otherwise entitled.

### Twenty-fifth Defense

25.     All of Defendants' actions with regard to Plaintiff were conducted in good faith and without fraud, oppression or malice towards Plaintiff and her rights, thereby precluding any and all claims of special, exemplary or punitive damages.

### Twenty-sixth Defense

26.     Defendants do not admit that Plaintiff is entitled to recover punitive damages in this action. However, any award of punitive damages against Defendants' in this action would be barred by the due process and equal protection provisions of the United States and California Constitutions.

### Twenty-seventh Defense

27.     Plaintiff's claims and the claims of the putative class are barred, in whole or in part, by their failure to use and/or exhaust available internal remedies and/or reporting mechanisms.

### Twenty-eighth Defense

28.     Plaintiff's claims are barred because all actions taken with regard to Plaintiff were taken for legitimate, lawful, nondiscriminatory and non-retaliatory business reasons, which were unrelated to Plaintiff's sex, race, color, pregnancy, leaves of absence, or request for leaves of absence or participation in any alleged protected activity and free from unlawful discrimination or retaliation of any kind.

### Twenty-ninth Defense

29.  IBM has and has had, at all relevant times, an internal policy that sets forth the procedures to be followed if an employee believes he or she has been harassed or discriminated or retaliated against and IBM provided other opportunities to prevent or correct such conduct. To

E-FILED: Mar 11, 2010 2:34 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-161042 Filing #G-21041

1    the extent Plaintiff failed to utilize such procedures, Plaintiff's claims are barred.

2    **Thirtieth Defense**

3        30.   Plaintiff's claims are barred because Defendants exercised reasonable care to prevent

4    and promptly correct any alleged unlawful conduct, and to the extent Plaintiff was obligated to do

5    so, Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities or to

6    avoid harm otherwise.

7    **Thirty-first Defense**

8        31.   Plaintiff's claims are barred to the extent that any alleged wrongful acts were

9    committed by unauthorized persons or employees acting outside the scope of authority or

10    employment and/or were outside the responsibility and control of Defendants.

11    **Thirty-second Defense**

12        32.   The claims set forth in the Complaint are barred to the extent Plaintiff engaged in any

13    fraud and misconduct which, if known, would have caused her to be terminated in any event.

14    **Thirty-third Defense**

15        33.   Plaintiff's employment was "at-will" and could be terminated with or without good

16    cause.

17    **Thirty-fourth Defense**

18        34.   Defendant Koenig is not a proper party to this suit.

19    **Thirty-fifth Defense**

20        35.   Defendants have not knowingly or intentionally waived any applicable defenses and

21    reserve the right to assert and rely on such other applicable defenses as may later become

22    available or apparent.  Defendants further reserve the right to amend their answer and/or defenses

23    accordingly and/or to delete defenses that they determine are not applicable during the course of

24    subsequent discovery.  Nothing stated herein constitutes a concession as to whether or not

25    Plaintiff bears the burden of proof on any issue.

26    **PRAYER**

27    WHEREFORE, Defendants pray for judgment as follows:

28        1.    That Plaintiff and putative class members take nothing by reason of the Class

E-FILED: Mar 11, 2010 2:34 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-161240 Filing #G-21041

1    Action Complaint, that the Class Action Complaint be dismissed in its entirety with prejudice,

2    and that judgment be entered for Defendants;

3          2.      That Defendants be awarded reasonable costs and attorneys' fees;

4          3.      That Defendants be awarded such other and further relief as the Court may deem

5    appropriate.

6    Dated: March 11, 2010                JONES DAY

7

8                                    By: _____

9                                         Aaron L. Agenbroad
                                        Catherine S. Nasser

10                           Attorneys for Defendants
                          INTERNATIONAL BUSINESS MACHINES
                          CORPORATION AND JOSEPH KOENIG

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E-FILED: Mar 11, 2010 2:34 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-161240 Filing #G-21041

## PROOF OF SERVICE

### (CCP §§ 1013a, 2015.5)

STATE OF CALIFORNIA      )

                          )      ss.

COUNTY OF SAN FRANCISCO )

      I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is: **555 California Street, 26th Floor, San Francisco, California 94104-1500.**

      On **March 11, 2010,** I served the foregoing:

- **DEFENDANTS INTERNATIONAL BUSINESS MACHINES CORPORATION'S AND JOSEPH KOENIG'S ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT**

on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

    Alan B. Bayer
    Heather E. Borlase
    **BAYER & BORLASE**
    **912 Cole Street, #238**
    **San Francisco, CA 94117**
    **Telephone: 415-558-9960**
    **Facsimile: 415-558-9970**

[XX]  **BY MAIL:** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motio n of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **BY FEDERAL EXPRESS:** I placed such envelope for deposit in the Federal Express drop slot for service by Federal Express. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with Federal Express on that same day at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if service is more than one day after date of deposit for express service in affidavit.

[ ]  **BY PERSONAL SERVICE:** I caused such envelope to be hand delivered to the office of the addressee on the date specified above.

[ ]  **VIA FACSIMILE:** I caused such document(s) to be transmitted from facsimile number (415) 875-5700 to the facsimile machine(s) of the above-listed party(ies) on the date specified above. The transmission(s) was/were reported as complete and without error.

SFI-632381v1

E-FILED: Mar 11, 2010 2:34 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-161240 Filing #G-21041

1    The party(ies) has/have agreed in writing to service of the document(s) listed above by
     facsimile.

2

     [X]    **STATE** I declare under penalty of perjury under the laws of the State of California that
3           the foregoing is true and correct.

4    [ ]    **FEDERAL** I declare that I am employed within the office of a member of the bar of this
            Court at whose direction the service was made.

5    Executed on **March 11, 2010,** at San Francisco, California.

6

7                                                                Sandra Altamirano

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SFI-632381v1