ALAN B. BAYER (State Bar Number 216706)
HEATHER E. BORLASE (State Bar Number 216729)
BAYER & BORLASE
912 Cole Street, #238
San Francisco, CA  94117
(415) 558-9960
fax (415) 558-9970

Attorneys for Plaintiff and Putative Class
MAY MOUA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| MAY MOUA, individually and on behalf of all others similarly situated, and for the interest of the general public<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a California business entity, form unknown, JOSEPH KOENIG, an Individual, VENKATASUBRAMANIAM IYER, an Individual  and DOES 1-200,<br><br>Defendants | Case No.: C 10-01070 JW<br><br>**CLASS ACTION COMPLAINT**<br><br>**AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**<br><br>**Class Claims:**<br><br>1. **FAILURE TO PAY OVERTIME WAGES (Labor Code §§ 510 and 1194, 1194.2)**<br><br>2. **FAILURE TO PROVIDE ACCURATELY ITEMIZED WAGE STATEMENTS (Labor Code § 226)**<br><br>3. **FAILURE TO MAINTAIN ACCURATE RECORDS OF EMPLOYEE WORK HOURS (Labor Code §§ 1174, 1174.5)**<br><br>4. **FAILURE TO PROVIDE STATUTORY MEAL AND REST PERIODS  (Labor Code §§ 226.7 and 512)**<br><br>5. **FAILURE TO PAY WAGES UPON** |

TERMINATION (Labor Code §§ 201, 202, 203)

6.  FAILURE TO TIMELY PAY WAGES (Labor Code § 204)

7.  CIVIL PENALTIES FOR LABOR CODE VIOLATIONS (Labor Code §§ 210, 226.3, 226.6, 558, 1174.5, 1198, 2698 *et seq.*)

8.  UNFAIR BUSINESS PRACTICES (Bus. & Prof. Code §§ 17200 *et seq.*)

<u>Individual Claims:</u>

9.  PREGNANCY DISCRIMINATION (California Constitution, Article 1, § 8)

10.  DISCRIMINATION (Government Code §§ 12900 *et seq.*)

11.  WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

12.  INTERFERENCE WITH RIGHTS UNDER CALIFORNIA FAMILY RIGHTS ACT (Government Code § 12945.2)

13.  RETALIATION FOR TAKING LEAVE UNDER CALIFORNIA FAMILY RIGHTS ACT (Government Code § 12945.2)

14.  INTERFERENCE WITH RIGHTS UNDER PREGNANCY DISABILITY LEAVE ACT (Government Code § 12945)

15.  RETALIATION FOR TAKING PREGNANCY DISABILITY LEAVE (Government Code § 12945)

16.  UNFAIR BUSINESS PRACTICES (Business & Professions Code § 17200 *et seq.*)

_____ )

Plaintiff, MAY MOUA, upon information and belief, alleges the following:

## I.   **Class Claims:**

1.      Individual and Representative Plaintiff May Moua ("MOUA"), on behalf of herself and all others similarly situated, complains against Defendants IBM, INC. and Does 1 through 200, inclusive, as follows:

2.      The class claims in this action are brought pursuant to Code of Civil Procedure ("CCP") § 382, seeking unpaid overtime wages, missed meal period and rest period wages, penalties, injunctive and other equitable relief, interest, and reasonable attorneys' fees and costs, under California Labor Code §§ 201, 202, 203, 226, 226.3, 226.7, 510, 512, 1194, 2698 *et seq.,* Industrial Welfare Commission Wage Order Nos. 4-2001, Business and Professions Code §§ 17200 *et seq.* and CCP § 1021.5 on behalf of the herein proposed class and/or subclasses, preliminary defined as:

> Plaintiff and all other persons who are or have been employed by Defendants, or any of them, as Advisory Software Services Specialists in the state of California since January 11, 2006.

3.      Under California Business and Professions Code (Cal. Bus. & Prof. Code ) §§ 17200 *et seq.*, and pursuant to both the class action and representative action procedures provided for in these statutes, Plaintiff, on behalf of herself and the proposed Class Members, also seek Injunctive relief and restitution of all benefits Defendants have received from their unlawful actions as alleged herein.

4.      The "Class Period" is designated as the time from January 11, 2006 through the trial date, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing for at least the first four years prior to the filing of the original complaint in this matter.  During the Class Period, Defendants have had a

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

consistent policy and/or practice of (1) failing to pay Advisory Software Services Specialists one and one-half times their base hours rates for all hours worked in excess of eight (8) per day and 40 in a week, as required by law; (2) failing to pay Advisory Software Services Specialists double time for overtime hours in excess of twelve (12) hours per day, as required by law, (3) denying meal and rest periods to Advisory Software Services Specialists; (4) failing to provide Advisory Software Services Specialists with accurate and complete itemized wage statements as required by law; and (5) failing to pay all wages owed to Advisory Software Services Specialists upon termination of their employment.

**THE PARTIES**

5.     Plaintiff MOUA was employed as an Advisory Software Services Specialist by IBM, INC., in Fresno and San Jose during the relevant period, and worked overtime hours for which she was not compensated at the minimum legal rate of one and one-half or two times her regular rate of compensation.  Plaintiff MOUA also did not receive all meal and rest periods required by law, accurate and itemized wage statements, and all wages due upon termination of her employment.  Plaintiff MOUA is a "person" within the meaning California Business and Professions Code § 17201 and California Labor Code § 18.  Plaintiff MOUA brings this action individually on her own behalf and as a representative action on behalf of all others similarly situated in the State of California.

6.     Upon information and belief, DEFENDANT IBM, INC. is a New York corporation with its principal place of business in California.

7.     Upon information and belief, individual DEFENDANT JOSEPH KOENIG is a resident of Santa Clara County, California.

8.     Upon information and belief, individual DEFENDANT VENKATASUBRAMANIAM IYER is a resident of Santa Clara County.

9.      Each named and unknown DEFENDANT against whom this Complaint is brought is a "person" within the meaning of California Business and Professions Code § 17201, IWC Wage Order 4-2001 and Labor Code § 18.

10.     Defendants DOES 1 through 200, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiff.  When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the Class Members herein alleged were proximately caused by such defendants.  Plaintiff is informed, believes and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

11.     Individual and Representative Plaintiff May Moua ("MOUA"), on behalf of herself and all others similarly situated, complains against Defendant IBM and Does 1 through 200 inclusive, as follows:

12.     The class claims in this action are brought pursuant to Code of Civil Procedure ("CCP") § 382, seeking unpaid minimum wages, unpaid overtime wages, missed meal period and rest period wages, penalties, injunctive and other equitable relief, interest, and reasonable attorneys' fees and costs, under California Labor Code §§ 201, 202, 203, 226, 226.3, 226.7, 510, 512, 1174, 1194, Industrial Welfare Commission Wage Order No 4-2001, Business and Professions Code §§ 17200 *et seq*. and CCP § 1021.5 on behalf of the herein proposed class and/or subclasses, preliminarily defined as:

> Plaintiff and all other persons who are or have been employed by Defendants, or any of them, as Advisory Software Service Specialists in the state of California since January 11, 2006.

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 5

13.     Under California Business and Professions Code (Cal. Bus. & Prof. Code) §§ 17200 *et seq.,* and pursuant to both the class action and representative action procedures provided for in these statutes, Plaintiff on behalf of herself and proposed Class Members, also seeks injunctive relief and restitution of all benefits Defendants have received from their unlawful actions as alleged herein.

14.     The "Class Period" is designated as the time from January 11, 2006 through the trial date, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing

## JURISDICTION AND VENUE

15.     This court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all cases except those given to other trial courts.  The Court also has jurisdiction over certain causes of action pursuant to Business and Professions Code §§ 17203 and 17204, which provide for exclusive jurisdiction for enforcement of this statute in any court of competent jurisdiction.

16.     Venue in this proper under Business & Professions Code § 17203 and California Code of Civil Procedure § 395.5 because some of Defendants' unlawful conduct occurred in this County, Defendants conduct substantial business in this County, some of the transactions at issue took place in this County, and Defendants' liability arise in part in this County.  In addition, Plaintiff is a resident of the City and County of Santa Clara.

## GENERAL ALLEGATIONS

17.     DEFENDANTS employed Plaintiff and the putative class as Advisory Software Services Specialists.

18.     DEFENDANTS required Plaintiff and other members of the putative class to work in excess of eight (8) hours per day and/or forty (40) hours per week.  DEFENDANTS also

failed to pay Plaintiff and the putative class double-time wages for hours worked in excess of twelve (12) in a day.

19.     DEFENDANTS misclassified Plaintiff and the putative class as exempt from California's overtime requirements, paying them on a salary basis, but not providing them with premium overtime or double-time compensation.

20.     Plaintiff and the putative class were not at any time relevant to this Complaint exempt employees and were at all times relevant entitled to overtime wages.  Plaintiff and the putative class are not exempt from entitlement to overtime wages under the Professional, Executive, Administrative or Computer Software exemptions contained in the Wage Orders or California Labor Code.  Plaintiff and members of the putative class also spent less than 50% of their workdays performing tasks which can be characterized as "exempt" activities.

21.     As a result of the misclassification and/or by paying only a salary without regard for the actual hours worked, DEFENDANTS unlawfully and unfairly failed to pay Plaintiff and the putative class overtime wages for all hours worked in excess of eight in a day and forty in a week, as well as double-time wages for hours worked in excess of twelve in a day and after the eighth hour on the seventh consecutive day of work.

22.     DEFENDANTS failed to provide Plaintiff and the putative class with accurate, itemized wage statements for each pay period reflecting the actual number of hours worked and all rates of pay earned.

23.     DEFENDANTS failed to provide Plaintiff and the putative class with all meal and rest periods during each workday, and failed to pay an additional hour of premium pay for each missed meal and rest period.

24.     DEFENDANTS failed to pay Plaintiff and those members of the putative class no longer employed by DEFENDANTS with all wages due at the time the employment relationship ended.

25.     This action seeks an end to this unlawful and unfair practice, an award of all unpaid overtime wages, premium pay, any and all other appropriate restitution, injunctive relief, statutory penalties, and an award of attorney's fees and costs.

## PLAINTIFF CLASS ALLEGATIONS

26.     Plaintiff brings this action pursuant to California Code of Civil Procedure § 382 on behalf of all persons or entities proximately damaged by DEFENDANTS' conduct, including but not necessarily limited to the following class:

> All past, present and future employees of DEFENDANTS now working or who have worked in the State of California as Advisory Software Service Specialists, and who have been, continue to be, or in the future may be misclassified as exempt from entitlement to overtime and double-time wages, statutory meal and rest periods, not provided with accurate wage statements, and who have not or will not be paid all such wages due.

27.     This action is brought, and may properly be maintained, as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.  This action satisfies the predominance, typicality, numerosity, superiority and adequacy requirements of these provisions.

(A) Numerosity: The class is so numerous that the individual joinder of all members is impractical under the circumstances of this case.  While the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that DEFENDANTS have employed at least 29 persons in the position of Advisory Software Services Specialist during the Class Period.

(B) Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions that affect only individual members of the class.  The common questions of law and facts include, but are not limited to:

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

(i)     Whether DEFENDANTS unlawfully misclassified persons employed as Advisory Software Services Specialists as exempt from entitlement to overtime and double-time wages under California law.

(ii)    Whether DEFENDANTS unlawfully failed to pay persons employed as Advisory Software Services Specialists regular, overtime and double-time wages for all such hours worked;

(iii)   Whether DEFENDANTS unlawfully failed to provide persons employed as Advisory Software Services Specialists with meal and rest periods as required by California law;

(iv)    Whether DEFENDANTS failed to timely pay persons employed as Advisory Software Services Specialists pursuant to Labor Code § 204;

(v)     Whether DEFENDANTS provided adequate itemized wage statements to the Class pursuant to Labor Code § 226;

(vi)    Whether DEFENDANTS' misclassification of persons employed as Advisory Software Services Specialists violates the California Labor Code and Industrial Wage Commission Orders, and is an unfair business practice under the Unfair Competition Law;

(vii)   Whether injunctive relief, restitution and other equitable remedies, and penalties awarded for Plaintiff and the putative class is warranted; and

(viii)  Whether penalties should be assessed under Labor Code §§ 2698 *et seq.* for the alleged Labor Coded violations.

(C) Typicality: Plaintiff's claims are typical of the claims of the class members.  Plaintiff and the members of the putative class sustained damages arising out of DEFENDANTS' common policies and practices as alleged herein.

(D) Adequacy: Plaintiff will fairly and adequately protect the interests of the members of

the Class.  Plaintiff has no interest that is adverse to the interests of the other class members.

(E) Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Because individual joinder of all members of the class is impracticable, class action treatment will permit a larger number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense that numerous individual actions would engender.  The expenses and burdens of individual members of the class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action.  The cost to and burden on the court system of adjudication of individualized litigation would be substantially, and substantially more than the costs and burdens of a class action.  Class litigation would also prevent the potential for inconsistent or contradictory judgments.

(F) Public Policy Considerations: When employers violate state wage and hour laws as is the case here, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they perceived that their former employers can frustrate their efforts to find future employment through negative references and other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

## ADMINISTRATIVE EXHAUSTION

28.     Plaintiff filed notice of DEFENDANT's violations of the Labor Code with the Labor Workforce & Development Agency on October 1, 2009.  The Agency issued a letter on November 24, 2009, notifying Plaintiff that they did not intend to investigate her allegations.

//

//

//

//

1
2
3

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**(Wage Order No. 4-2001; California Labor Code §§ 510, 1194, 1194.2)**
**[Against IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER and DOES 1-200, INCLUSIVE]**

4
5

29.     Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 28 inclusive, as though fully set forth herein.

6
7
8

30.     At all times relevant herein, DEFENDANTS were required to compensate Plaintiff and Class Members for all hours worked between eight (8) and twelve (12) in a day and over forty in a week at an overtime rate of time and a half the employees' regular rate of pay.

9
10
11

31.     At all times relevant herein, DEFENDANTS were required to compensate Plaintiff and Class Members for all hours worked over twelve in a day at an overtime rate of two times their regular rate of pay.

12
13
14
15
16

32.     DEFENDANTS' policy and practice of (1) refusing to pay Plaintiff and Class Members at the rate of time and a half the employees' regular rate of pay; and (2) refusing to pay Plaintiff and Class Members at the rate of twice the employees' regular rate of pay, have all resulted in DEFENDANTS' failure to pay required overtime wages to the Class in violation of Labor Code §§ 510 and 1194, and IWC Wage Order 4-2001.

17
18
19

33.     DEFENDANTS' acts and omissions as alleged herein were willful, in bad faith, and without reasonable grounds for believing that the acts or omissions were not a violation of state law.

20
21
22

34.     As a result of DEFENDANTS' conduct, Plaintiff and the Class are entitled to recover unpaid minimum and overtime wages pursuant to Labor Code § 1194, liquidated damages pursuant to Labor Code § 1194.2, plus reasonable attorney's fees and costs of suit.

23

35.     WHEREFORE, Plaintiff prays for relief as set forth below.

24

//

25

//

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**
**(Labor Code § 226)**
**[Against IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER and DOES 1-200, INCLUSIVE]**

36.     Plaintiff incorporates by reference in this cause of action each allegation each allegation of paragraph 1 through 35 inclusive, as though fully set forth herein.

37.     Labor Code § 226 requires that for each employee, employers keep accurate records of, *inter alia*, the hours worked, rates of pay, and number of hours worked at each of pay, as well as all deductions made from the employee's pay.

38.     Labor Code § 226 also requires that each employee be provided an itemized wage statement showing, *inter alia*, all hours worked and rates of pay earned b y each employee for each pay period.

39.     DEFENDANTS have failed to keep such records by failing to record accurately all actual hours worked by Plaintiff and the putative class, and have failed to provide itemized wage statements showing this information, and Plaintiff and Class Members have been injured in that they will now be required to estimate by recollection the number of hours worked in order to recover all monies owed to them.

40.     Labor Code § 226(e) provides a statutory civil penalty in the amount of $50 per employee for the initial violation, and $100 per employee for each subsequent violation (up to a cap of $4,000 per employee). Plaintiff seeks to recover this penalty from January 11, 2006 to the resolution of this litigation, and for all class members.

41.     Because DEFENDANTS  acted willfully and purposefully in failing to maintain accurate records and provide itemized wage statements showing the required information, DEFENDANTS are guilty of malice, fraud and/or oppression in violation of California Civil Code § 3294.  Plaintiff seeks exemplary damages pursuant to Civil Code § 3294 in an amount to

be determined at trial.  In addition, the unlawful acts of DEFENDANTS described herein constitute unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq.*, and Plaintiff seeks civil penalties, restitution, interest and injunctive relief to end those practices.

42.     Enforcement of Plaintiff 's and Class Members' rights, as well as ending the unlawful and unfair business practices of DEFENDANTS, serves to protect important interests of the public.  It would be unjust to require the representative Plaintiff to pay for attorneys' fees and costs out of their recovery (particularly where that recovery represents unlawfully withheld income).  Therefore, Plaintiff and Class Members also seek to recover attorneys' fees and costs under California Code of Civil Procedure § 1021.5 and Labor Code §§ 226(g) and 218.5.

43.     WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### FAILURE TO MAINTAIN ACCURATE RECORDS OF EMPLOYEE WORK HOURS
### (CALIFORNIA LABOR CODE §§ 1174, 1174.5, IWC Wage Order 4-2001)
### [Against IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER and DOES 1-200, INCLUSIVE]

44.     Plaintiff realleges the information set forth in Paragraphs 1-43 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

45.     California Labor Code § 1174 states:

Every person employing labor in this state shall:

"(a) Furnish to the commission, at its request, reports or information that the commission requires to carry out this chapter. The reports and information shall be verified if required by the commission or any member thereof.

(b) Allow any member of the commission or the employees of the Division of Labor Standards Enforcement free access to the place of business or employment of the person to secure any information or make any investigation that they are authorized by this chapter to ascertain or make. The commission may inspect or make excerpts, relating to the employment of employees, from the books, reports, contracts, payrolls, documents, or papers of the person.

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

(c) Keep a record showing the names and addresses of all employees employed and the ages of all minors.

(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years."

46.     Industrial Welfare Commission (IWC) Wage Order 4-2001 subsection 7 states:

"RECORDS

(A) Every employer shall keep accurate information with respect to each employee including the following:
(1) Full name, home address, occupation, and social security number.
(2) Birth date, if under 18 years, and designation as a minor.
(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.
(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.
(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.
(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.
(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.
(C) All required records shall be kept in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.
(D) Clocks shall be provided in all major work areas or within reasonable distance thereto insofar as practicable."

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

47.     DEFENDANTS failed to maintain records, as required by California Labor Code § 1174 and IWC Wage Order 4-2001, subsection 7.

48.     As a result of DEFENDANTS' violation of Labor Code § 1174, Plaintiff is entitled to a statutory penalty of $500, as provided in Labor Code § 1174.5.

49.     Plaintiff was required to retain attorneys for the purpose of bringing this action and is entitled to an award of attorney's fees and prejudgment interest pursuant to Labor Code § 1194, subdivision (a), Code of Civil Procedure § 1021.5 and other applicable law, as well as costs of suit.

50.     WHEREFORE, Plaintiff prays for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**(Labor Code §§ 226.7, 512, Wage Order No. 4-2001)**
**[Against IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER and DOES 1-200, INCLUSIVE]**

51.     Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 50 inclusive, as though fully set forth herein.

52.     California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer which fails to provided an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

53.     California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

54.     Section 11 of Wage Order No. 4-2001 provides in relevant part that:

No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

55.     Section 12 of Wage Order No. 4-2001 provides in relevant part that:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

56.     As alleged herein, Plaintiff and Class Members who work at least five (5) hours per shift are not provided a relieved and uninterrupted thirty (30) minute meal period, and that Plaintiff and Class Members did not waive any meal periods.  Nor are they provided with the opportunity to take rest breaks in accordance with California law.

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

57.     Plaintiff seeks to recover for herself and each member of the putative class the additional hour of premium pay required by Labor Code § 226.7 for each missed meal and rest period from January 11, 2006 to the resolution of this litigation, and seeks attorneys fees pursuant to Labor Code § 218.5 as well as Code of Civil Procedure § 1021.5.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES UPON TERMINATION**
**(California Labor Code §§ 201, 202, 203)**
**[Against IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER and DOES 1-200, INCLUSIVE]**

58.     Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 57 inclusive, as though fully set forth herein.

59.     During the relevant time period, many Class Members were employed by and thereafter terminated by or resigned from their positions with DEFENDANTS.  DEFENDANTS, however, did not pay such Class Members all compensation owed to them as a result of the unlawful policies and practices alleged herein.

60.     Pursuant to Labor Code §§ 201, 202 and 203, those Class Members who no longer work for DEFENDANTS are entitled to waiting time penalties for not having been paid overtime and other premium compensation upon their separation from employment.  Plaintiff herein seeks to recover these waiting time penalties for herself and all other members of the putative class no longer in DEFENDANTS' employ who were not paid all wages due at the time their employment was terminated.

61.     WHEREFORE, Plaintiff prays for relief as set forth below.

//

//

//

//

### SIXTH CAUSE OF ACTION
### FAILURE TO TIMELY PAY WAGES
### (Labor Code § 204)
### [Against IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER and DOES 1-200, INCLUSIVE]

62.     Plaintiffs incorporate by reference in this cause of action each allegation of paragraph 1 through 60, inclusive, as though fully set forth herein.

63.     California Labor Code § 204 provides:

"(a) All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. However, salaries of executive, administrative, and professional employees of employers covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act, as amended through March 1, 1969, in Part 541 of Title 29 of the Code of Federal Regulations, as that part now reads or may be amended to read at any time hereafter, may be paid once a month on or before the 26th day of the month during which the labor was performed if the entire month's salaries, including the unearned portion between the date of payment and the last day of the month, are paid at that time.

(b)

 (1) Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

 (2) An employer is in compliance with the requirements of subdivision (a) of Section 226 relating to total hours worked by the employee, if hours worked in excess of the normal work period during the current pay period are itemized as corrections on the paystub for the next regular pay period. Any corrections set out in a subsequently issued paystub shall state the inclusive dates of the pay period for which the employer is correcting its initial report of hours worked.

(c) However, when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees.

(d) The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period."

64.     DEFENDANTS did not pay Plaintiff in accordance with the requirements of Labor Code § 204, subdivision (a).  DEFENDANTS did not avail themselves of the safe harbor provided by Labor Code § 204, subdivision (b), in that it failed to correct its violations in subsequent pay periods.

65.     Because DEFENDANTS acted willfully, and with the intent to harm Plaintiff by purposefully failing to pay her in accordance with the time limits set forth in Labor Code § 204, subdivision (a), DEFENDANTS are guilty of malice, fraud and/or oppression in violation of California Civil Code § 3294.  Plaintiff seeks exemplary damages pursuant to Civil code § 3294 in an amount to be determined at trial.

66.     In addition, the unlawful acts of DEFENDANTS described herein constitute unfair business practices in violation of California Business & Professions Code §§ 17200 et seq., and Plaintiff seeks civil penalties, restitution, interest and injunctive relief to end those practices.

67.     Enforcement of Plaintiff's right, as well as ending the unlawful and unfair business practices of DEFENDANTS, serves to protect important interests of the public.  It would be unjust to require the Plaintiff to pay for attorneys' fees and costs out of her recovery (particularly where that recovery represents unlawfully withheld income).  Therefore, Plaintiff also seeks to recover attorneys' fees and costs under California Code of Civil Procedure § 1025.1 and Labor Code § 1194, and interest on the unpaid wages pursuant to Labor Code § 218.

68.     WHEREFORE, Plaintiff prays for relief as set forth below.

//

//

**SEVENTH CAUSE OF ACTION**
**CIVIL PENALTIES FOR LABOR CODE VIOLATIONS**
**(Labor Code §§ 226.3, 558, 1198, 2698 *et seq.*.)**
**[Against Defendants IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER**
**and Does 1-200, inclusive)**

69.     Plaintiffs incorporates by reference in this cause of action each allegation of paragraph 1 through 68, inclusive, as though fully set forth herein.

California Labor Code § 2966 provides in relevant part that:

> (a)[n]ot withstanding any other provisions of law, any provision of [the California Labor Code] that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, Agencies or employees, for a violation of [the Labor Code], may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees…(e) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: ….(2) If at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

70.     Plaintiffs seek penalties for DEFENDANTS' conduct as alleged herein as permitted by law.  Specifically, Plaintiffs seek penalties under Labor Code § 2699(a) for DEFENDANT's failure to pay overtime wages (Labor Code § 558), meal and rest period premium wages of Labor Code § 512 (Labor Code § 558), failure to maintain records (Labor Code § 1174.5) failure to provide accurately itemized wage statements (Labor Code §226.6) and failure to timely pay wages (Labor Code §§ 204, 210).   Plaintiff also seeks penalties under Labor Code § 2699(e)(2) for: (a) Defendants' violations of its meal and rest break obligations pursuant to Wage Order No. 4-2001 and Labor Code § 1198.

71.     WHEREFORE, Plaintiff prays for relief as set forth below.

//

**EIGHTH CAUSE OF ACTION**
**UNFAIR COMPETITION LAW**
**(California Business & Professions Code §§ 17200 *et seq*.)**
**[Against IBM, INC. and DOES 1-200, INCLUSIVE]**

72.     Plaintiffs incorporates by reference in this cause of action each allegation of paragraph 1 through 71, inclusive, as though fully set forth herein.

73.     DEFENDANTS' failure to pay overtime and double-time wages and meal and rest period premium wages to Plaintiff and the putative class, as well as the other statutory and regulatory violations alleged herein, constitute unlawful business actions and practices in violation of Business and Professions Code §§ 17200 *et seq*.

74.     Pursuant to Business and Professions Code §§ 17200 *et seq*., Plaintiff and the Class Members are entitled to restitution of the unpaid wages alleged herein that were withheld and retained by DEFENDANTS during the period that commences prior to the filing of this action, all restitution penalties, a permanent injunction requiring DEFENDANTS to pay Plaintiff and Class Members, in accordance with the California Labor Code and Wage Order No. 4-2001, an award of attorney's fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law and costs.

75.     WHEREFORE, Plaintiff prays for relief as set forth below.

**II.      Individual Claims**

**JURISDICTION**

76.     This Court has jurisdiction because at all relevant times herein Plaintiff resided in this County, moreover, INTERNATIONAL BUSINESS MACHINES CORPORATION, INC. ("IBM") is located in this County and does business in this County.

77.     Venue is proper in this Court under California Code of Civil Procedure Section 395 because the wrongful conduct alleged herein occurred in this county, the records relevant to

DEFENDANTS's business are maintained in this County and all of the parties reside in, are located in, or operate in this County.    Moreover, venue is proper within this Division because Plaintiff and DEFENDANTS reside/resided in, are located in, or operated in this Division and the events described below occurred in this Division.

### PARTIES

78.    Plaintiff MAY MOUA is a female adult, and at all relevant time herein, a resident of Fresno County.

79.    Plaintiff is informed and believes and thereon alleges that DEFENDANT IBM, INC. is and at all relevant times herein was a New York business entity with its principal place of business in California, doing business in Santa Clara County.

80.    Plaintiff is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 1 through 200, inclusive, and therefore sues said DEFENDANTS by such fictitious names.  Each fictitiously-named DEFENDANT is in some manner responsible for the injuries and damages complained of herein.  Plaintiff will amend this Complaint to allege the true names and capacities of such DEFENDANT when they are ascertained.

81.    To the extent the conduct below was perpetrated by certain DEFENDANT, the named DEFENDANT or DEFENDANTS confirmed and ratified the same.

82.    Plaintiff is informed and believes and, on that basis alleges, that at all times herein mentioned, each DEFENDANT was the agent, principal and/or employee of each other DEFENDANT in the acts and conduct alleged herein and therefore incurred liability to Plaintiff for the acts alleged below.  Plaintiff is further informed and believes and, on that basis, alleges that at all times herein mentioned, all the DEFENDANTS were acting within the course and scope of their employment and/or said agency.

1

### GENERAL BACKGROUND FACTS

2    83.    Plaintiffs incorporates by reference in this cause of action each allegation of

3    paragraph 1 through 82, inclusive, as though fully set forth herein.

4    84.    Plaintiff began working with IBM in March of 2005, as an Advisory Software

5    Services Specialist, Business Process Lead, after IBM acquired her former employer, Corio.

6    During her tenure with the company, she received successive raises and positive performance

7    reviews. At all times, Plaintiff performed her job duties in an exemplary fashion.

8    85.    On June 15, 2009, Plaintiff was informed (while on pregnancy leave), that she

9    would be laid off on July 29,  2009 if she did not find another position within the company

10   before her layoff date. She was denied the opportunity to take paid bonding leave when the

11   company required her to return to work early on June 30, 2009, so that the company could give

12   her the one month notice which was required for employees affected in a resource action. She

13   was told that during her one month she could look for another position in IBM.  Having not been

14   able to find a replacement position, Ms. Moua's last day of employment with IBM was July 29,

15   2009.

16

### ADMINISTRATIVE EXHAUSTION

17   86.    Plaintiff filed a complaint of discrimination regarding Defendant's actions with

18   the California Department of Fair Employment and Housing on September 23, 2009.  Plaintiff

19   received a "right to sue" letter from the Department on September 23, 2009.  Plaintiff has filed

20   the instant lawsuit within one year from the issuance of the "right to sue" letter.

21

### NINTH CAUSE OF ACTION
### PREGNANCY DISCRIMINATION
### (CALIFORNIA CONSTITUTION ARTICLE 1, § 8)
### [Against IBM, INC. and DOES 1-200, INCLUSIVE]

22

23

24   87.    Plaintiff realleges the information set forth in Paragraphs 1- 86 above, and

25   incorporates these paragraphs into this cause of action as if they were fully alleged herein.

88.     At all times mentioned, Article 1, § 8 of the California Constitution was in full force and effect and binding on DEFENDANT IBM, INC.  This article requires Defendant to refrain from discriminating against any employee on the basis of sex, including on the basis of pregnancy, including without limitation, demoting an employee, reducing an employee's hours without consent of the employee, reducing the salary of the employee without consent of the employee or discharging any employee from employment.

89.     The act of DEFENDAT IBM, INC. in discharging Plaintiff, as described more fully above, constitutes discrimination against Plaintiff on the basis of pregnancy in violation of Article 1, § 8 of the California Constitution.

90.     As a proximate result of DEFENDANT's willful, knowing and intentional acts of discrimination against Plaintiff, she has suffered and continues to suffer substantial losses, including lost earnings and other employment benefits.  Plaintiff has also suffered and continues to suffer embarrassment, humiliation, mental anguish and other emotional distress, all to her damage in an amount to be proven at the time of trial.

91.     In doing the things herein alleged, DEFENDANT was guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Defendants, said employees were employed by Defendants with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Defendants authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and punitive damages.

92.     As a result of DEFENDANT's discriminatory acts alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided by the private attorney general doctrine (Code of Civil Procedure § 1021.5) and other applicable law, as well as costs of suit.

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

93.     WHEREFORE, Plaintiff prays for relief as set forth below.

**TENTH CAUSE OF ACTION**
**DISCRIMINATION**
**Government Code §§ 12900 *et seq.***
**[Against IBM, INC. and DOES 1-200, INCLUSIVE]**

94.     The allegations set forth in paragraphs 1-93, inclusive, are realleged and incorporated herein by reference as though fully set forth herein.

95.     At all times mentioned, California Government Code §§ 12900 *et seq.* (the California Fair Employment and Housing Act) was in full force and effect and binding on Defendants.  This statute requires DEFENDANT to refrain from discriminating against any employee on the basis of pregnancy, including without limitation: demoting an employee, reducing an employee's hours without consent of the employee, reducing the salary of the employee without consent of the employee or discharging any employee from employment.

96.     The acts of DEFENDANT in reducing Plaintiff's hours, and then discharging Plaintiff, as described more fully above, constitute discrimination against Plaintiff on the basis of pregnancy in violation of California Government Code §§ 12900 *et seq.*

97.     Within the time provided by law, Plaintiff filed charges with the California Department of Fair Employment and Housing (hereinafter referred to as the "DFEH"), alleging pregnancy discrimination against DEFENDANT in full compliance with the relevant provisions of law, and obtained a Right to Sue notice.  This action has been brought within one year from the date upon which Plaintiff received her Right to Sue notice from DFEH.

98.     As a proximate result of DEFENDANT's willful, knowing and intentional acts of discrimination against Plaintiff, she has suffered and continues to suffer substantial losses, including lost earnings and other employment benefits.  Plaintiff has also suffered and continues

to suffer anxiety, embarrassment, humiliation, mental anguish and other emotional distress, all to her damage in an amount to be proven at the time of trial.

99.     In doing the things herein alleged, DEFENDANT was guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of DEFENDANT, said employees were employed by DEFENDANT with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or DEFENDANT authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and punitive damages.

100.     As a result of DEFENDANT's discriminatory acts alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided by California Government Code § 12965(b) and Code of Civil Procedure § 1021.5 and other applicable law, as well as costs of suit.

101.     WHEREFORE, Plaintiff prays for relief as set forth below.

## ELEVENT CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### [Against IBM, INC. and DOES 1-200, INCLUSIVE]

102.     Plaintiff realleges the information set forth in Paragraphs 1-101 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

103.     Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

104.    Plaintiff is informed and believes, and based thereon alleges, that DEFENDANT terminated her employment for reasons that violate the public policy of the State of California. Said actions violate the following statutes that affect society at large.

a.    The California Constitution, which prohibits discrimination in employment based on race or ethnic origin.

b.    *Badih v. Myers* (1995) 36 Cal.App.4th 1289, 1293-1294.

c.    The Unruh Civil Rights Act, Civil Code § 51, which reads:

"(b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

d.    California Business and Professions Code §§ 17200 *et seq.*, which prohibits any unlawful, unfair or fraudulent business act or practice.

e.    The California Fair Employment and Housing Act, Government Code §§ 12900 *et seq.*

f.    All other state and federal statutes, regulations, administrative orders and ordinances that affect society at large, and that discovery will reveal were violated by DEFENDANT.

105.    Plaintiff alleges that DEFENDANT violated articulated, fundamental public policies, affecting society at large, by violating the statutes described above.

106.    As a direct, foreseeable, and proximate result of the actions of DEFENDANT as described, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits and other employment benefits she would have received from DEFENDANT, all to the Plaintiff's damage, in an amount unknown at this time but to be established at the time of trial.

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

107.     In doing the things herein alleged, DEFENDANT was guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of DEFENDANT, said employees were employed by DEFENDANT with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or DEFENDANT authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and punitive damages.

108.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code § 1021.5).

109.     WHEREFORE, Plaintiff prays for relief as set forth below.

**TWELFTH CAUSE OF ACTION**
**INTERFERENCE WITH RIGHTS UNDER THE CALIFORNIA FAMILY RIGHTS ACT**
**(Government Code § 12945.2)**
**[Against IBM, INC. and DOES 1-200, INCLUSIVE]**

110.     Plaintiff realleges the information set forth in Paragraphs 1-109 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

111.     California Government Code § 12945.2, known as the California Family Rights Act ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" to care for a child, spouse or parent with a serious health condition, or to care for an employee's own serious health condition.

112.     Plaintiff took a protected leave under CFRA to care for her own serious health condition, but was not reinstated to the same position or a comparable position upon her return from the absence.  Instead, she was called back to work for 30 days to look for another position, then terminated by DEFENDANT.

113.    DEFENDANT's actions constitute interference with the rights provided by Government Code § 12945.2.

114.    As a proximate result of DEFENDANT's conduct, Plaintiff has lost salary and other employment-related benefits.

115.    As a further and proximate result of DEFENDANT's conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to her damage in an amount unknown at this time, but according to proof at the time of trial.

116.    As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue her legal rights, to her damage, in an amount unknown at this time but according to proof at the time of trial.

117.    In doing the things herein alleged, DEFENDANT was guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of DEFENDANT, said employees were employed by DEFENDANT with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or DEFENDANT authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and punitive damages.

118.    WHEREFORE, Plaintiff prays for relief as set forth below.

**THIRTEENTH CAUSE OF ACTION**
**RETALIATION FOR TAKING LEAVE UNDER CALIFORNIA FAMILY RIGHTS ACT**
**(Government Code § 12945.2)**
**[Against IBM, INC. and DOES 1-200, INCLUSIVE]**

119.    Plaintiff realleges the information set forth in Paragraphs 1-118 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

120.     California Government Code § 12945.2, known as the California Family Rights Act ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" to care for a child, spouse or parent with a serious health condition, or to care for an employee's own serious health condition.

121.     Plaintiff took a protected leave under CFRA to care for her own serious health condition, but was not reinstated to the same position or a comparable position upon her return from the absence.  Instead, she was called back to work for 30 days to look for another position, then terminated by DEFENDANT.

122.     DEFENDANT's actions constitutes retaliation against Plaintiff for requesting and taking a protected leave under Government Code § 12945.2.

123.     As a proximate result of DEFENDANT's conduct, Plaintiff has lost salary and other employment-related benefits.

124.     As a further and proximate result of DEFENDANT's conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to her damage in an amount unknown at this time, but according to proof at the time of trial.

125.     As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue her legal rights, to her damage, in an amount unknown at this time but according to proof at the time of trial.

126.     In doing the things herein alleged, DEFENDANT was guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of DEFENDANTS, said employees were employed by DEFENDANT with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or DEFENDANT authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of

an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and punitive damages.

127.    WHEREFORE, Plaintiff prays for relief as set forth below.


**FOURTEENTH CAUSE OF ACTION**
**INTERFERENCE WITH RIGHTS UNDER PREGNANCY DISABILITY LEAVE ACT**
**(Government Code § 12945)**
**[Against IBM, INC. and DOES 1-200, INCLUSIVE]**

128.    Plaintiff realleges the information set forth in Paragraphs 1-127 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

129.    California Government Code § 12945 provides for a woman disabled by pregnancy, childbirth or other related medical conditions to take a leave of absence from work for a reasonable period of time not to exceed four months.

130.    Plaintiff requested a protected leave under Government Code § 12945, but was not reinstated to the same position or a comparable position upon her return from absence. Instead, she was informed that she was to be laid off and required to return to work for 30 days to look for another position if she did not wish the layoff to take effect immediately.

131.    Defendants' actions constitute violations of Government Code § 12945.

132.    As a proximate result of DEFENDANT's conduct, Plaintiff has lost salary and other employment-related benefits.

133.    As a further and proximate result of DEFENDANT's conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to her damage in an amount unknown at this time, but according to proof at the time of trial.

134.    As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue her legal rights, to her damage, in an amount unknown at this time but according to proof at the time of trial.

135.     In doing the things herein alleged, DEFENDANT was guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of DEFENDANT, said employees were employed by DEFENDANT with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or DEFENDANT authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and punitive damages.

136.     WHEREFORE, Plaintiff prays for relief as set forth below.

## FIFTEENTH CAUSE OF ACTION
## RETALIATION FOR TAKING LEAVE UNDER PREGNANCY DISABILITY LEAVE
### (Government Code § 12945)
### [Against IBM, INC. and DOES 1-200, INCLUSIVE]

137.     Plaintiff realleges the information set forth in Paragraphs 1-136 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

138.     California Government Code § 12945 provides for a woman disabled by pregnancy, childbirth or other related medical conditions to take a leave of absence from work for a reasonable period of time not to exceed four months.

139.     Plaintiff requested a protected leave under Government Code § 12945, but was not reinstated to the same position or a comparable position upon her return from absence. Instead, she was informed that she was to be laid off and required to return to work for 30 days to look for another position if she did not wish the layoff to take effect immediately.

140.     DEFENDANT's actions constitute retaliation against Plaintiff for requesting and/or taking leave of absence under Government Code § 12945.

141.     As a proximate result of DEFENDANT's conduct, Plaintiff has lost salary and other employment-related benefits.

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

142.    As a further and proximate result of DEFENDANT's conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to her damage in an amount unknown at this time, but according to proof at the time of trial.

143.    As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue her legal rights, to her damage, in an amount unknown at this time but according to proof at the time of trial.

144.    In doing the things herein alleged, DEFENDANT were guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of DEFENDANT, said employees were employed by DEFENDANT with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or DEFENDANT authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and punitive damages.

145.    WHEREFORE, Plaintiff prays for relief as set forth below.

### SIXTEENTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.*
### [Against INTERNATIONAL BUSINESS MACHINES CORPORATION, INC., Inc. and DOES 1-50, Inclusive]

146.    Plaintiff realleges the information set forth in Paragraphs 1-145 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

147.    At all times mentioned herein DEFENDANTS were and are subject to the requirements of the Unfair Competition Law (California Business & Professions Code §§ 17200 *et seq.*, which prohibits unlawful, unfair or fraudulent business practices.

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

148.     DEFENDANTS' conduct as alleged above, including but not limited to their discrimination, harassment, retaliation, defamation, and wrongful termination of Plaintiff is fraudulent and unlawful and therefore amounts to a violation of the Unfair Competition Law as the unlawful practices occurred in connection with Defendants' conduct of trade and commerce in California.

149.     DEFENDANTS' violations of the law, as alleged above, constitute business practices because they were done repeatedly over a substantial period of time.  These practices were the result of policies that worked to Plaintiff's detriment as well as to the detriment of other persons and/or entities.  Reasonable employees and consumers were likely to be deceived by DEFENDANTS' conduct.

150.     Plaintiff is informed and believes that such unlawful, unfair and/or fraudulent conduct continues to this day and DEFENDANTS will continue such activity in the future unless they are enjoined from doing so.

151.     Plaintiff is entitled to an injunction preventing DEFENDANTS from continuing to engage in such illegal practices described above, including but not limited to violations of the FEHA and CFRA.

152.     Plaintiff also seeks restitution of all unpaid wages and attorney's fees and costs in connection with this litigation in an amount to be established by proof at the time of trial.

153.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code § 1021.5).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment as follows:

1.     For money restitution pursuant to California Business & Professions Code § 17203;

2.      For other injunctive relief, including requiring Defendants adopt policies that conform to Federal and California law, for a permanent injunction enjoining Defendants, their agents, successors and employees from engaging in each unlawful practice set forth above, and for such other injunctive relief as the Court may deem proper;

3.      For economic and special damages in an amount unknown at this time, but according to proof at trial;

4.      For non-economic and general damages in an amount unknown at this time, but according to proof at trial;

5.      For punitive damages as allowed by law, including California Civil Code § 3294, and according to proof at trial;

6.      For statutory penalties under Labor Code §§ 203, 226.7, 226.3, 558, 1174.5 and all other applicable statutes or provisions of law;

7.      For civil penalties under Labor Code §§ 2698 *et seq*. and all other applicable statutes or provisions of law;

8.      For reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure § 1021.5, Government Code § 12965 and all other applicable statutes or provisions of law;

9.      For such other and further relief as this Court deems just and proper.

Dated this 15th day of April, 2011        **BAYER & BORLASE**

By:    /s/_____
Heather E. Borlase
Alan B. Bayer
Attorneys for Plaintiff and Putative Class,
MAY MOUA

//

//

//

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff demands trial of all issues by jury.

3

4

Dated this 15th day of April, 2011       **BAYER & BORLASE**

5

6                     By:    /s/_____

                              Heather E. Borlase

7                               Alan B. Bayer

                              Attorneys for Plaintiff and Putative Class,

8                               MAY MOUA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL