IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAY MOUA,<br><br>Plaintiff(s),<br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION, et. al.,<br><br>Defendant(s). | CASE NO. 5:10-cv-01070 EJD<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Docket Item No. 58] |

Plaintiff May Moua ("Plaintiff") originally commenced the instant action for violations of the California Labor Code as a putative class action against Defendants International Business Machines Corporation ("IBM") and Joseph Koenig. See Notice of Removal, Docket Item No. 1, at Ex. A. On April 15, 2011, Plaintiff filed an amended complaint to add Venkatasubramaniam Iyer as an individual defendant and to assert additional Labor Code violations against the already-existing defendants. See Amended Compl., Docket Item No. 45.

After engaging in class discovery, Plaintiff determined the size of the proposed class could not meet the federal requirements for class certification and sought Defendants' consent to file a Second Amended Complaint ("SAC") to remove class allegations, provide additional bases for her wrongful termination claim, and amend her prayer for relief. Since the parties could not reach an agreement, Plaintiff filed the motion presently before the court. See Docket Item No. 58.

Plaintiff seeks an order allowing her to file the SAC. Defendants collectively oppose the motion, arguing that certain of Plaintiff's proposed amendments are inadequate to support a claim

1

Case No. 5:10-cv-01070 EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

under the Private Attorneys General Act ("PAGA"), California Labor Code § 2699, and that such amendments are prejudicial. The court determined this matter was suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the motion hearing. Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Having reviewed this matter in its entirety, Plaintiff's motion will be granted for the reasons discussed below.

## I. LEGAL STANDARD

Although styled as one for leave to file a SAC, this motion is in essence a motion for leave to amend under Federal Rule of Civil Procedure 15.

Ordinarily, leave to amend is granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

In assessing the futility of an amendment, "a court typically applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6)." Stonebrae, L.P. v. Toll Bros., Inc., No. C-08-0221 EMC, 2010 WL 114010, 2010 U.S. Dist. LEXIS 1199, at *3 (N.D. Cal. Jan. 7, 2010) (citing Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002); GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir. 1997)). To survive a 12(b)(6) dismissal motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted); Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. A complaint "does not need detailed

factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Not all of the Rule 15 considerations are created equal; "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing the amendment bears the burden of showing prejudice." In re Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27. 2003) (citing DCD Programs Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)).

## II. DISCUSSION

Here, Defendants argue the motion should be denied because: (1) the proposed amendment is futile for a variety of reasons and (2) the proposed amendment is untimely, prejudicial and sought in bad faith. The court addresses these arguments below.

### A. Futility for Failure to Meet Class Certification Requirements

Defendants' futility argument first turns on whether Plaintiff's PAGA claim can survive once the class action allegations are removed. Defendant contends all PAGA claims must meet the standard for class certification contained in Federal Rule of Civil Procedure 23. On that issue, the court disagrees.

The court begins with a general discussion of the statute. Under PAGA, an "aggrieved employee" may bring a civil action against an employer "on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699(a). If the employee is successful, 75 percent of the penalties recovered go to the Labor and Workforce Development Agency ("LWDA"), and the remaining 25 percent go to the aggrieved employees. Cal. Lab. Code § 2699(I). The California Supreme Court described the purpose of PAGA in Arias v. Superior Court, 46 Cal. 4th 969, 980 (2009):

> The Legislature declared that adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws, that staffing levels for labor law enforcement agencies had declined and were unlikely to keep pace with the future growth of the labor market, and that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts.

3
Case No. 5:10-cv-01070 EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

The Arias Court went on to hold that an "aggrieved employee" suing in a representative capacity under PAGA need not meet class action requirements. 46 Cal. at 975.

Since Arias, district courts in California have struggled with the similar but distinct question of whether Federal Rule of Civil Procedure 23 and its attendant class action requirements apply when PAGA claims appear in federal litigation. The Ninth Circuit has yet to definitively decide this issue. Those courts finding in favor of Rule 23 application rely primarily on a determination that PAGA is a procedural statute rather than one of substantive law.[1] Adams v. Luxottica U.S. Holdings Corp., No. SA CV 07-1465 (MGLx), 2009 WL 7401970, 2009 U.S. Dist. LEXIS 130660, at *16 (C.D. Cal. July 24, 2009); Thompson v. APM Terminals Pacific Ltd., No. C 10-00677 JSW, 2010 WL 6309364, 2010 U.S. Dist. LEXIS 142537, at *5-6 (N.D. Cal. Aug. 26, 2010); Ivey v. Apogen Techs., Inc., No. 11CV366 DMS NLS, 2011 WL 3515936, 2011 U.S. Dist. LEXIS 89432, at *8-9 (C.D. Cal. Aug. 10, 2011).

Under a procedural construction of PAGA, it follows that "'a plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot' meet federal procedural and jurisdictional requirements," (Thompson, 2010 WL 6309364, 2010 U.S. Dist. LEXIS 142537, at *5), since, as Defendants put it, it is "axiomatic" that federal courts apply federal procedural law in diversity cases. Goldberg v. Pacific Indem. Co., 627 F.3d 752, 755 (9th Cir. 2010). These courts have also

---

[1] Notably, in an opinion filed on the same day as Arias, the California Supreme Court held that an action brought under PAGA is not assignable from employees to unions because PAGA does not create a legal obligation or property right. Amalgamated Transit Union, Local 1756, AFL-CIO v. Sup. Ct., 46 Cal. 4th 993, 1003 (2009). The Court wrote:

> The Labor Code Private Attorneys General Act of 2004 does not create property rights or any other substantive rights. Nor does it impose any legal obligations. It is simply a procedural statute allowing an aggrieved employee to recover civil penalties—for Labor Code violations—that otherwise would be sought by state labor law enforcement agencies. As we have held in the past, the right to recover a statutory penalty may not be assigned.

Id.

This case, and particularly the statement detailed above, appears to have contributed to the split in district court decisions.

United States District Court
For the Northern District of California

found that the prudential limitation on Article III standing forecloses a representative PAGA claim in federal court absent satisfaction of the Rule 23 requirements. Adams, 2009 WL 7401970, 2009 U.S. Dist. LEXIS 130660, at *6 ("Having failed to comply with the certification requirements of Rule 23, plaintiffs lack standing to represent the rights and interests of third parties."); Ivey, 2011 WL 3515936, 2011 U.S. Dist. LEXIS 89432, at *8-9.

Other district courts have found PAGA claims exempt from federal class action requirements by focusing on the distinctions between a PAGA *representative action* and a true *class action*. Machado v. M.A.T. & Sons Landscape, Inc., No. 2:09-cv-00459 JAM JFM, 2009 WL 2230788, 2009 U.S. Dist. LEXIS 63414, at *8 (C.D. Cal. July 23, 2009); Mendez v. Tween Brands, Inc., No. 2:10-cv-00072-MCE-DAD, 2010 WL 2650571, 2010 U.S. Dist. LEXIS 66454, at *8 (E.D. Cal. July 1, 2010) (PAGA "is distinct in purpose and function from a procedural rule, such as the method for service of process or formatting a complaint."); Sample v. Big Lots Stores, Inc., No. C 10-03276 SBA, 2010 WL 4939992, 2010 U.S. Dist. LEXIS 131130, at *8 (N.D. Cal. Nov. 30, 2010) ("[A] PAGA claim serves to vindicate the public through the imposition of civil penalties, as opposed to conferring a private benefit upon the plaintiff and the represented employees."); Cardenas v. McLean Food service, Inc., No. SACV 10-473 DOC (FFMx), 2011 WL 379413, 2011 U.S. Dist. LEXIS 13126, at *8 (C.D. Cal. Jan. 31, 2011) ("Because the statute allows "aggrieved employees" to act as private attorneys general, "PAGA plaintiffs do not hold the rights and obligations of a class in their hands.); see also Ochoa-Hernandez v. CJADER Foods, Inc., No. C 08-2073 MHP, 2010 WL 1340777, 2010 U.S. Dist. LEXIS 32774 (N.D. Cal. Apr. 2, 2010) (emphasizing the distinctions between class actions and PAGA claims).[2]

Having reviewed the relevant case law, this court is persuaded to find that PAGA plaintiffs are not required to meet the class action standard contained in Rule 23. As other district courts have observed, PAGA transcends the definition of what is simply procedural. The statute's plain purpose is to protect the public interest through a unique private enforcement process, not to allow a

---

[2] One district court determined that PAGA claims are not required to meet the Rule 23 standard even before the California Supreme Court's decision in Arias. See Hibbs-Rines v. Seagate Techs., LLC, No. C 08-5430 SI, 2009 WL 513496, 2009 U.S. Dist. LEXIS 19283 (N.D. Cal. Mar. 2, 2009).

1  collection of individual plaintiffs to sue the same defendant in one consolidated action for the sake
2  of convenience and efficiency. Comparing PAGA to a statute or rule of procedure which merely
3  directs the fine details of litigation unfairly minimizes this purpose. Moreover, substituting a
4  markedly dissimilar federal process upon removal from state court would transform the PAGA
5  action into something it is not. Indeed, "[t]here are two forms of representative actions: those that
6  are brought as class actions and those that are not." Arias, 46 Cal. 4th at 977 n.2. The California
7  Supreme Court has found that PAGA claims fall into the latter category. Id. at 975. This court will
8  defer to the interpretation of the state's highest court. Cf. Wolfson v. Watts (In re Watts), 298 F.3d
9  1077, 1082 (9th Cir. 2002).

Furthermore, the court shares the concern of one of its contemporaries that "by setting a different procedural standard in federal court, we would encourage forum shopping on the part of defendants, who would seek to remove cases to federal court in order to force plaintiffs to comply with class certification requirements." Mendez, 2010 WL 2650571, 2010 U.S. Dist. LEXIS 66454, at *10. Allowing for that type of forum selection would certainly defeat the purpose of the statute.

Defendants' argument that Plaintiff must meet Rule 23 class certification requirements is rejected.[3]

### B. Futility for Failure to State a Claim or Give Proper Notice to the LWDA

Defendants argue that, in the SAC, "Plaintiff fails even to allege that she is seeking civil penalties on behalf of anyone other than herself; indeed, on the very face of the SAC, she actually disavows a representative action." See Defs.' Mem. of P. & A. in Opp'n, Docket Item No. 60, at 5:14-16.[4] This observation is accurate insofar as Defendants construe the actual text of the SAC, but Defendants overlook information contained in the SAC's attachments. When considering whether plaintiff states a claim, "material which is properly submitted as part of the complaint may be considered." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555, fn. 19

---

[3] The determination that PAGA claims are not class actions renders unnecessary further discussion of Defendants' companion argument based on Article III standing. Mendez, 2010 WL 2650571, 2010 U.S. Dist. LEXIS 66454, at *11, fn.4.

[4] "Plaintiff MOUA brings this action individually on her own behalf." See SAC, at ¶ 1.

6
Case No. 5:10-cv-01070 EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

(9th Cir. 1990). Here, Plaintiff's letter to the LWDA dated August 10, 2011, attached to the SAC as Exhibit 3, provides the names of employees similarly situated to Plaintiff and identifies IBM's alleged violations of the California Labor Code. While it is true that the SAC contains some inartfully plead phrases, the August 10th letter provides information that is much more specific than that found insufficient by other district courts. Cf. Chie v. Reed Elsevier, Inc., No. C-11-1784 (EMC), 2011 WL 387949, 2011 U.S. Dist. LEXIS 99153, at *11-13 (N.D. Cal. Sept. 2, 2011) (finding that allegations which did not identify other aggrieved employees but instead stated they could be ascertained by reviewing defendant's payroll and employment records did not provide adequate notice to defendant); Jeske vs. Maxim Healthcare Servs., Inc., No. CV F 11-1838 LJO JLT, 2012 WL 78242, 2012 U.S. Dist. LEXIS 2963, at *36-37 (E.D. Cal. Jan. 10, 2012) (finding that plaintiff's definition of "aggrieved employees," which included all employees of defendant in California, was overly-broad). Because it provides "fair notice" of the individuals involved and statutes invoked by Plaintiff's PAGA claim, the court finds that the SAC with the August 10th letter attached is adequate to state a claim.

Defendants also contend that the August 10th letter as insufficient to provide notice to the LWDA. For this argument, Defendant relies on California Labor Code § 2699.3(a)(1), which requires an employee to "give written notice...to the [LWDA] and the employer of the specific provisions of [the California Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation" prior to commencing litigation.

While this is certainly a close call, the court finds that the August 10th complies with Labor Code § 2699.3 since it names specific "aggrieved employees" and identifies at least *some* alleged facts and theories. In that regard, the August 10th letter is more similar to the notice at issue in Cardenas v. McLean Foodservice, Inc., 796 F. Supp. 2d 1246, 1259-60 (C.D. Cal. June 23, 2011) (finding sufficient plaintiff's letter to LWDA which provided the names of aggrieved employees and put forth some, but not all, facts supporting violations of the Labor Code), than the one examined in Archila v. KFC U.S. Props., Inc., 420 Fed. App'x. 667, 668 (9th Cir. 2011) (affirming district court's exclusion of cover letter to LWDA which merely listed Labor Code provisions and requested an investigation). While Defendants appear to believe that Plaintiff was required to include specific

7
Case No. 5:10-cv-01070 EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

facts as to each violation, they have not cited any authority supporting such a proposition. For these reasons, the court rejects this argument as well.

### C. Prejudice due to Undue Delay or Bad Faith

Defendants finally argue that the proposed amendment is prejudicial because of undue delay and bad faith. The court disagrees.

In their opposition, Defendants make much of their contention that Plaintiff is raising a representative PAGA claim for the first time through the SAC and that Plaintiff has previously disavowed a representative action in case management statements. But Defendants apparently ignore the fact that Plaintiff has always asserted PAGA in this proceeding, albeit originally as a class action. Thus, although the vehicle used to bring PAGA claim may have changed, the reality is that the SAC raises nothing new. Indeed, Defendants have always known that PAGA was at issue, and cannot reasonably believe that anything written in a case management statement somehow operates as an amendment to the pleadings. Moreover, the court does not - as Defendants do - extrapolate bad faith from amending a claim after it is shown through some discovery that the claim cannot be supported. That type of amendment, which actually operates to streamline the case for all involved, is litigation routine. No prejudice has been shown here.

Ultimately, however, it is the current procedural posture of this case which demonstrates that Defendants will not be prejudiced by the SAC. It is clear from the docket that the parties are still engaged in the discovery process, and information exchanged during the class discovery phase will be relevant to Plaintiff's representative PAGA action.[5] Additionally, pretrial and trial dates have not been set, and summary judgment motions have not been heard. The court can therefore still accommodate the parties should they need additional time to complete their investigation of the case.

Accordingly, the court finds that Defendants have not met their burden to show prejudice sufficient to outweigh the "extreme liberality" with which the court must examine Plaintiff's motion for leave to amend. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Since

---

[5] Due to the pendency of discovery, the court also finds premature Defendants' request for an order precluding claims against "Doe" defendants. The request is denied on that basis.

8
Case No. 5:10-cv-01070 EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

all of Defendant's arguments against amendment are unsuccessful, Plaintiff's motion will be granted.

### III. ORDER

Based on the foregoing, Plaintiff's Motion for Leave to File a Second Amended Complaint is GRANTED. Plaintiff shall file the SAC as a separate docket entry on ECF/PACER forthwith.

**IT IS SO ORDERED.**

Dated: January 31, 2012



EDWARD J. DAVILA
United States District Judge