ALAN B. BAYER (State Bar Number 216706)
HEATHER E. BORLASE (State Bar Number 216729)
BAYER & BORLASE
912 Cole Street, #238
San Francisco, CA  94117
(415) 558-9960
fax (415) 558-9970

Attorneys for Plaintiff and Other Current or Former Employees

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

MAY MOUA, an Individual, on behalf of
herself and other current or former employees,

   Plaintiff,

  vs.

INTERNATIONAL BUSINESS MACHINES
CORPORATION, a California business entity,
form unknown, JOSEPH KOENIG, an
Individual, VENKATASUBRAMANIAM
IYER, an Individual  and DOES 1-199,

   Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: C 10-01070 EJD

**SECOND AMENDED COMPLAINT FOR
DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF AND DEMAND
FOR JURY TRIAL**

1. **FAILURE TO PAY OVERTIME
   WAGES (Labor Code §§ 510 and
   1194, 1194.2)**

2. **FAILURE TO PROVIDE
   ACCURATELY ITEMIZED WAGE
   STATEMENTS (Labor Code § 226)**

3. **FAILURE TO MAINTAIN
   ACCURATE RECORDS OF
   EMPLOYEE WORK HOURS
   (Labor Code §§ 1174, 1174.5)**

4. **FAILURE TO PROVIDE
   STATUTORY MEAL AND REST
   PERIODS  (Labor Code §§ 226.7
   and 512)**

5. **FAILURE TO PAY WAGES UPON
   TERMINATION (Labor Code §§
   201, 202, 203)**

6. **FAILURE TO TIMELY PAY WAGES (Labor Code § 204)**

7. **CIVIL PENALTIES FOR LABOR CODE VIOLATIONS (Labor Code §§ 201, 203, 204, 204.3, 210 226, subd. (a), 226, subd. (e), 226.3, 226.6, 226.7, 510, 512, 558, 1174, subds. (c) and (d), 1174.5, 1198, 2698 *et seq.*)**

8. **PREGNANCY DISCRIMINATION California Constitution, Article 1, § 8)**

9. **DISCRIMINATION (Government Code §§ 12900 *et seq.*)**

10. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

11. **INTERFERENCE WITH RIGHTS UNDER CALIFORNIA FAMILY RIGHTS ACT (Government Code § 12945.2)**

12. **RETALIATION FOR TAKING LEAVE UNDER CALIFORNIA FAMILY RIGHTS ACT (Government Code § 12945.2)**

13. **INTERFERENCE WITH RIGHTS UNDER PREGNANCY DISABILITY LEAVE ACT (Government Code § 12945)**

14. **RETALIATION FOR TAKING PREGNANCY DISABILITY LEAVE (Government Code § 12945)**

15. **UNFAIR BUSINESS PRACTICES (Business & Professions Code §§ 17200 *et seq.*)**

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

2   Plaintiff, MAY MOUA, upon information and belief, alleges the following:

3                              **THE PARTIES**

4   1.      Plaintiff MOUA was employed as an Advisory Software Services Specialist by

5   IBM, INC., in Fresno and San Jose during the relevant period, and worked overtime hours for

6   which she was not compensated at the minimum legal rate of one and one-half or two times her

7   regular rate of compensation.  Plaintiff MOUA also did not receive all meal and rest periods

8   required by law, accurate and itemized wage statements, and all wages due upon termination of

9   her employment.  Plaintiff MOUA is a "person" within the meaning California Business and

10  Professions Code § 17201 and California Labor Code § 18.  Plaintiff MOUA brings this action

11  individually on her own behalf.

12  2.      Upon information and belief, Defendant IBM, INC. is a New York corporation

13  with its principal place of business in New York.

14  3.      Upon information and belief, individual Defendant  JOSEPH KOENIG is a

15  resident of Orange County, California.

16  4.      Upon information and belief, individual Defendant

17  VENKATASUBRAMANIAM IYER is a resident of Santa Clara County, California.

18  5.      Each named and unknown Defendant  against whom this Complaint is brought is

19  a "person" within the meaning of California Business and Professions Code § 17201, IWC Wage

20  Order 4-2001 and Labor Code § 18.

21  6.      Defendants DOES 1 through 199, inclusive, are sued herein under fictitious

22  names.  Their true names and capacities are unknown to Plaintiff.  When their true names and

23  capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and

24  capacities herein.  Plaintiff is informed and believes and thereon alleges that each of the

25  fictitiously-named defendants is responsible in some manner for the occurrences herein alleged,

and that the damages of Plaintiff herein alleged were proximately caused by such defendants. Plaintiff is informed, believes and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

### JURISDICTION AND VENUE

7.     This court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all cases except those given to other trial courts.  The Court also has jurisdiction over certain causes of action pursuant to Business and Professions Code §§ 17203 and 17204, which provide for exclusive jurisdiction for enforcement of this statute in any court of competent jurisdiction.

8.     Venue in this proper under Business & Professions Code § 17203 and California Code of Civil Procedure § 395.5 because some of Defendants' unlawful conduct occurred in this County, Defendants conduct substantial business in this County, some of the transactions at issue took place in this County, and Defendants' liability arise in part in this County.

9.     To the extent the conduct below was perpetrated by certain Defendants, the named Defendants or Defendant confirmed and ratified the same.

10.     Plaintiff is informed and believes and, on that basis alleges, that at all times herein mentioned, each Defendant was the agent, principal and/or employee of each other Defendant in the acts and conduct alleged herein and therefore incurred liability to Plaintiff for the acts alleged below.  Plaintiff is further informed and believes and, on that basis, alleges that at all times herein mentioned, all the Defendants were acting within the course and scope of their employment and/or said agency.

### GENERAL BACKGROUND FACTS

11.     Plaintiffs incorporates by reference in this cause of action each allegation of paragraph 1 through 10, inclusive, as though fully set forth herein.

12.     Plaintiff began working with IBM in March of 2005, as an Advisory Software Services Specialist, Business Process Lead, after IBM acquired her former employer, Corio. During her tenure with the company, she received successive raises and positive performance reviews. At all times, Plaintiff performed her job duties in an exemplary fashion.

13.     Defendants  required Plaintiff to work in excess of eight (8) hours per day and/or forty (40) hours per week.  Defendants failed to pay Plaintiff one and one half her base rate for hours worked in excess of eight (8) in a day, up to twelve (12).  Defendants also failed to pay Plaintiff double-time wages for hours worked in excess of twelve (12) in a day, where applicable.

14.     Defendants misclassified Plaintiff as exempt from California's overtime requirements, paying her on a salary basis, but not providing her with premium overtime or double-time compensation.

15.     Plaintiff  was not at any time relevant to this Complaint an exempt employee and was  at all times relevant entitled to overtime wages.  Plaintiff was not exempt from entitlement to overtime wages under the Professional, Executive, Administrative or Computer Software exemptions contained in the Wage Orders or California Labor Code.  Plaintiff also spent less than 50% of her workdays performing tasks which can be characterized as "exempt" activities.

16.     As a result of the misclassification and/or by paying only a salary without regard for the actual hours worked, Defendants unlawfully and unfairly failed to pay Plaintiff overtime wages for all hours worked in excess of eight in a day and forty in a week, as well as double-time wages for hours worked in excess of twelve in a day and after the eighth hour on the seventh consecutive day of work, where applicable.

17.     Defendants failed to provide Plaintiff with accurate, itemized wage statements for each pay period reflecting the actual number of hours worked and all rates of pay earned.

18.     Defendants failed to provide Plaintiff with all meal periods, failed to authorize and permit all rest periods during each workday, and failed to pay an additional hour of premium pay for each missed meal and rest period.

19.     Defendants failed to pay Plaintiff with all wages due at the time the employment relationship ended.

20.     On June 15, 2009, Plaintiff was informed (while on pregnancy leave), that she would be laid off on July 29, 2009 if she did not find another position within the company before her layoff date. She was denied the opportunity to take her full leave under the California Family Rights Act and/or the Pregnancy Disability Leave Act and her paid bonding leave when the company required her to return to work early, on June 30, 2009, so that the company could give her the one month notice which was required for employees affected in a resource action. She was told that during her one month she could look for another position in IBM.  Having not been able to find a replacement position, Ms. Moua's last day of employment with IBM was July 29, 2009.

## ADMINISTRATIVE EXHAUSTION

21.     Plaintiff filed notice of Defendants'  violations of the Labor Code with the Labor Workforce & Development Agency on October 1, 2009.  A copy of plaintiff's notice is attached hereto as "Exhibit 1".  The Agency issued a letter on November 24, 2009, notifying Plaintiff that they did not intend to investigate her allegations. A copy of the Agency's declination to investigate is hereto attached as "Exhibit 2"

22.     Plaintiff filed an amended notice of Defendants' violations of the Labor Code with the Labor Workforce & Development Agency on August 10, 2011.  A copy of Plaintiff's amended notice is attached hereto as "Exhibit 3".  The Agency did not provide notice that it intended to investigate Plaintiff's allegations within 33 days of the postmark date of Plaintiff's amended notice.

23.     Plaintiff filed a complaint of discrimination regarding Defendant's actions with the California Department of Fair Employment and Housing on September 23, 2009.  Plaintiff received a "right to sue" letter from the Department on September 23, 2009.  Plaintiff filed the instant lawsuit within one year from the issuance of the "right to sue" letter.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**(Wage Order No. 4-2001; California Labor Code §§ 510, 1194, 1194.2)**
**[Against IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER and DOES 1-199, INCLUSIVE]**

24.     Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 23 inclusive, as though fully set forth herein.

25.     At all times relevant herein, Defendants were required to compensate Plaintiff for all hours worked between eight (8) and twelve (12) in a day and over forty in a week at an overtime rate of time and a half her  base rate of pay.

26.     At all times relevant herein, Defendants were required to compensate Plaintiff for all hours worked over twelve in a day at an overtime rate of two times her regular rate of pay.

27.     Defendants' policy and practice of (1) refusing to pay Plaintiff at the rate of one and one half times her base rate of pay; and (2) refusing to pay Plaintiff at the rate of twice her base rate of pay, have all resulted in Defendants'  failure to pay required overtime wages to Plaintiff in violation of Labor Code §§ 510 and 1194, and IWC Wage Order 4-2001.

28.     Defendants' acts and omissions as alleged herein were willful, in bad faith, and without reasonable grounds for believing that the acts or omissions were not a violation of state law.

29.     As a result of Defendants' ' conduct, Plaintiff  is entitled to recover unpaid minimum and overtime wages pursuant to Labor Code § 1194, liquidated damages pursuant to Labor Code § 1194.2, plus reasonable attorney's fees and costs of suit.

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

30.     In addition, the unlawful acts of Defendants described herein constitute unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq.,* and Plaintiff seeks civil penalties, restitution, interest and injunctive relief to end those practices.

31.     WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
### (Labor Code § 226)
### [Against IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER and DOES 1-199, INCLUSIVE]

32.     Plaintiff incorporates by reference in this cause of action each allegation each allegation of paragraph 1 through 31 inclusive, as though fully set forth herein.

33.     Labor Code § 226 requires that for each employee, employers keep accurate records of, *inter alia*, the hours worked, rates of pay, and number of hours worked at each of pay, as well as all deductions made from the employee's pay.

34.     Labor Code § 226 also requires that each employee be provided an itemized wage statement showing, *inter alia*, all hours worked and rates of pay earned b y each employee for each pay period.

35.     Defendants have failed to keep such records by failing to record accurately all actual hours worked by Plaintiff, and have failed to provide itemized wage statements showing this information, and Plaintiff has been injured in that she  will now be required to estimate by recollection the number of hours worked in order to recover all monies owed to her .

36.     Labor Code § 226(e) provides a statutory civil penalty in the amount of $50 per employee for the initial violation, and $100 per employee for each subsequent violation (up to a cap of $4,000 per employee). Plaintiff seeks to recover this penalty from January 11, 2006 to the resolution of this litigation.

37.     Because Defendants acted willfully and purposefully in failing to maintain accurate records and provide itemized wage statements showing the required information, Defendants are guilty of malice, fraud and/or oppression in violation of California Civil Code § 3294.  Plaintiff seeks exemplary damages pursuant to Civil Code § 3294 in an amount to be determined at trial.

38.     In addition, the unlawful acts of Defendants described herein constitute unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq*., and Plaintiff seeks civil penalties, restitution, interest and injunctive relief to end those practices.

39.     Enforcement of Plaintiff 's rights, as well as ending the unlawful and unfair business practices of Defendants, serves to protect important interests of the public.  It would be unjust to require the representative Plaintiff to pay for attorneys' fees and costs out of their recovery (particularly where that recovery represents unlawfully withheld income).  Therefore, Plaintiff also seeks to recover attorneys' fees and costs under California Code of Civil Procedure § 1021.5 and Labor Code §§ 226(g) and 218.5.

40.     WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### FAILURE TO MAINTAIN ACCURATE RECORDS OF EMPLOYEE WORK HOURS
### (CALIFORNIA LABOR CODE §§ 1174, 1174.5, IWC Wage Order 4-2001)
### [Against IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER and DOES 1-199, INCLUSIVE]

41.     Plaintiff incorporates by reference in this cause of action each allegation each allegation of paragraph 1 through 41 inclusive, as though fully set forth herein.

42.     California Labor Code § 1174 states:

Every person employing labor in this state shall:

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

"(a) Furnish to the commission, at its request, reports or information that the commission requires to carry out this chapter. The reports and information shall be verified if required by the commission or any member thereof.

(b) Allow any member of the commission or the employees of the Division of Labor Standards Enforcement free access to the place of business or employment of the person to secure any information or make any investigation that they are authorized by this chapter to ascertain or make. The commission may inspect or make excerpts, relating to the employment of employees, from the books, reports, contracts, payrolls, documents, or papers of the person.

(c) Keep a record showing the names and addresses of all employees employed and the ages of all minors.

(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years."

43.    Industrial Welfare Commission (IWC) Wage Order 4-2001 subsection 7 states:

"RECORDS

(A) Every employer shall keep accurate information with respect to each employee including the following:
(1)  Full name, home address, occupation, and social security number.
(2) Birth date, if under 18 years, and designation as a minor.
(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded.  Meal periods during which operations cease and authorized rest periods need not be recorded.
(4)  Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.
(5) Total hours worked in the payroll period and applicable rates of pay.  This information shall be made readily available to the employee upon reasonable request.
(6)  When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees.  An accurate production record shall be maintained by the employer.
(B)  Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.
(C)  All required records shall be kept in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  An employee's records shall be available for inspection by the employee upon reasonable request.
(D)  Clocks shall be provided in all major work areas or within reasonable distance thereto insofar as practicable."

44.     Defendants  failed to maintain records, as required by California Labor Code § 1174 and IWC Wage Order 4-2001, subsection 7.

45.     As a result of Defendants'  violation of Labor Code § 1174, Plaintiff is entitled to a statutory penalty of $500, as provided in Labor Code § 1174.5.

46.     Plaintiff was required to retain attorneys for the purpose of bringing this action and is entitled to an award of attorney's fees and prejudgment interest pursuant to Labor Code § 1194, subdivision (a), Code of Civil Procedure § 1021.5 and other applicable law, as well as costs of suit.

47.     In addition, the unlawful acts of Defendants described herein constitute unfair business practices in violation of California Business & Professions Code §§ 17200 et seq., and Plaintiff seeks civil penalties, restitution, interest and injunctive relief to end those practices.

48.     WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE STATUTORY MEAL AND REST PERIODS
### (Labor Code §§ 226.7, 512, Wage Order No. 4-2001)
### [Against IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER and DOES 1-199, INCLUSIVE]

49.     Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 48 inclusive, as though fully set forth herein.

50.     California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order,

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

and provides that an employer which fails to authorize and permit an employee with a required

rest break or to provide a meal period shall pay that employee one additional hour of pay at the

employee's regular rate of compensation for each work day that the meal or rest period is

missed.  .

51.     California Labor Code § 512 prohibits an employer from employing an employee

for a work period of more than five hours per day without providing the employee with a meal

period of not less than 30 minutes, or for a work period of more than 10 hours per day without

providing the employee with a second meal period of not less than 30 minutes.

52.     Section 11 of Wage Order No. 4-2001 provides in relevant part that:

> No employer shall employ any person for a work period of more than five (5)
> hours without a meal period of not less than 30 minutes, except that when a work
> period of not more than six (6) hours will complete the day's work the meal period
> may be waived by mutual consent of the employer and the employee. Unless the
> employee is relieved of all duty during a 30-minute meal period, the meal period
> shall be considered an "on duty" meal period and counted as time worked. An "on
> duty" meal period shall be permitted only when the nature of the work prevents an
> employee from being relieved of all duty and when by written agreement between
> the parties an on-the-job paid meal period is agreed to. The written agreement
> shall state that the employee may, in writing, revoke the agreement at any time.

> If an employer fails to provide an employee a meal period in accordance with the
> applicable provisions of this order, the employer shall pay the employee one (1)
> hour of pay at the employee's regular rate of compensation for each workday that
> the meal period is not provided.

53.     Section 12 of Wage Order No. 4-2001 provides in relevant part that:

> (A) Every employer shall authorize and permit all employees to take rest periods,
> which insofar as practicable shall be in the middle of each work period. The
> authorized rest period time shall be based on the total hours worked daily at the
> rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.
> However, a rest period need not be authorized for employees whose total daily
> work time is less than three and one-half (31/2) hours. Authorized rest period
> time shall be counted as hours worked for which there shall be no deduction from
> wages.

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

54.     As alleged herein, Plaintiff was not provided a relieved and uninterrupted thirty (30) minute meal period for every five (5) hours of work performed, and that Plaintiff did not waive any meal periods.  Nor was she  provided with the opportunity to take rest breaks in accordance with California law.

55.     In addition, the unlawful acts of Defendants described herein constitute unfair business practices in violation of California Business & Professions Code §§ 17200 et seq., and Plaintiff seeks civil penalties, restitution, interest and injunctive relief to end those practices.

56.     Plaintiff seeks to recover the additional hour of premium pay required by Labor Code § 226.7 for each missed meal and rest period from January 11, 2006 to the resolution of this litigation, and seeks attorneys fees  pursuant to Labor Code § 218.5 as well as Code of Civil Procedure § 1021.5.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES UPON TERMINATION**
**(California Labor Code §§ 201, 202, 203)**
**[Against IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER and DOES 1-199, INCLUSIVE]**

57.     Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 56 inclusive, as though fully set forth herein.

58.     During the relevant time period, Plaintiff was employed by and thereafter terminated by Defendants.  Defendants, however, did not pay Plaintiff all compensation owed to her as a result of the unlawful policies and practices alleged herein.

59.     Pursuant to Labor Code §§ 201, 202 and 203, Plaintiff is entitled to waiting time penalties for not having been paid overtime and other premium compensation upon her separation from employment.  Plaintiff herein seeks to recover these waiting time penalties.

60.     In addition, the unlawful acts of Defendants described herein constitute unfair business practices in violation of California Business & Professions Code §§ 17200 et seq., and Plaintiff seeks civil penalties, restitution, interest and injunctive relief to end those practices.

61.     WHEREFORE, Plaintiff prays for relief as set forth below.

**SIXTH CAUSE OF ACTION**
**FAILURE TO TIMELY PAY WAGES**
**(Labor Code § 204)**
**[Against IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER and DOES 1-199, INCLUSIVE]**

62.     Plaintiff incorporates by reference in this cause of action each allegation of paragraph 1 through 61, inclusive, as though fully set forth herein.

63.     California Labor Code § 204 provides:

"(a) All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. However, salaries of executive, administrative, and professional employees of employers covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act, as amended through March 1, 1969, in Part 541 of Title 29 of the Code of Federal Regulations, as that part now reads or may be amended to read at any time hereafter, may be paid once a month on or before the 26th day of the month during which the labor was performed if the entire month's salaries, including the unearned portion between the date of payment and the last day of the month, are paid at that time.

(b)

(1) Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

(2) An employer is in compliance with the requirements of subdivision (a) of Section 226 relating to total hours worked by the employee, if hours worked in

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

excess of the normal work period during the current pay period are itemized as corrections on the paystub for the next regular pay period. Any corrections set out in a subsequently issued paystub shall state the inclusive dates of the pay period for which the employer is correcting its initial report of hours worked.

(c) However, when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees.

(d) The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period."

64.     Defendants did not pay Plaintiff in accordance with the requirements of Labor Code § 204, subdivision (a).  Defendants did not avail themselves of the safe harbor provided by Labor Code § 204, subdivision (b), in that it failed to correct its violations in subsequent pay periods.

65.     Because Defendants acted willfully, and with the intent to harm Plaintiff by purposefully failing to pay her in accordance with the time limits set forth in Labor Code § 204, subdivision (a), Defendants are guilty of malice, fraud and/or oppression in violation of California Civil Code § 3294.  Plaintiff seeks exemplary damages pursuant to Civil Code § 3294 in an amount to be determined at trial.

66.     In addition, the unlawful acts of Defendants described herein constitute unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq*., and Plaintiff seeks civil penalties, restitution, interest and injunctive relief to end those practices.

67.     Enforcement of Plaintiff's right, as well as ending the unlawful and unfair business practices of Defendants, serves to protect important interests of the public.  It would be unjust to require the Plaintiff to pay for attorneys' fees and costs out of her recovery (particularly where that recovery represents unlawfully withheld income).  Therefore, Plaintiff also seeks to

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

recover attorneys' fees and costs under California Code of Civil Procedure § 1025.1 and Labor

Code § 1194, and interest on the unpaid wages pursuant to Labor Code § 218.

68.     WHEREFORE, Plaintiff prays for relief as set forth below.

**SEVENTH CAUSE OF ACTION**
**CIVIL PENALTIES FOR LABOR CODE VIOLATIONS (Labor Code §§ 201, 203, 204,**
**204.3, 210, 226, subd. (a), 226, subd. (e), 226.3, 226.6, 226.7, 510, 512, 558, 1174, subds. (c)**
**and (d), 1174.5, 1198, 2698 *et seq*.)**
**[Against Defendants IBM, INC., JOSEPH KOENIG, VENKATASUBRAMANIAM IYER**
**and DOES 1-199, inclusive)**

69.     Plaintiff incorporates by reference in this cause of action each allegation of

paragraph 1 through 68, inclusive, as though fully set forth herein.

70.     California Labor Code § 2966 provides in relevant part that:

> (a)Notwithstanding any other provisions of law, any provision of [the California
> Labor Code] that provides for a civil penalty to be assessed and collected by the
> Labor and Workforce Development Agency or any of its departments, divisions,
> commissions, boards, Agencies or employees, for a violation of [the Labor Code],
> may, as an alternative, be recovered through a civil action brought by an
> aggrieved employee on behalf of himself or herself and other current or former
> employees…(e) For all provisions of this code except those for which a civil
> penalty is specifically provided, there is established a civil penalty for a violation
> of these provisions, as follows: ….(2) If at the time of the alleged violation, the
> person employs one or more employees, the civil penalty is one hundred dollars
> ($100) for each aggrieved employee per pay period for the initial violation, and
> two hundred dollars ($200) for each aggrieved employee per pay period for each
> subsequent violation.

> (b) For purposes of this part, "person" has the same meaning as defined in Section
> 18.

> (c) For purposes of this part, "aggrieved employee" means any person who was
> employed by the alleged violator and against whom one or more of the alleged
> violations was committed.
> (d) For purposes of this part, "cure" means that the employer abates each violation
> alleged by any aggrieved employee, the employer is in compliance with the
> underlying statutes as specified in the notice required by this part, and any
> aggrieved employee is made whole.

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

(e)

 (1) For purposes of this part, whenever the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards, agencies, or employees, has discretion to assess a civil penalty, a court is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

 (2) In any action by an aggrieved employee seeking recovery of a civil penalty available under subdivision (a) or (f), a court may award a lesser amount than the maximum civil penalty amount specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory.

(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows:

 (1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500).

 (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

 (3) If the alleged violation is a failure to act by the Labor and Workplace Development Agency, or any of its departments, divisions, commissions, boards, agencies, or employees, there shall be no civil penalty.

(g)

 (1) Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

 (2) No action shall be brought under this part for any violation of a posting, notice, agency reporting, or filing requirement of this code, except where the filing or reporting requirement involves mandatory payroll or workplace injury reporting.

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

(h) No action may be brought under this section by an aggrieved employee if the agency or any of its departments, divisions, commissions, boards, agencies, or employees, on the same facts and theories, cites a person within the timeframes set forth in Section 2699.3 for a violation of the same section or sections of the Labor Code under which the aggrieved employee is attempting to recover a civil penalty on behalf of himself or herself or others or initiates a proceeding pursuant to Section 98.3.

(i) Except as provided in subdivision (j), civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the Labor and Workforce Development Agency for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code, to be continuously appropriated to supplement and not supplant the funding to the agency for those purposes; and 25 percent to the aggrieved employees.

(j) Civil penalties recovered under paragraph (1) of subdivision (f) shall be distributed to the Labor and Workforce Development Agency for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code, to be continuously appropriated to supplement and not supplant the funding to the agency for those purposes.

(k) Nothing contained in this part is intended to alter or otherwise affect the exclusive remedy provided by the workers' compensation provisions of this code for liability against an employer for the compensation for any injury to or death of an employee arising out of and in the course of employment.

(l) The superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part.

(m) This section shall not apply to the recovery of administrative and civil penalties in connection with the workers' compensation law as contained in Division 1 (commencing with Section 50) and Division 4 (commencing with Section 3200), including, but not limited to, Sections 129.5 and 132a.

(n) The agency or any of its departments, divisions, commissions, boards, or agencies may promulgate regulations to implement the provisions of this part.

71.     California Labor Code §2699.3 provides, in relevant part:

(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

(1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

(2)

(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

(B) If the agency intends to investigate the alleged violation, it shall notify the employer and the aggrieved employee or representative by certified mail of its decision within 33 calendar days of the postmark date of the notice received pursuant to paragraph (1). Within 120 calendar days of that decision, the agency may investigate the alleged violation and issue any appropriate citation. If the agency determines that no citation will be issued, it shall notify the employer and aggrieved employee of that decision within five business days thereof by certified mail. Upon receipt of that notice or if no citation is issued by the agency within the 158-day period prescribed by subparagraph (A) and this subparagraph or if the agency fails to provide timely or any notification, the aggrieved employee may commence a civil action pursuant to Section 2699.

(C) Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part.

(b) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision of Division 5 (commencing with Section 6300) other than those listed in Section 2699.5 shall commence only after the following requirements have been met:

(1) The aggrieved employee or representative shall give notice by certified mail to the Division of Occupational Safety and Health and the employer, with a copy to the Labor and Workforce Development Agency, of the specific provisions of Division 5 (commencing with Section 6300) alleged to have been violated, including the facts and theories to support the alleged violation.

(2)

(A) The division shall inspect or investigate the alleged violation pursuant to the procedures specified in Division 5 (commencing with Section 6300).

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

(i) If the division issues a citation, the employee may not commence an action pursuant to Section 2699. The division shall notify the aggrieved employee and employer in writing within 14 calendar days of certifying that the employer has corrected the violation.

(ii) If by the end of the period for inspection or investigation provided for in Section 6317, the division fails to issue a citation and the aggrieved employee disputes that decision, the employee may challenge that decision in the superior court. In such an action, the superior court shall follow precedents of the Occupational Safety and Health Appeals Board. If the court finds that the division should have issued a citation and orders the division to issue a citation, then the aggrieved employee may not commence a civil action pursuant to Section 2699.

(iii) A complaint in superior court alleging a violation of Division 5 (commencing with Section 6300) other than those listed in Section 2699.5 shall include therewith a copy of the notice of violation provided to the division and employer pursuant to paragraph (1).

(iv) The superior court shall not dismiss the action for nonmaterial differences in facts or theories between those contained in the notice of violation provided to the division and employer pursuant to paragraph (1) and the complaint filed with the court.

(B) If the division fails to inspect or investigate the alleged violation as provided by Section 6309, the provisions of subdivision (c) shall apply to the determination of the alleged violation.
(3)

(A) Nothing in this subdivision shall be construed to alter the authority of the division to permit long-term abatement periods or to enter into memoranda of understanding or joint agreements with employers in the case of long-term abatement issues.

(B) Nothing in this subdivision shall be construed to authorize an employee to file a notice or to commence a civil action pursuant to Section 2699 during the period that an employer has voluntarily entered into consultation with the division to ameliorate a condition in that particular worksite.

(C) An employer who has been provided notice pursuant to this section may not then enter into consultation with the division in order to avoid an action under this section.

(4) The superior court shall review and approve any proposed settlement of alleged violations of the provisions of Division 5 (commencing with Section 6300) to ensure that the settlement provisions are at least as effective as the

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

protections or remedies provided by state and federal law or regulation for the alleged violation. The provisions of the settlement relating to health and safety laws shall be submitted to the division at the same time that they are submitted to the court. This requirement shall be construed to authorize and permit the division to comment on those settlement provisions, and the court shall grant the division's commentary the appropriate weight.

(c) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall commence only after the following requirements have been met:

 (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

 (2)

  (A) The employer may cure the alleged violation within 33 calendar days of the postmark date of the notice. The employer shall give written notice by certified mail within that period of time to the aggrieved employee or representative and the agency if the alleged violation is cured, including a description of actions taken, and no civil action pursuant to Section 2699 may commence. If the alleged violation is not cured within the 33-day period, the employee may commence a civil action pursuant to Section 2699.

  (B) No employer may avail himself or herself of the notice and cure provisions of this subdivision more than three times in a 12-month period for the same violation or violations contained in the notice, regardless of the location of the worksite.

 (3) If the aggrieved employee disputes that the alleged violation has been cured, the aggrieved employee or representative shall provide written notice by certified mail, including specified grounds to support that dispute, to the employer and the agency. Within 17 calendar days of the postmark date of that notice, the agency shall review the actions taken by the employer to cure the alleged violation, and provide written notice of its decision by certified mail to the aggrieved employee and the employer. The agency may grant the employer three additional business days to cure the alleged violation. If the agency determines that the alleged violation has not been cured or if the agency fails to provide timely or any notification, the employee may proceed with the civil action pursuant to Section 2699. If the agency determines that the alleged violation has been cured, but the employee still disagrees, the employee may appeal that determination to the superior court.

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

(d) The periods specified in this section are not counted as part of the time limited for the commencement of the civil action to recover penalties under this part.

72.     California Labor Code § 2699.5 provides:

The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of, and subdivision (e) of, Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.7.

73.     Plaintiff seeks penalties for Defendants' conduct as alleged herein as permitted by law.  Specifically, Plaintiffs seek penalties under Labor Code § 2699(a) for:

        a.      Violations of Labor Code §201 (failure to pay wages immediately at the time of discharge);

        b.      Violations of Labor Code §203 (willful failure to pay discharged or quitting employees wages):

        c.      Violations of Labor Code §204 (failure to timely pay wages);

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

d.      Violations of Labor Code §204.3 (failure to properly compensate time off in lieu of overtime compensation);

e.      Violations of Labor Code §210 (civil penalty for violation of Labor Code §204);

f.      Violations of Labor Code §226(a) (failure to issue accurately itemized wage statements);

g.      Violations of Labor Code §226(e) (statutory penalty for violations of Labor Code §226);

h.      Violations of Labor Code §226.3 (civil penalties for violations of Labor Code §226);

i.      Violations of Labor Code §226.6 (additional fine for violations of Labor Code §226);

j.      Violations of Labor Code §226.7 (failure to provide meal or rest periods);

k.      Violations of Labor Code §510 (failure to pay overtime wages);

l.      Violations of Labor Code §512 (failure to pay premium wages for failing to provide meal and rest periods);

m.      Violations of Labor Code §558 (civil penalties for violations of Labor Code §§510 and 512);

n       Violations of Labor Code §1174, subd. (c) and (d) (failure to maintain records);

o.      Violations of Labor Code §1174.5 (civil penalty for violations of Labor Code §1174);

p.      Violations of Industrial Welfare Commission Wage Order No. 4-2001, Sections 11 and 12 (meal and rest period requirements) and Labor Code §1198.

74.      In addition, the unlawful acts of Defendants described herein constitute unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq.,* and Plaintiff seeks civil penalties, restitution, interest and injunctive relief to end those practices.

75.     WHEREFORE, Plaintiff prays for relief as set forth below.

**EIGHTH CAUSE OF ACTION**
**PREGNANCY DISCRIMINATION**
**(CALIFORNIA CONSTITUTION ARTICLE 1, § 8)**
**[Against IBM, INC. and DOES 1-199, INCLUSIVE]**

76.     Plaintiff incorporates by reference in this cause of action each allegation of paragraph 1 through 75, inclusive, as though fully set forth herein.

77.     At all times mentioned, Article 1, § 8 of the California Constitution was in full force and effect and binding on Defendants  IBM, INC. and DOES 1-199  This article requires Defendants to refrain from discriminating against any employee on the basis of sex, including on the basis of pregnancy, including without limitation, demoting an employee, reducing an employee's hours without consent of the employee, reducing the salary of the employee without consent of the employee or discharging an employee from employment.

78.     The act of Defendants, in discharging Plaintiff, as described more fully above, constitutes discrimination against Plaintiff on the basis of pregnancy in violation of Article 1, § 8 of the California Constitution.

79.     As a proximate result of Defendants'  willful, knowing and intentional acts of discrimination against Plaintiff, she has suffered and continues to suffer substantial losses, including lost earnings and other employment benefits.  Plaintiff has also suffered and continues to suffer embarrassment, humiliation, mental anguish and other emotional distress, all to her damage in an amount to be proven at the time of trial.

80.     In doing the things herein alleged, Defendants were  guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Defendants, said employees were employed by Defendants with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Defendants authorized or ratified the wrongful conduct; or there was advance knowledge,

conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of

an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and

81.     As a result of Defendants' discriminatory acts alleged herein, Plaintiff is entitled

to reasonable attorney's fees and costs of suit as provided by the private attorney general

doctrine (Code of Civil Procedure § 1021.5) and other applicable law, as well as costs of suit.

82.     WHEREFORE, Plaintiff prays for relief as set forth below.

### NINTH CAUSE OF ACTION
### DISCRIMINATION
### Government Code §§ 12900 *et seq.*
### [Against IBM, INC. and DOES 1-199, INCLUSIVE]

83.     Plaintiff incorporates by reference in this cause of action each allegation of

paragraph 1 through 82, inclusive, as though fully set forth herein.

84.     At all times mentioned, California Government Code §§ 12900 *et seq.* (the

California Fair Employment and Housing Act) was in full force and effect and binding on

Defendants.  This statute requires Defendants to refrain from discriminating against any

employee on the basis of pregnancy, including without limitation: demoting an employee,

reducing an employee's hours without consent of the employee, reducing the salary of the

employee without consent of the employee or discharging any employee from employment.

85.     The acts of Defendants  in discharging Plaintiff, as described more fully above,

constitute discrimination against Plaintiff on the basis of pregnancy in violation of California

Government Code §§ 12900 *et seq.*

86.     Within the time provided by law, Plaintiff filed charges with the California

Department of Fair Employment and Housing (hereinafter referred to as the "DFEH"), alleging

pregnancy discrimination against Defendants  in full compliance with the relevant provisions of

law, and obtained a Right to Sue notice.  This action has been brought within one year from the date upon which Plaintiff received her Right to Sue notice from DFEH.

87.    As a proximate result of Defendants'  willful, knowing and intentional acts of discrimination against Plaintiff, she has suffered and continues to suffer substantial losses, including lost earnings and other employment benefits.  Plaintiff has also suffered and continues to suffer anxiety, embarrassment, humiliation, mental anguish and other emotional distress, all to her damage in an amount to be proven at the time of trial.

88.    In doing the things herein alleged, Defendants  were  guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Defendants , said employees were employed by Defendants with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Defendants authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and punitive damages.

89.    As a result of Defendants' discriminatory acts alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided by California Government Code § 12965(b) and Code of Civil Procedure § 1021.5 and other applicable law, as well as costs of suit.

90.    WHEREFORE, Plaintiff prays for relief as set forth below.

### TENTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### [Against IBM, INC. and DOES 1-199, INCLUSIVE]

91.    Plaintiff incorporates by reference in this cause of action each allegation of paragraph 1 through 90, inclusive, as though fully set forth herein.

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

92.     Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.

93.     Plaintiff is informed and believes, and based thereon alleges, that Defendants terminated her employment for reasons that violate the public policy of the State of California. Said actions violate the following statutes that affect society at large.

a.     The California Constitution, which prohibits discrimination in employment based on gender.

b.     *Badih v. Myers* (1995) 36 Cal.App.4th 1289, 1293-1294.

c.     The Unruh Civil Rights Act, Civil Code § 51, which reads:

"(b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

d.     California Business and Professions Code §§ 17200 *et seq.*, which prohibits any unlawful, unfair or fraudulent business act or practice.

e.     The California Fair Employment and Housing Act, Government Code §§ 12900 *et seq.*

f.     The Pregnancy Disability Leave Act, Government Code § 12945.

g.     The California Family Rights Act, Government Code §12945.2.

h.     All other state and federal statutes, regulations, administrative orders and ordinances that affect society at large, and that discovery will reveal were violated by Defendants.

94.     Plaintiff alleges that Defendants violated articulated, fundamental public policies, affecting society at large, by violating the statutes described above.

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

95.     As a direct, foreseeable, and proximate result of the actions of Defendants  as described, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits and other employment benefits she would have received from Defendants  all to the Plaintiff's damage, in an amount unknown at this time but to be established at the time of trial.

96.     In doing the things herein alleged, Defendants were guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Defendants, said employees were employed by Defendants with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Defendants  authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and punitive damages.

97.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code § 1021.5).

98.     WHEREFORE, Plaintiff prays for relief as set forth below.

**ELEVENTH CAUSE OF ACTION**
**INTERFERENCE WITH RIGHTS UNDER THE CALIFORNIA FAMILY RIGHTS ACT**
**(Government Code § 12945.2)**
**[Against IBM, INC. and DOES 1-199, INCLUSIVE]**

99.     Plaintiff incorporates by reference in this cause of action each allegation of paragraph 1 through 98, inclusive, as though fully set forth herein.

100.     California Government Code § 12945.2, known as the California Family Rights Act ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" for the birth of a child, among other reasons.

101.    Plaintiff took a protected leave under CFRA for the birth of her child, but was not reinstated to the same position or a comparable position upon her return from the absence. Instead, she was informed that she was to be laid off and required to return to work for 30 days to look for another position if she did not wish the layoff to take effect immediately.

102.    Defendants' 's actions constitute interference with the rights provided by Government Code § 12945.2.

103.    As a proximate result of Defendants' conduct, Plaintiff has lost salary and other employment-related benefits.

104.    As a further and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to her damage in an amount unknown at this time, but according to proof at the time of trial.

105.    As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue her legal rights, to her damage, in an amount unknown at this time but according to proof at the time of trial.

106.    In doing the things herein alleged, Defendants' were guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Defendants , said employees were employed by Defendants with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Defendants authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and punitive damages.

107.    WHEREFORE, Plaintiff prays for relief as set forth below.

//

//

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- 29 -

## TWELFTH CAUSE OF ACTION
### RETALIATION FOR TAKING LEAVE UNDER CALIFORNIA FAMILY RIGHTS ACT
### (Government Code § 12945.2)
### [Against IBM, INC. and DOES 1-199, INCLUSIVE]

108.    Plaintiff incorporates by reference in this cause of action each allegation of paragraph 1 through 107, inclusive, as though fully set forth herein.

109.    California Government Code § 12945.2, known as the California Family Rights Act ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" for the birth of a child, among other reasons.

110.    Plaintiff took a protected leave under CFRA for the birth of her child , but was not reinstated to the same position or a comparable position upon her return from the absence. Instead, she was informed that she was to be laid off and required to return to work for 30 days to look for another position if she did not wish the layoff to take effect immediately.

111.    Defendants'  actions constitutes retaliation against Plaintiff for requesting and taking a protected leave under Government Code § 12945.2.

112.    As a proximate result of Defendants'  conduct, Plaintiff has lost salary and other employment-related benefits.

113.    As a further and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to her damage in an amount unknown at this time, but according to proof at the time of trial.

114.    As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue her legal rights, to her damage, in an amount unknown at this time but according to proof at the time of trial.

115.    In doing the things herein alleged, Defendants  were  guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Defendants , said employees were employed by Defendants with advance knowledge of the unfitness of the

1  employees and they were employed with a conscious disregard for the rights of others; or

2  Defendants  authorized or ratified the wrongful conduct; or there was advance knowledge,

3  conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of

4  an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and

5  punitive damages.

6      116.    WHEREFORE, Plaintiff prays for relief as set forth below.

7
                          **THIRTEENTH CAUSE OF ACTION**
8  **INTERFERENCE WITH RIGHTS UNDER PREGNANCY DISABILITY LEAVE ACT**
                          **(Government Code § 12945)**
9                   **[Against IBM, INC. and DOES 1-199, INCLUSIVE]**

10     117.    Plaintiff incorporates by reference in this cause of action each allegation of

11  paragraph 1 through 116, inclusive, as though fully set forth herein.

12     118.    California Government Code § 12945 provides for a woman disabled by

13  pregnancy, childbirth or other related medical conditions to take a leave of absence from work

14  for a reasonable period of time not to exceed four months.

15     119.    Plaintiff requested a protected leave under Government Code § 12945, but was

16  not reinstated to the same position or a comparable position upon her return from absence.

17  Instead, she was informed that she was to be laid off and required to return to work for 30 days

18  to look for another position if she did not wish the layoff to take effect immediately.

19     120.    Defendants' actions constitute violations of Government Code § 12945.

20     121.    As a proximate result of Defendants  conduct, Plaintiff has lost salary and other

21  employment-related benefits.

22     122.    As a further and proximate result of Defendants' conduct, Plaintiff has suffered

23  and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to her

24  damage in an amount unknown at this time, but according to proof at the time of trial.

25

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

123.     As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue her legal rights, to her damage, in an amount unknown at this time but according to proof at the time of trial.

124.     In doing the things herein alleged, Defendants were  guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Defendants  ,said employees were employed by Defendants with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Defendants authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and punitive damages.

125.     WHEREFORE, Plaintiff prays for relief as set forth below.

### FOURTEENTH CAUSE OF ACTION
### RETALIATION FOR TAKING LEAVE UNDER PREGNANCY DISABILITY LEAVE
### (Government Code § 12945)
### [Against IBM, INC. and DOES 1-199, INCLUSIVE]

126.     Plaintiff incorporates by reference in this cause of action each allegation of paragraph 1 through 125, inclusive, as though fully set forth herein.

127.     California Government Code § 12945 provides for a woman disabled by pregnancy, childbirth or other related medical conditions to take a leave of absence from work for a reasonable period of time not to exceed four months.

128.     Plaintiff requested a protected leave under Government Code § 12945, but was not reinstated to the same position or a comparable position upon her return from absence. Instead, she was informed that she was to be laid off and required to return to work for 30 days to look for another position if she did not wish the layoff to take effect immediately.

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

129.     Defendants' actions constitute retaliation against Plaintiff for requesting and/or taking leave of absence under Government Code § 12945.

130.     As a proximate result of Defendants conduct, Plaintiff has lost salary and other employment-related benefits.

131.     As a further and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to her damage in an amount unknown at this time, but according to proof at the time of trial.

132.     As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue her legal rights, to her damage, in an amount unknown at this time but according to proof at the time of trial.

133.     In doing the things herein alleged, Defendants were guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Defendants, said employees were employed by Defendants with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Defendants authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of all entitling Plaintiff to the recovery of exemplary and punitive damages.

134.     WHEREFORE, Plaintiff prays for relief as set forth below.

**FIFTEENTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.***
**[Against INTERNATIONAL BUSINESS MACHINES CORPORATION, INC., Inc. and DOES 1-199, Inclusive]**

135.     Plaintiff incorporates by reference in this cause of action each allegation of paragraph 1 through 134, inclusive, as though fully set forth herein.

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

136.   At all times mentioned herein Defendants were and are subject to the requirements of the Unfair Competition Law (California Business & Professions Code §§ 17200 *et seq.*, which prohibits unlawful, unfair or fraudulent business practices.

137.   Defendants' conduct as alleged above, including but not limited to their discrimination, harassment, retaliation, defamation, and wrongful termination of Plaintiff is fraudulent and unlawful and therefore amounts to a violation of the Unfair Competition Law as the unlawful practices occurred in connection with Defendants' conduct of trade and commerce in California.

138   Defendants' violations of the law, as alleged above, constitute business practices because they were done repeatedly over a substantial period of time.  These practices were the result of policies that worked to Plaintiff's detriment as well as to the detriment of other persons and/or entities.  Reasonable employees and consumers were likely to be deceived by Defendants' conduct.

139.   Plaintiff is informed and believes that such unlawful, unfair and/or fraudulent conduct continues to this day and Defendants will continue such activity in the future unless they are enjoined from doing so.

140.   Plaintiff is entitled to an injunction preventing Defendants from continuing to engage in such illegal practices described above, including but not limited to violations of the California Constitution, FEHA, CFRA and the California Labor Code.

141.   Plaintiff also seeks restitution of all unpaid wages and attorney's fees and costs in connection with this litigation in an amount to be established by proof at the time of trial.

142.   Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code § 1021.5).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1.      For money restitution pursuant to California Business & Professions Code § 17203;

2.      For other injunctive relief, including requiring Defendants adopt policies that conform to Federal and California law, for a permanent injunction enjoining Defendants, their agents, successors and employees from engaging in each unlawful practice set forth above, and for such other injunctive relief as the Court may deem proper;

3.      For economic and special damages in an amount unknown at this time, but according to proof at trial;

4.      For non-economic and general damages in an amount unknown at this time, but according to proof at trial;

5.      For punitive damages as allowed by law, including California Civil Code § 3294, and according to proof at trial;

6.      For statutory penalties under Labor Code §§ 203, 226.7, 226.3, 558, 1174.5 and all other applicable statutes or provisions of law;

7.      For civil penalties under Labor Code §§ 2698 *et seq.* and all other applicable statutes or provisions of law;

8.      For reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure § 1021.5, Government Code § 12965 and all other applicable statutes or provisions of law;

9.      For statutory interest pursuant to Code of Civil Procedure § 685.010.

10.      For such other and further relief as this Court deems just and proper.

Dated this 1st day of February, 2012      **BAYER & BORLASE**

By:    <u>/s/ Heather E. Borlase</u>
          Heather E. Borlase
          Alan B. Bayer
          Attorneys for Plaintiff
          MAY MOUA

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## <u>DEMAND FOR JURY TRIAL</u>

2          Plaintiff demands trial of all issues by jury.

3

4   Dated this 1st day of February, 2012          **BAYER & BORLASE**

5

6                                    By:     <u>/s/ Heather E. Borlase</u>
                                             Heather E. Borlase
7                                            Alan B. Bayer
                                             Attorneys for Plaintiff
8                                            MAY MOUA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit 1

**VIA CERTIFIED MAIL**

October 1, 2009

Labor and Workforce Development Agency
801 "K" Street, Suite 2101
Sacramento, CA  95814

   **RE:** ***May Moua v. IBM***

To Whom It May Concern:

   This office represents May Moua in relation to her claims that IBM violated various provisions of the California Labor Code.  Ms. Moua hereby files this notification in accordance with the requirements of Labor Code sections 2699 *et seq.*

   Ms. Moua alleges that IBM failed to do the following: provide statutory meal periods to her, authorize and permit her to take statutory rest periods, pay for the time it required her to be on "stand-by", failed to pay her premium wages for statutory meal periods she was denied, failed to pay her premium wages for rest periods she was denied, failed to issue accurately itemized wage statements, failed to properly pay overtime, failed to pay her all accrued and unused vacation pay upon termination, failed to provide annual summaries of her vacation accrual, failed to properly pay double time, failed to maintain records of her work time and meal periods, and failed to pay waiting time penalties to her.

   Ms. Moua hereby provides notice that IBM violated each the following California Labor Code sections:

- Labor Code  § 201; failure to immediately pay all wages due at time of termination;
- Labor Code § 203; failure to pay waiting time penalties;
- Labor Code § 226, subdivision (a); failure to provide accurately itemized wage statements;
- Labor Code § 226.3; penalty for violation of Labor Code § 226, subdivision (a);
- Labor Code § 226.7; meal period premium wage;
- Labor Code § 227.3; failure to pay accrued and unused vacation pay;

October 1, 2009
*Moua v. IBM*
LWDA Notification per Labor Code §§ 2699 *et seq.*
Page 2 of 2

- Labor Code § 227.5; annual statement of vacation plan pay;
- Labor Code § 510; failure to pay overtime;
- Labor Code § 512; failure to provide statutory meal periods;
- Labor Code § 558; civil penalties for violations of Labor Code §§ 510 and 512;
- Labor Code § 1174; maintenance of payroll records;
- Labor Code § 1174.5; civil penalties for violations of Labor Code § 1174;
- Labor Code § 1194; recovery of overtime compensation; and
- Labor Code § 1198; violation of maximum hours of work

We expressly reserve the right to amend this notice as new information is obtained during discovery.  Please notify this office if further information is required.

Sincerely,

**BAYER & BORLASE**

Heather E. Borlase

cc:     Mary Crowley,
        IBM
        4400 N. First Street, Ste. 100
        San Jose, CA  95134
        *Via Certified Mail*

        Ms. May Moua

Exhibit 2



# C A L I F O R N I A
# Labor & Workforce Development Agency

**Governor**
*Arnold Schwarzenegger*

**Acting Secretary**
*Douglas Hoffner*

Agricultural
Labor
Relations
Board

California
Business
Investment
Services

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

November 24, 2009                                          **CERTIFIED MAIL**


Bayer & Borlase
912 Cole Street
San Francisco, CA  94117

RE: Employer:      IBM
RE: Employee(s):  May Moua
RE: LWDA  No:     5308

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked October 1, 2009, and after review,
does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "...civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code."  Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

*Robert A. Jones*

Robert Jones
Deputy Secretary, Special Counsel


Cc:  IBM
      4400 N. First Street, Suite 100
      San Jose, CA 95134

Exhibit 3

Bayer &
Borlase

## VIA CERTIFIED MAIL

August 10, 2011

Labor and Workforce Development Agency
801 "K" Street, Suite 2101
Sacramento, CA 95814

### RE: *May Moua v. IBM*

To Whom It May Concern:

This letter constitutes an amended notice to LWDA No. 5308, originally filed in October 2009, based upon additional information Plaintiff has acquired in the course of litigation. This office represents May Moua and other similarly situated IBM employees in relation to claims that IBM violated various provisions of the California Labor Code as related to these employees. Currently, those similarly situated IBM employees are: Aristotle Aquino, Bryan Barker, Raghava Bellala, Linda Benson, Jason Drury, Rene Erdem, James Fabia, Lijun Gu, Kevin Hunt, Sendhil Jaramáyan, Madhuri Kancherla, Nirmal Lalwani, Christopher Larosa, Xianzhan Lin, Cheuk Li, Patricia Ann Marcus, Rickey Moore, Aravind Murthy, Thach Nguyen, Vijay Peduru, Alan Polini, Reddiah Prathipati, Guarav Rana, Mohammad Rizwan, Mariam Samaie, Deepak Sharma, Pauline Yeung and June Yoshii. Ms. Moua hereby files this notification in accordance with the requirements of Labor Code sections 2699 *et seq.*

Ms. Moua alleges that IBM failed to do the following with regards to both her and other similarly situated IBM employees: provide statutory meal periods to them, authorize and permit them to take statutory rest periods, pay for the time it required them to be on "stand-by", failed to pay them premium wages for statutory meal periods they were denied, failed to pay them premium wages for rest periods they were not authorized or permitted to take, failed to issue them accurately itemized wage statements, failed to properly pay them overtime, failed to properly pay them double time, failed to maintain records of their work time and meal periods, failed to pay them all wages due and owing upon resignation or termination and failed to pay waiting time penalties to them.

IBM failed to comply with California laws by taking the following actions:

- improperly classifying non-exempt employees as ones who qualify for one or more exemptions from the California Labor Code;
- suffering and/or permitting said employees to work in excess of 8 hours per day and/or 40 hours per week without paying statutory overtime or statutory double time;

August 10, 2011
*Moua v. IBM*
Amended LWDA Notification per Labor Code §§ 2699 *et seq.*
Page 2 of 3

- suffering and/or permitting said employees to work "stand-by" shifts without overtime compensation
- failing to maintain accurate records showing when these employees begin and end each work period, meal periods, split shift intervals, total daily hours worked and which accurately reflect compensating time earned and used;
- failing to pay premium wages for meal periods that were not provided;

- failing to pay premium wages for rest periods that were neither authorized nor permitted;
- failing to pay all wages due and owing to these employees within 72 hours of their voluntary separation from employment with IBM, or immediately, at the time of their involuntary separation from employment with IBM, for those who were separated from employment with IBM;
- willfully failing to pay one day's wages for every day during which these employees waited to be paid all wages that were due and owing after the date upon which said employees were required, under law, to be paid said wages, capped at 30 days;
- failing to semimonthly provide accurately itemized wage statements showing (1) total hours worked by the employee, and (2) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee;
- failing to provide a half hour meal period for every five hours of work performed or a second half hour meal period for every ten hours of work performed by these employees;
- failing to pay these employees one hour of pay at the employees' regular rate for every day in which IBM did not provide a half hour meal period for every five hours of work performed or a second half hour meal period for every ten hours of work performed by these employees;
- failing to authorize and permit a ten minute rest period for every four hours of work performed by these employees;
- failing to pay these employees one hour of pay at the employees' regular rate for every day in which IBM did not authorize and permit a ten minute rest period for every four hours of work performed by these employees;
- knowingly committing these violations, because IBM has been sued previously for failing to properly classify its employees and to pay them in accordance with California Law and has been made aware of its responsibilities under the law;
- intentionally committing these violations, because IBM has been sued previously for failing to properly classify its employees and to pay them in accordance with California Law and has been made cognizant of its responsibilities under the law
-

August 10, 2011
*Moua v. IBM*
Amended LWDA Notification per Labor Code §§ 2699 *et seq.*
Page 3 of 3

Ms. Moua, on behalf of herself and similarly situated IBM employees, hereby provides notice that IBM violated each the following California Labor Code sections, and must pay the attendant penalties:

- Labor Code § 201: failure to immediately pay all wages due and owing at time of involuntary termination;
- Labor Code § 202: failure to pay all wages due and owing within 72 hours of an employee quitting
- Labor Code § 203: failure to pay waiting time penalties;
- Labor Code § 204: failure to timely pay wages;
- Labor Code § 204.3: failure to properly compensate time off in lieu of overtime compensation;
- Labor Code § 226, subdivision (a): failure to provide accurately itemized wage statements;
- Labor Code § 226.7; meal and rest period premium wage;
- Labor Code § 510; failure to pay overtime;
- Labor Code § 512; failure to provide statutory meal periods;
- Labor Code § 1174; maintenance of payroll records;
- Labor Code § 1194; recovery of overtime compensation; and
- Labor Code § 1198; violation of maximum hours of work

We expressly reserve the right to amend this notice as new information is obtained. Please notify this office if further information is required.

Sincerely,

**BAYER & BORLASE**

Heather E. Borlase

cc:     IBM
        c/o Wendy Butler, Esq.
        Jones Day
        222 East 41st Street
        New York, New York 10017-6702
        *Via Certified Mail*