IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAY MOUA, | CASE NO. 5:10-cv-01070 EJD |
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PARTIAL JUDGMENT ON THE PLEADINGS** |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, et. al., | |
| Defendant(s). | [Docket Item No(s). 70] |

In this action alleging violations of the California Labor Code and related statutes, Defendants International Business Machines ("IBM"), Joseph Koenig and Venkatasubramiam Iyer (collectively, "Defendants") move for summary judgment and judgment on the pleadings on Plaintiff May Moua's ("Plaintiff") cause of action under the Private Attorneys General Act ("PAGA"), California Labor Code § 2699. See Docket Item No. 70. Plaintiff has filed written opposition to the motion. See Docket Item No. 74.

Having carefully considered this matter, the court finds that some but not all of Defendants' arguments have merit. Accordingly, the motion will be granted in part and denied and part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed by IBM as an Advisory Software Specialist ("Software Specialist") beginning in March, 2005. See Second Amended Complaint ("SAC"), Docket Item No. 66, at ¶ 12.

Plaintiff alleges that while working as a Software Specialist, IBM misclassified her as an "exempt" employee and did not pay her for premium rates for overtime work. Id. at ¶¶ 13-14. She further alleges that IBM failed to provide her with accurate wage statements, failed to provide meal and rest periods, failed to pay all wages due upon separation from employment, and improperly terminated her pregnancy leave. Id. at ¶¶ 17-20.

Plaintiff initially commenced this action in Santa Clara County Superior Court as both a purported class action and representative action under PAGA. See Docket Item No. 1. The then-named defendants removed the action to this court on March 2, 2010, and Plaintiff was thereafter granted leave to file an amended complaint to add Iyer as an individual defendant and to assert additional Labor Code violations against the already-existing defendants. See Docket Item Nos. 1, 44, 45.

On December 9, 2011, Plaintiff moved for leave to file the SAC. See Docket Item No. 58. In that motion, Plaintiff related that after engaging in class discovery, she determined the size of the proposed class could not meet the federal requirements for class certification and sought to amend the complaint again in order to remove class allegations, provide additional bases for her wrongful termination claim, and amend her prayer for relief. For their part, Defendants opposed the proposed amendments as futile, untimely, prejudicial and sought in bad faith. In particular, Defendants argued that the representative PAGA claim could not be maintained unless Plaintiff met the standards for class certification under Federal Rule of Civil Procedure 23. Since Plaintiff admitted she could not meet those requirements, Defendants believed the PAGA claim was rendered futile.

This court disagreed and granted the motion for leave to file the SAC. See Order, Docket Item No. 64. The SAC was filed on February 1, 2012. See Docket Item No. 66.

Other than removing the class action allegations, the SAC contains no new factual content. It does, however, include an additional notice to the Labor and Workforce Development Agency ("LWDA") dated August 10, 2011, which contains the following statement:

> This office represents May Moua and other similarly situated IBM employees in relation to claims that IBM violated various provisions of the California Labor Code as related these employees. Currently those similarly situated IBM employees are: Aristotle Aquino, Bryan

Barker, Raghava Bellala, Linda Benson, Jason Drury, Rene Erdem, James Fabia, Lijun Gu, Kevin Hunt, Sendhil Jaramayan, Madhuri Kancherla, Nirmal Lalwani, Christopher Larosa, Xianzhan Lin, Cheuk Li, Patricia Ann Marcus, Rickey Moore, Aravind Murthy, Thach Nguyen, Vijay Peduru, Alan Polini, Reddiah Prathipati, Guarav Rana, Mohammad Rizwan, Mariam Samaie, Deepak Sharma, Pauline Yeung and June Yoshii.

This motion followed the filing of the SAC.

## II. DISCUSSION

### A. Legal Standard: Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides in relevant part: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." For purposes of a motion under Rule 12(c), the allegations of the non-moving party are accepted as true and the allegations of the moving party that have been denied are presumed false. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Id.

A motion for judgment on the pleadings is generally evaluated under the same legal standard as a motion to dismiss pursuant to Rule 12(b)(6). Lopez Reyes v. Kenosian & Miele, LLP, 525 F. Supp. 2d 1158, 1160 (N.D. Cal. 2007). A motion to dismiss under Rule 12(b)(6) can be granted based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### B. Application

Defendants argue they are entitled to partial judgment on the pleadings on Plaintiff's PAGA claim to the extent Plaintiff seeks to bring claims on behalf of employees that are not identified in the SAC. In other words, Defendants believe the PAGA claim should limited to Plaintiff and the collection of other individuals named in the LWDA notice letter attached to the SAC. Under PAGA, an "aggrieved employee" may bring a civil action against an employer "on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699(a). If the employee is

3

successful, 75 percent of the penalties recovered go to the Labor and Workforce Development Agency ("LWDA"), and the remaining 25 percent go to the aggrieved employees. Cal. Lab. Code § 2699(I). The California Supreme Court described the purpose of PAGA in Arias v. Superior Court, 46 Cal. 4th 969, 980 (2009):

> The Legislature declared that adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws, that staffing levels for labor law enforcement agencies had declined and were unlikely to keep pace with the future growth of the labor market, and that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts.

Since this motion relies on the same standard applicable to a motion to dismiss, the court also looks to the general requirements for initial pleading. It is well settled that Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). To that end, factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A claim is "plausible on its face" when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).

Here, the actual text of the SAC contains allegations personal only to Plaintiff. Indeed, after indicating in the first paragraph that she "brings this action individually on her own behalf," she then describes details of her own employment experience at IBM. See SAC, at ¶¶ 1, 12-20. As a result, all of the causes of action aside from the representative PAGA claim arise from Defendants' purported conduct toward *Plaintiff*. More specifically, it is the alleged misclassification of Plaintiff as an exempt employee while working as a Software Specialist which underlies Plaintiff's theory of liability for nearly all the causes of action.

The representative PAGA claim can obviously rely on the same allegations and purported violations stemming from the misclassification of Plaintiff as a basis for penalties. But since PAGA

1  also allows for the recovery of penalties "through a civil action brought by an aggrieved employee
2  on behalf of himself or herself and other current or former employees," this claim can potentially
3  encompass violations other than those attributable solely to Plaintiff. Cal. Labor Code § 2699(a). In
4  light of this possibility, both the SAC and the written opposition to this motion clarify that Plaintiff
5  does, in fact, seek to broaden the scope of her PAGA claim in order to pursue claims of other
6  employees here.

7  Defining the applicable scope of Plaintiff's PAGA claim presents a challenge, however, for
8  two primary reasons. First, as Plaintiff notes in the opposition to this motion, PAGA's provisions
9  are broad and do not specify which "other current and former employees" can be represented by an
10 "aggrieved employee." That lack of specificity may be purposeful in order to accomplish the
11 statute's purpose "to achieve maximum compliance with state labor laws," but at the same time adds
12 a certain obscurity to the limits imposed on claims brought pursuant to its provisions. Arias, 46 Cal.
13 4th at 980.

14 Second, this court has already ruled that PAGA representative claims are not subject to the
15 requirements applied to class actions through Federal Rule of Civil Procedure 23. See Order,
16 Docket Item No. 64. As a result, Plaintiff is not under a direct obligation to define with exactitude
17 the collection of individuals she seeks to represent in the same way as the class action plaintiff must
18 in order to achieve class certification. See Fed. R. Civ. Proc. 23(c)(1)(B) ("An order that certifies a
19 class action must define the class and the class claims, issues, or defenses . . . .").

20 The lack of a clearly defined pleading standard under PAGA does not, however, operate to
21 excuse a federal plaintiff from the obligation under Iqbal and Twombly to provide sufficient factual
22 information to support a theory of liability and any attendant causes of action. Those general
23 pleading requirements still apply. For this reason, other courts have found insufficient PAGA claims
24 which do not provide at least *some* definition of the class of employees implicated by the case. See,
25 e.g., Chie v. Reed Elsevier, Inc., No. C-11-1784 (EMC), 2011 U.S. Dist. LEXIS 99153, at *11-12,
26 2011 WL 3879495 (N.D. Cal. Sept. 2, 2011) (finding PAGA allegations which merely stated that
27 "[t]he exact number of aggrieved employees can easily be ascertained by reviewing Defendant's
28

5
Case No. 5:10-cv-01070 EJD
ORDER GRANTING IN PART AND DENYING PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AND PARTIAL JUDGMENT ON THE PLEADINGS

employee and payroll records" subject to dismissal because "[f]or a representative action . . . there must be some specificity as to who the persons are that the plaintiff seeks to represent."); Jeske v. Maxim Healthcare Servs., Inc., No. CV F 11-1838 LJO JLT, 2012 U.S. Dist. LEXIS 2963, at *36-37, 2012 WL 78242 (E.D. Cal. Jan. 10, 2012) (dismissing as "imprecisely defined" a PAGA claim which identified "aggrieved employees" as "[a]ll persons who were or are employed by Defendants in the State of California and against whom one or more of the alleged violations described below was committed."); cf. Hibbs-Rines v. Seagate Techs., LLC, No. C 08-05430 SI, 2009 U.S. Dist. LEXIS 19283, at *9-10, 2009 WL 513496 (N.D. Cal. Mar. 2, 2009) (finding sufficient PAGA allegations which defined represented employees by job titles and job duties).

It is therefore apparent that, in order to provide "fair notice" of the scope of the PAGA claim, Plaintiff was required to plead *some* definition of the represented employees in the SAC in *some* way. As Hibb-Rines demonstrates, Plaintiff could have done so by referring to categories of employees by job title or by job duties, which could have expanded the scope of the PAGA claim under Rule 8's permissive pleading standard. But here, Plaintiff chose to provide a restrictive definition of her PAGA claim by identifying the names of "similarly situated" employees in the notice letter sent to the LWDA, and informed the LWDA that she was providing notice to the agency only on behalf of those "similarly situated IBM employees." See SAC, at Ex. 3. Having reviewed the entire SAC with the LWDA letter attached, this list of "similarly situated" employees is the only legally-permissible way to define Plaintiff's PAGA claim since the actual text of the cause of action is, for the most part, simply a recitation of the statute without any real factual enhancement. The one other possibility is a definition which includes all IBM employees in California. That type of definition was rejected in Jeske, and this court agrees that such an expansive claim would transform this case into one proscribed the by Supreme Court's admonition against unlocking the "doors of discovery" to a plaintiff asserting mere speculation. See Iqbal, 556 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); see also Twombly, 550 U.S. at 561 (rejecting a

6
Case No. 5:10-cv-01070 EJD
ORDER GRANTING IN PART AND DENYING PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PARTIAL JUDGMENT ON THE PLEADINGS

pleading standard in which "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery.").

Accordingly, on this inquiry confined to the face of the SAC itself, the court agrees with Defendants that Plaintiff's PAGA claim must be limited to those specifically-named individuals. The court concedes that this result is somewhat unusual within the context of the PAGA statutory scheme, but Plaintiff has not offered an alternative definition which passes muster under Rule 8. The vague allegations in the text of the SAC cannot be used to keep open the scope of the representative PAGA claim until some unknown point in this case, especially when discovery in this action has been proceeding now for some time and the window for amending the pleadings as of right has expired.

Defendants' Motion for Judgment on the pleadings will be granted, and any claims on behalf of unidentified employees will be dismissed. This dismissal will be without leave to amend because Plaintiff did not move to amend this claim in either the opposition or separate motion, nor did she explain the relevancy of any outstanding discovery in anything more than a cursory fashion. As such, the court concludes that allowing for amendment at this time would be futile. See Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").[1]

### C. Legal Standard: Motion for Summary Judgment

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial

---

[1] To be clear, the court does not intend this decision to be construed as one which advocates limiting all PAGA plaintiffs to the administrative notice provided to the LWDA. Doing so would be contrary to PAGA's purpose. Indeed, it is only these particular circumstances which require this result: where the sole definition of "aggrieved employees" that both provides "fair notice" under Rule 8 and reasonably can be extracted from the pleading happens to be a restrictive one. For this reason, this case-specific decision is not contrary to others which decline to limit a PAGA plaintiff to the notice provided to the LWDA. See, e.g., Cardenas v. McLane Foodservices, Inc., 796 F. Supp. 2d 1246, 1258-61 (C.D. Cal. 2011).

burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324. The court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324. However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c); see also Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Barlow v. Ground, 943 F.2d 1132, 1134-36 (9th Cir. 1991). Conversely, summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**D.   Application**

Before turning to the issues raised by Defendants, the court must first address Plaintiff's request to postpone decision so that Plaintiff can receive, review and incorporate Defendants' discovery responses into an amended opposition. Pursuant to Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A Rule 56(d) applicant must, at the very least, "make (a) a timely application which (b) specifically

8
Case No. 5:10-cv-01070 EJD
ORDER GRANTING IN PART AND DENYING PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PARTIAL JUDGMENT ON THE PLEADINGS

identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quoting Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129-30 (9th Cir. 2004) (internal quotations omitted); see also Tatum v. City & County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). "Bare allegations or vague assertions" of a need for further discovery are not enough; the applicant must describe with "some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment." Everson v. Leis, 556 F.3d 484, 493 (6th Cir. 2009) (internal quotations omitted).

Plaintiff has not complied with the requirements of Rule 56(d) in either form or substance. While an affidavit or declaration containing specific information is explicitly required, Plaintiff provided neither in support of her request for postponement, and the declaration of Plaintiff's counsel submitted with the opposition to this motion only describes the attached exhibits. See Decl. of Heather Borlase, Docket Item No. 76. For these reasons, Plaintiff's request must be denied.

As to the substance of the summary judgment motion, Defendants seek an order which curtails Plaintiff's PAGA claim based on the applicable statute of limitations. PAGA claims for civil penalties are subject to the one year statute of limitations contained in California Civil Code § 340(a). Thomas v. Home Depot USA Inc., 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007). This one-year limitations period is tolled for the administrative exhaustion period - "the (at most) 33-day period during which the LWDA is assessing, or the employer may be curing, the alleged violations." Martinez v. Antique & Salvage Liquidators, Inc., No. C09-00997 HRL, 2011 U.S. Dist. LEXIS 12198, at *25, 2011 WL 500029 (N.D. Cal. Feb. 8, 2011) (citing Cal. Labor Code § 2699.3(d)).

Defendants present their argument under the statute of limitations as a choice between two alternative outcomes. Primarily, Defendants argue that, since the PAGA claim is limited only to those individuals identified in the SAC, and since Plaintiff has not plead misclassification in a position other than System Specialist, the court should grant summary judgment to Defendants for any claims brought on behalf of employees who did not hold the System Specialist position during

1  the limitations period. Based on a filing date of January 11, 2010, for the original complaint,
2  Defendants contend that violations prior to December 9, 2008 - which is one year and thirty-three
3  days prior to January 11, 2010 - are time-barred.

4  The court rejects this argument because a further restriction based on job title is unjustified
5  and inconsistent with PAGA. As already explained, PAGA's provisions and corresponding
6  definitions are broad. Most relevant here, an "aggrieved employee" under PAGA is "any person
7  who was employed by the alleged violator and against whom one or more of the alleged violations
8  was committed." Cal. Labor Code § 2699(c). Defendants seek to change that definition into
9  something allowing PAGA plaintiffs to bring claims only on behalf of others doing their same job.
10 Such a confinement would be contrary to PAGA's purpose to "grant individual citizens the right to
11 pursue civil penalties that typically only the state could bring." Cardenas, 796 F. Supp. 2d at 1259.
12 Thus, while the "fair notice" pleading standard does require imposition of some limit to Plaintiff's
13 claim based on the allegations in the SAC, neither Rule 8, PAGA nor the SAC's allegations support
14 the additional limitation proposed by Defendants. Defendants know the names of the employees at
15 issue, and Plaintiff can maintain the PAGA claim for these named employees no matter their job
16 titles.

17 Alternatively, Defendants argue that a separate limitations period should apply to any PAGA
18 violations based on positions other than System Specialist. In essence, Defendants contend they
19 were not placed on notice that the PAGA claim encompassed other positions until the SAC. But
20 based on the broad nature of PAGA, the court disagrees that the current iteration of the PAGA claim
21 was not contemplated by its original version. In any event, the court would find that the current
22 PAGA allegations do relate back to the original complaint since the factual allegations remain the
23 same. See Fed. R. Civ. Proc. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of
24 the original pleading when . . . the amendment asserts a claim or defense that arose out of the
25 conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading.").

26 These determinations notwithstanding, Defendants have demonstrated that three employees
27 included in Plaintiff's PAGA claim terminated employment with IBM prior to commencement of the
28

10
Case No. 5:10-cv-01070 EJD
ORDER GRANTING IN PART AND DENYING PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AND PARTIAL JUDGMENT ON THE PLEADINGS

1 limitations period in December, 2008.  Pursuant to the declaration of IBM's compensation

2 professional, Lijun Gu, Kevin Hunt and Nirmal Lalwani each left their positions in 2007.  See Decl.

3 of Don Comilloni, Docket Item No. 72.  Plaintiff has not produced any evidence suggesting

4 otherwise.  Accordingly, the court will grant Defendants' motion for summary judgment as to these

5 employees.

### III. ORDER

Based on the foregoing, Defendants' Motion for Partial Summary Judgment and Partial Judgment on the Pleadings is GRANTED IN PART AND DENIED IN PART as follows:

1.  The Motion for Partial Judgment on the Pleadings is granted such that claims brought on behalf of any employee not identified in the SAC is DISMISSED WITHOUT LEAVE TO AMEND; and

2.  The Motion for Partial Summary Judgment is granted as to any claims brought on behalf of Lijun Gu, Kevin Hunt and Nirmal Lalwani, but denied on all other grounds.

**IT IS SO ORDERED.**

Dated:  October 30, 2012



EDWARD J. DAVILA
United States District Judge

11
Case No. 5:10-cv-01070 EJD
ORDER GRANTING IN PART AND DENYING PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PARTIAL JUDGMENT ON THE PLEADINGS