IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAY MOUA, individually and on behalf of other former and current employees, and for the interest of the general public,<br><br>Plaintiff(s),<br>v.<br>INTERNATIONAL BUSINESS MACHINES CORPORATION, et. al.,<br><br>Defendant(s). | CASE NO. 5:10-cv-01070 EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Docket Item No(s). 79] |

In this familiar case, Plaintiff May Moua ("Plaintiff") moves for partial summary judgment on two causes of action asserted in the Second Amended Complaint ("SAC"). See Docket Item No. 79. Defendants International Business Machines ("IBM"), Joseph Koenig and Venkatasubramiam Iyer ("Iyer")[1] have filed written opposition to the motion. See Docket Item No. 80.

Federal jurisdiction arises under 28 U.S.C. § 1332. Having carefully reviewed the relevant pleadings and considered the arguments of counsel, the court has determined that Plaintiff's motion should be denied for the reasons indicated below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff commenced employment with IBM in March, 2005. Within the SAC, Plaintiff

---

[1] In this Order, IBM, Joseph Koenig and Iyer are referred to collectively as "Defendants."

1
CASE NO. 5:10-cv-01070 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1 alleges that while working as a Software Specialist, IBM misclassified her as an "exempt" employee
2 and did not pay her for premium rates for overtime work. She further alleges that IBM failed to
3 provide her with accurate wage statements, failed to provide meal and rest periods, failed to pay all
4 wages due upon separation from employment, and improperly terminated her pregnancy leave.

5 The instant motion concerns Plaintiff's allegations with regard to termination of her
6 pregnancy leave and her ultimate termination as an employee of IBM. The key factual contentions
7 are as follows:

8 (1) Plaintiff commenced pregnancy leave from her employment at IBM pursuant to
9 California Government Code § 12945.2 on March 13, 2009. Plaintiff's doctor
10 certified her to be on pregnancy leave until June 29, 2009. As such, Plaintiff's
11 expected return-to-work date after expiration of pregnancy leave was June 30, 2009.
12 (2) Plaintiff, however, requested an additional six weeks of leave under the California
13 Family Rights Act, California Government Code § 12945. Thus, her expected return-
14 to-work date after expiration of all periods of leave was extended to August 10, 2009.
15 (3) In the first quarter of 2009, IBM went through a period of layoffs. Due to her low
16 performance score in comparison to other similarly-situated employees, Plaintiff was
17 selected for layoff.
18 (4) Plaintiff was notified of her selection for layoff two weeks before the expiration
19 of her initial period of pregnancy leave - on June 15, 2009 - by her manager, Iyer.
20 (5) Plaintiff asserts that she was forced to return to work on June 30, 2009;
21 Defendant contends that Plaintiff was offered the option of receiving full-time pay for
22 a 30-day period commencing June 30, 2009, during which time Plaintiff could apply
23 for other positions within IBM but was not expected to perform any work during the
24 job-search period.
25 (6) Within the 30-day period, Plaintiff applied for a position that was advertised on
26 IBM's internal job database on July 24, 2009. Plaintiff was not selected for the
27 position. Thus, her employment with IBM terminated at the end of July, 2009.
28 With regard to the procedural background, Plaintiff commenced this action in Santa Clara

1  County Superior Court on January 11, 2010.  The then-named defendants removed the action to this
2  court on March 2, 2010, and Plaintiff was thereafter granted leave to file an amended complaint to
3  add Iyer as an individual defendant and to assert additional Labor Code violations against the
4  already-existing defendants.

5  On December 9, 2011, Plaintiff moved for leave to file the SAC, which Defendants opposed.
6  The court granted the motion for leave to file the SAC on January 31, 2012.  The SAC was filed on
7  February 1, 2012.

8  Subsequently, Defendants moved for partial judgment on the pleadings and partial summary
9  judgment on the seventh cause of action under the Private Attorneys General Act ("PAGA"),
10 California Labor Code § 2699.  The court granted the motion in part and denied the motion in part
11 on October 30, 2012.

12 Plaintiff now moves for partial summary judgment in her favor on the eleventh cause of
13 action for interference with rights under the California Family Rights Act and the thirteenth cause of
14 action for interference with rights under the Pregnancy Disability Leave Act.

## II.   LEGAL STANDARD

16 A motion for summary judgment should be granted if "there is no genuine dispute as to any
17 material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a);
18 Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  The moving party bears the initial
19 burden of informing the court of the basis for the motion and identifying the portions of the
20 pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the
21 absence of a triable issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

22 If the moving party meets this initial burden, the burden then shifts to the non-moving party
23 to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for
24 trial."  Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324.  The court must regard as true the opposing
25 party's evidence, if supported by affidavits or other evidentiary material.  Celotex, 477 U.S. at 324.
26 However, the mere suggestion that facts are in controversy, as well as conclusory or speculative
27 testimony in affidavits and moving papers, is not sufficient to defeat summary judgment.  See
28 Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979).  Instead, the non-moving

1  party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c); see
2  also Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

3      A genuine issue for trial exists if the non-moving party presents evidence from which a
4  reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the
5  material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986);
6  Barlow v. Ground, 943 F.2d 1132, 1134-36 (9th Cir. 1991). Conversely, summary judgment must
7  be granted where a party "fails to make a showing sufficient to establish the existence of an element
8  essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477
9  U.S. at 322.

10     **III.   DISCUSSION**

11     **A.   Evidentiary Issues**

12     Before analyzing the substance of the motion, the court must first address two evidentiary
13 issues.

14     The first involves a portion of Defendants' opposition. Defendants rely on the Declaration of
15 Josie Holdaway ("Holdaway"), an IBM employee, in order to dispute certain facts concerning the
16 open IBM position that Plaintiff applied for during the 30-day period prior to her layoff. During the
17 time relevant to this case, Holdaway was the manager of IBM's Managed Business Process Services
18 division and was responsible for the job posting. In essence, Holdaway's declaration establishes that
19 (1) the open position was not available to employees seeking to transfer from another department,
20 and (2) the open position's job duties were not comparable to Plaintiff's position as a Business
21 Process Lead.

22     Plaintiff objects to the court's consideration of the Holdaway declaration because Defendants
23 did not disclose Holdaway as a witness prior to including her declaration as part of the opposition.

24     In making this argument, Plaintiff relies on two Federal Rules of Civil Procedure. Pursuant
25 to Federal Rule of Civil Procedure 26(a), "a party must, without awaiting a discovery request,
26 provide to the other parties . . . the name and, if known, the address and telephone number of each
27 individual likely to have discoverable information - along with the subjects of that information - that
28 the disclosing party may use to support its claims or defenses, unless the use would be solely for

1  impeachment." In conjunction with Rule 26, Rule 37(c)(1) provides that "[i]f a party fails to
2  provide information or identify a witness as required by [Rule 26], the party is not allowed to use
3  that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the
4  failure was substantially justified or is harmless."

5      Assuming Defendants should have supplemented their Rule 26 disclosure to add Holdaway
6  as a witness once it became clear she had information relevant to this case, Plaintiff has not
7  established that IBM's lack of disclosure falls outside that which can be considered "substantially
8  justified" or "harmless." In the reply papers, Plaintiff simply deems the declaration prejudicial
9  without a substantial explanation supporting the argument. But considering Defendants' position
10 that they had no reason to seek out information from Holdaway until this motion was filed, and in
11 light of the fact that Plaintiff could have withdrawn this motion and deposed Holdaway prior to the
12 deadline for completion of fact discovery (or asked for leave to take the deposition even if the
13 deadline had passed), it does appear that the lack of disclosure was, at least, substantially justified.
14 As such, the court will consider Holdaway's declaration for this motion; Plaintiff's objection is
15 overruled.

16     For their part, Defendants filed an objection to the Declaration of Heather Borlase
17 ("Borlase") and its attached exhibits which Plaintiff submitted with the reply papers. The Borlase
18 declaration consists of a foundational statement and attached pleadings from this case.

19     Defendants rely on Civil Local Rule 7-3(d)(1) which states, in pertinent part, as follows:

> If new evidence has been submitted in the reply, the opposing party
> may file within 7 days after the reply is filed, and serve an Objection
> to Reply Evidence, which may not exceed 5 pages of text, stating its
> objections to the new evidence, which may not include further
> argument on the motion.

23     Defendants' evidentiary objection fares no better than Plaintiff's because the reliance on
24 Local Rule 7-3(d)(1) is misplaced. Indeed, Local Rule 7-3(c) makes it clear that (1) "[a]ny reply to
25 an opposition may include affidavits or declarations," which Plaintiff chose to include here, and (2)
26 the offending declaration does not contain anything that can be considered "new" since the Borlase
27 declaration is just a collection of pleadings which Plaintiff submitted in response to something raised
28 in Defendants' opposition, namely the Holdaway declaration, which will not be excluded. For these

5
CASE NO. 5:10-cv-01070 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

reasons, Defendants' objection is also overruled.

### B. Summary Judgment

Turning to the relief requested by Plaintiff's motion, it is clear that summary judgment cannot be granted to Plaintiff on either the eleventh or thirteenth causes of action because there exists genuine disputes of material fact as to both.

First, critical to Plaintiff's argument on both causes of action is her contention that Defendants interfered with her pregnancy leave by requiring her to return to work before expiration of the leave period. On what has been presented, Plaintiff has not established a lack of material dispute on this fact and, accordingly failed to carry her initial burden on summary judgment. Indeed, the motion cites only Defendants' Answer to the First Amended Complaint in support this contention - in particular this paragraph:

> IBM states that Plaintiff was given a 30-day opportunity to search for another position in IBM (from June 30, 2009 to July 29, 2009). IBM admits that Plaintiff did not find another position and that her last day of employment with IBM was July 29, 2009.

See Answer, Docket Item No. 47, at ¶ 85.

Although Plaintiff may read it otherwise, Defendants do not admit in this version of their Answer that they forced Plaintiff to return to work. To the contrary, Defendants have produced evidence supporting their own factual contention that Plaintiff was offered the opportunity to participate in a voluntary job-search program, but not required to continue her regular job duties while doing so.

Second, Plaintiff has not met her burden to establish a lack of dispute as to the factual contention that IBM failed to place her in a comparable position once she returned from pregnancy leave. Plaintiff cites portions of Iyer's deposition and an interrogatory response discussing the open position Plaintiff applied for during the 30-day job search period. However, none of this evidence establishes that (1) the open position was comparable to Plaintiff's position, or (2) that Plaintiff was eligible for this position.

To the contrary, this same evidence suggests, as stated by Holdaway in her declaration, that the open position was neither comparable to Plaintiff's nor one to which employees could transfer.

Moreover, the court notes that relevant California statutes establish that employees are not immunized from termination or given greater rights than other employees terminated as part of a company-wide reduction in work force implemented during family leave. See, e.g., Tomlinson v. Qualcomm, Inc., 97 Cal App 4th 934, 939-40 (2002) ("[T]he provisions of California Code of Regulations, title 2, section 7297.2 (Regulation 7297.2), adopted by the Fair Employment and Housing Commission (FEHC) 5 (see Reg. 7297.2, Register 95, No. 28 (July 14, 1998) p. 150), clarify that the guarantee of reinstatement to the same or comparable position *does not preclude an employer from terminating the employee's employment as part of a work force reduction."* (emphasis added)). Thus, the state authority applicable to these causes of action required Plaintiff to put forth more than what she did here in order to prevail on this motion.

Based on this discussion, the court need not proceed to the summary judgment burden-shifting analysis because Plaintiff has not met her initial burden to establish her factual contentions with evidence that supports them. Plaintiff's motion will therefore be denied.

### IV. ORDER

Plaintiff's Motion for Partial Summary Judgment (Docket Item No. 79) is DENIED.

**IT IS SO ORDERED.**

Dated: February 25, 2013

_____
EDWARD J. DAVILA
United States District Judge