UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAY MOUA, et al,<br><br>                Plaintiffs,<br>     v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, et al,<br><br>                Defendants. | Case No.: CV 10-1070 EJD (PSG)<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>**(Re: Docket No. 95)** |

Plaintiff May Moua ("Moua") moves to compel Defendants International Business Machines Corp., et al ("IBM") for wage and hour documents for two IBM employees, Jason Drury ("Drury") and Xianzhan Lin ("Lin"). The parties are familiar with the facts of the case and of this particular dispute, and so the court provides here only its decision and a summary of its reasoning. Having considered the parties' arguments and papers, the court GRANTS Moua's motion.

Moua seeks the payroll records, paycheck itemizations, wage statements, and documents "reflecting and relating to any and all time worked" by Drury and Lin on the grounds that these records support her claims on behalf of Drury and Lin regarding California Labor Code violations by IBM.[1] IBM argues that because Drury and Lin were nonexempt during the limitations period,

---

[1] *See* Docket No. 95.

ORDER

the information Moua seeks is not relevant to any claims she could bring on their behalf.[2] IBM asserts that Moua is proceeding only on the theory that she was misclassified as exempt under California Labor Code Section 515 when she was in reality a nonexempt employee, and so any violations she alleges stem only from that miscategorization. According to IBM, because Drury and Lin were not exempt, and therefore not misclassified, any violations relating to Drury and Lin are outside of the complaint and discovery of their records irrelevant.

Moua's complaint primarily deals with her alleged misclassification and most of her claims flow from that violation,[3] such as her claims about IBM's failure to provide itemized wage statements with accurate hours,[4] failure to pay overtime,[5] and failure to compensate her for meal times she was not allowed to take.[6] But as nonexempt employees, Drury and Lin likewise were entitled to all of the protections of which Moua claims she was deprived because of her misclassification.[7] Judge Davila already has determined that Moua's complaint combined with her letter to the Labor and Workforce Development Agency provides sufficient notice to IBM of the class of employees Moua seeks to represent.

IBM counters that Moua cannot use conclusory allegations in her complaint to "unlock the doors of discovery."[8] IBM is correct that pursuant to Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 12(b), Moua's complaint may only survive a motion to dismiss if she pleads with sufficient particularity

---

[2] *See* Docket No. 105.

[3] *See* Docket No. 95 Ex. 1.

[4] *See* Cal. Labor Code § 226.

[5] *See id.* § 510.

[6] *See id.* § 226.7.

[7] *See id.* §§ 226, 226.7, 510.

[8] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2006).

ORDER

factual allegations that support her claim, and thereby move into the discovery phase of the case.[9] But Moua is not defending her complaint in this court; she is seeking discovery on that complaint. And as IBM highlights in its opposition, "[a] complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."[10] This court's obligation is to assess whether pursuant to Fed. R. Civ. P. 26(b), Moua's requests are relevant to the claims in her complaint, not to determine beforehand the merit of those claims. Here, through her second amended complaint and her letter to LWDA, she has alleged that Drury and Lin suffered violations similar to those she suffered. Discovery of IBM's records of their wages and work hours therefore falls well within the broad scope of "relevance" under Fed. R. Civ. P. 26(b).

IBM shall produce the documents regarding Drury and Lin to Moua no later than seven days from this order.

**IT IS SO ORDERED.**

Dated: March 20, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[9] *See id.*; *Jeske v. Cal. Dep't of Corrections and Rehab.*, Case No. 11-cv-1838, 2012 U.S. Dist. LEXIS 45508, *8-9 (E.D. Cal. Mar. 30, 2012) (applying *Iqbal* in dismissal of a similar case).

[10] *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).

ORDER