```
1   Aaron L. Agenbroad (State Bar No. 242613)
    Catherine Nasser (State Bar No. 246191)
2   JONES DAY
    555 California Street, 26th Floor
3   San Francisco, CA 94105
    Telephone:     (415) 626-3939
4   Facsimile:     (415) 875-5700
    Email: cnasser@jonesday.com
5
    Matthew W. Lampe (admitted pro hac vice)
6   mwlampe@jonesday.com
    Wendy C. Butler (admitted pro hac vice)
7   wbutler@jonesday.com
    JONES DAY
8   222 East 41st Street
    New York, NY 10017
9   Telephone: (212) 326-3939
    Facsimile: (212) 755-7306
10
    Attorneys for Defendants
11
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAY MOUA, individually and on behalf of other former and current employees, and for the interest of the general public,**<br><br>Plaintiffs,<br><br>v.<br><br>**INTERNATIONAL BUSINESS MACHINES CORPORATION, a California Business Entity, form unknown, JOSEPH KOENIG, an Individual, VENKATASUBRAMANIAM IYER, an Individual, and DOES 1-199,**<br><br>Defendants. | Case No. C 10-01070 EJD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT DISMISSING CLAIMS AGAINST DEFENDANTS JOSEPH KOENIG AND VENKATASUBRAMANIAM IYER**<br><br>DATE: JULY 19, 2013<br>TIME: 9:00 AM<br>CTRM: 4, 5TH FLOOR<br>BEFORE: HON. EDWARD DAVILA |

Defendants' Not. of Mot. and Mot. for Summ. J. re Claims Against Koenig and Iyer

CASE No. C 10-01070 EJD

# NOTICE OF MOTION AND MOTION

**TO THE COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 19, 2013, at 9:00 a.m., or soon thereafter as the matter may be heard in Courtroom 4 before the Honorable Edward Davila, United States District Chief Judge, United States District Court for the Northern District of California, San Jose Division, located at 280 South First Street, San Jose California, Defendants International Business Machines Corporation ("IBM"), Joseph Koenig, and Venkatasubramaniam Iyer (collectively, "Defendants"), will and hereby do move the Court as follows:

Pursuant to Federal Rule of Civil Procedure 56(a), to dismiss with prejudice Plaintiff May Moua's ("Plaintiff's") claims against individual defendants Joseph Koenig ("Koenig") and Venkatasubramaniam Iyer ("Iyer"). Specifically, this Court should dismiss all of Plaintiff's claims against Koenig and Iyer, because as corporate agents of IBM, neither Koenig nor Iyer are an "employer" and neither is subject to individual liability. Moreover, Plaintiff's Private Attorney General Act ("PAGA") claims against Koenig fail for the independent reason that they are time-barred.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the declarations of Wendy C. Butler and Joseph Koenig, and the exhibits attached thereto, the pleadings and records on file herein, and such further written and oral evidence and argument as may be presented at the time of hearing.

Defendants' Not. of Mot. and Mot. for Summ. J. re Claims Against Koenig and Iyer

- 1 -

CASE No. C 10-01070 EJD

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff brings claims under the California Labor Code (Second Amended Complaint ("SAC"), Counts 1 to 6) and the Private Attorney General Act ("PAGA") (SAC, Count 7) against individual defendants Joseph Koenig ("Koenig") and Venkatasubramaniam Iyer ("Iyer"). Each of these claims fail because neither Koenig nor Iyer can be held personally liable under the provisions at issue. Each provision limits liability to "employers," which, under the definition articulated by the California Supreme Court in *Reynolds v. Bement*, 36 Cal. 4th 1075 (2005), and *Martinez v. Combs*, 49 Cal. 4th 35 (2010), excludes corporate officers and agents. Because Iyer and Koenig acted at all times as corporate agents, Plaintiff's claims against them fail. Plaintiff's PAGA claims against Koenig fail for the separate and independent reason that they are time-barred. Accordingly, Plaintiff's claims against Koenig and Iyer should be dismissed with prejudice.

## RELEVANT FACTUAL BACKGROUND

### A. Background

Plaintiff became an IBM employee in March 2005, when Corio, her former employer, was acquired by IBM. (Moua Dep. 54:20-22, 55:6-14.)[1] Koenig was Plaintiff's first-line supervisor at the time of the acquisition. (Moua Dep. II at 20:11-12.) Koenig remained Plaintiff's first-line supervisor until April 2008, when Iyer became Plaintiff's first-line supervisor. (Moua Dep. II at 84:16; Koenig Dep. at 18:21-19:21, 21:20-21; Iyer Dep. 19:13-20, 28:11-14.)

### B. Plaintiff's Claims Against Koenig and Iyer

In the operative SAC, Plaintiff asserts the following Labor Code claims on her own behalf against Koenig and Iyer: failure to pay overtime wages (Count 1); failure to provide itemized wage statements (Count 2); failure to maintain records in compliance with California Labor Code § 1174 (Count 3); failure to provide meal and rest periods and to pay premium wages

---

[1] Excerpts from Meya Moua's first-phase deposition ("Moua Dep.") and second-phase deposition ("Moua Dep. II") are attached as Exhibits A and B to the Declaration of Wendy Butler, filed concurrently herewith. Excerpts from Venkat Iyer's first phase deposition ("Iyer Dep.") and second-phase deposition ("Iyer Dep. II") are attached as Exhibits C and D to the Declaration of Wendy Butler. Excerpts from Joseph Koenig's deposition are attached as Exhibit E to the Declaration of Wendy Butler.

for such failure (Count 4); failure to pay wages upon termination (Count 5); and failure to timely pay wages (Count 6).

Plaintiff also brings claims for civil penalties against Koenig and Iyer under PAGA (Count 7). She asserts these claims on behalf of herself and 24 other "PAGA members."[2] In an Order dated October 30, 2012, this Court established December 9, 2008 as the beginning of the relevant time frame for the PAGA claims.

## ARGUMENT

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Where the moving party has met its initial burden of showing that there is an absence of evidence to support the nonmoving party's case, the nonmoving party may escape summary judgment only by demonstrating the existence of some factual issue requiring trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A scintilla of evidence or evidence that is merely colorable or not significantly probative" fails to satisfy the nonmoving party's burden. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Rather, summary judgment is precluded only if the nonmoving party demonstrates the existence of genuine disputes involving evidence that would allow a reasonable jury to render a verdict for that party on an issue affecting the outcome of the suit. *See Anderson*, 477 U.S. at 248, 249. Under these standards, Plaintiff's claims against individual defendant Koenig should be dismissed in their entirety with prejudice.

### I. Counts One Through Six Against Koenig and Iyer Should Be Dismissed

All of the Labor Code provisions[3] cited in Counts One through Six either limit liability to "employers" or refer to "employees" without defining either term. *See, e.g.*, § 226(a) ("every

---

[2] In the SAC, Plaintiff pursues her PAGA claims as a non-class representative action on behalf of a group of 29 individuals, including herself. (Dkt. No. 66, SAC at Ex. 3.) In an order dated October 30, 2012, the Court dismissed as time-barred Plaintiff's claims on behalf of three employees. (Dkt. No. 85.) On March 28, 2013, the Court entered a stipulated order dismissing Plaintiff's PAGA claims on behalf of Linda Benson. (Dkt. 129.) Twenty-five PAGA members (including Plaintiff) remain in the case.

[3] Specifically, Plaintiff asserts violations of Labor Code sections 510, 1194, and 1194.2 (failure to pay overtime); 226, 1174, and 1174.5 (recordkeeping violations); 226.7, 512, and section 11 and 12 of Wage Order 4-2001 (meal and rest period violations); and 201-204 (failure

employer shall…furnish [wage statements]"); § 226.7 ("no employer" shall require any employee to work during any meal or rest period mandated [by Wage Order]"); § 203 (authorizing waiting time penalties "if an employer" fails to timely pay wages upon termination); § 1194 (without mentioning "employer", simply provides that "any employee" receiving less than minimum wage or overtime compensation is entitled to recover same in a civil action).

As the California Supreme Court has instructed, where, as here, the statute does not expressly define the term "employer" or "a statute refer[ences] employees without defining the term," courts apply either the common law test of employment or the Industrial Welfare Commission's definition of "employer." *Reynolds v. Bement*, 36 Cal. 4th 1075, 1086-87 (2005), *holding clarified by Martinez v. Combs*, 49 Cal. 4th 35, 66 (2010).[4] "[U]nder common law agency principles long ago codified, a corporate officer or agent does not employ employees – the corporation does." *Jones*, 137 Cal. App. 4th 798, 807 (2006). Similarly, "the IWC's definition of an 'employer' does not impose liability on individual corporate agents acting within the scope of their agency." *Martinez*, 49 Cal. 4th at 66; *see also Reynolds*, 36 Cal. 4th at 1086-88 (2005) (holding that individual officers, directors and shareholders of a corporation have no personal liability to the corporation's employees for unpaid overtime); *Jones*, 137 Cal. App. 4th at 804, 807 (2006) (reversing judgment against defendant and rejecting plaintiffs' arguments that individual liability could be imposed for violations of Labor Code sections 201, 202, 203, as well as other Labor Code sections, because "the common law definition of employer applies, precluding personal liability for corporate agents").

Here, the undisputed evidence shows that Koenig and Iyer acted at all times as corporate agents and thus cannot be liable for any of the alleged Labor Code violations. *See, e.g.*, *Martinez*,

---

(continued…)

to timely page wages).

[4] In *Martinez*, the California Supreme Court reviewed its decision in *Reynolds* and observed that *Reynolds* "spoke too broadly" in concluding that the common law definition, rather than IWC Wage order definition, of employer applied to actions under Labor Code Section 1194. *Martinez*, 49 Cal. 4th at 50, n.12 (holding based on a review of the legislative history of Section 1194 that the legislature clearly evinced an intent to adopt the IWC definition of employer in actions under Section 1194. *Id*. at 64). Apart from this clarification, the holdings in *Reynolds* were not altered. *Id*. at 66, 75.

49 Cal. 4th at 66.  Koenig and Iyer were, at different times, Plaintiff's first-line supervisors. (Moua Dep. at 239:19-21; Koenig Dep. 18:21-19:2, 21:20-21; Iyer Dep. 19:13-20, 28:11-14.). Iyer and Koenig, in turn, reported to second-level managers, who, in turn, reported to up-line managers.  (Koenig Dep. 105:1-7; Kak Dep. 21:16-22, 176:4, 179:18-25.)  In light of their low-level supervisory position within a larger management structure, Plaintiff cannot demonstrate that either Iyer or Koenig acted as anything other than corporate agents, and thus Plaintiff's claims against them should be dismissed with prejudice.

**II.    Plaintiff's PAGA Claims Against Koenig and Iyer (Count Seven) Should Be Dismissed**

**A.    Koenig and Iyer Are Not "Employers" And Therefore Cannot Be Held Liable Under PAGA**

Plaintiff's PAGA claims against Iyer and Koenig fail for the same reasons that her Labor Code claims fail – namely, Plaintiff cannot establish that either Iyer or Koenig was her employer. Under the plain language of PAGA, only an "aggrieved employee" can bring a claim under PAGA.  Cal. Lab. Code § 2699(a).  PAGA defines "aggrieved employee" in relevant part as a "person who was **employed by** the alleged violator[.]"  CAL. LAB. CODE §2699(c) (emphasis added).  Thus, "alleged violator[s]" under PAGA can only be employers.  *Id*.  Since PAGA does not expressly define the phrase "employed by," the common law test of employment applies, under which personal liability does not attach to individual corporate agents acting within the scope of their agency.  *Reynolds*, 36 Cal. 4th at 1086-87; *Cf. Martinez*, 49 Cal. 4th at 66 (holding "that the IWC's definition of 'employer' does not impose liability on individual corporate agents acting within the scope of their agency.").  The California Legislature's intent to limit PAGA's reach to employers is clearly evidenced in the legislative history of PAGA.  *See* Senate Judiciary Comm. Analysis, S.B. 796, at 7 (Cal. April 29, 2003) ("Labor Code violators who are not employers would be subject to suit only by the LWDA or by public prosecutors," not private plaintiffs).

As noted above (*supra* at Section I), the undisputed evidence shows that Koenig and Iyer were low-level managers who acted as corporate agents and thus are not subject to liability as employers.  As such, Plaintiff's PAGA claims against them should be dismissed with prejudice.

**B.     Plaintiff's Claims Against Koenig Are Time Barred**

Even if Plaintiff could assert PAGA claims against Koenig in his capacity as an individual supervisor, which she cannot, Plaintiff's PAGA claims against Koenig are time barred. This Court has confirmed that the limitations period for Plaintiff's PAGA claims commenced December 9, 2008. (Order Granting in Part and Den. in Part Defs.' Mot. for Partial Summ. J. and Partial J. on the Pleadings, Dkt. No. 85., at 9-10.) Thus, any PAGA claims that arose prior to December 9, 2008 are necessarily time-barred. Here, it is undisputed that Koenig had no supervisory authority over Moua or any other PAGA member identified in this case as of September 2008. (Moua Dep. 17:9-12; Koenig Decl. at ¶ 4). Accordingly, even if Plaintiff could establish a basis for liability against Koenig (she cannot), any such claims would be time barred. *See, e.g., Clark*, 2008 WL 2326307, at *3.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant summary judgment in Defendants' favor as to each of Plaintiff's claims against Koenig and Iyer.

Dated: March 29, 2013                    Respectfully submitted,

                                         JONES DAY


                                         By: /s/ Wendy C. Butler
                                             Wendy C. Butler
                                             Counsel for Defendants

NYI-4510131v3