UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAY MOUA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, et al.,<br><br>　　　　　　Defendants. | Case No. 5:10-cv-01070-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF'S USE OF DAMAGES-RELATED ALLEGATIONS, EVIDENCE AND COMPUTATIONS NOT DISCLOSED BEFORE DISCOVERY CUTOFF**<br><br>Re: Dkt. No. 120 |

Pursuant to Federal Rule of Civil Procedure 37(c) and Local Civil Rule 7-8, Defendants International Business Machines Corporation ("IBM"), Joseph Koenig, and Venkatasubramaniam Iyer (collectively, "Defendants") move to preclude Plaintiff May Moua ("Plaintiff") from using at trial or in any court submission damages-related allegations, evidence, and computations not disclosed during the discovery period established by the court. Dkt. No. 120. Specifically, Defendants seek preclusion of Plaintiff's alleged "Loss of IBM Stock Option Purchase" valued at $100,553 and "Loss of Life Insurance premium contribution" of "approximately $2,207.85." *Id*. at 1. For the reasons set forth below, Defendants' motion will be denied.

I. BACKGROUND

Plaintiff initiated this suit in 2010 alleging that she was misclassified as exempt from overtime pay requirements under California law. Dkt. No. 45. Plaintiff also asserts claims for pregnancy discrimination, wrongful termination, interference with leave and retaliation. *Id*. Throughout the fact discovery period, Plaintiff provided computations for three categories of damages associated with her wrongful termination claims: back pay (calculated as approximately

Case No.: 5:10-cv-01070-EJD
ORDER DENYING MOTION TO PRECLUDE

1

$57,000), front pay (calculated as $20,906 per year), and lost employment benefits (calculated as $618).

During the discovery period, Plaintiff served Rule 26 initial disclosures and supplemental disclosures in which she consistently identified and calculated certain categories of damages, including "estimated value of lost employment benefits" in the amount of $618. Butler Decl., Exs. A-D. Plaintiff provided the same information in response to IBM's interrogatories. Butler Decl., Ex. F.

Approximately two months after the December 10, 2012 fact discovery cut-off, Plaintiff served her Fourth Supplemental Rule 26(a) disclosures and her second amended responses to IBM's interrogatories which disclosed two new damages computations: loss of stock options valued at approximately $100,553.31 and loss of life insurance premium contributions of approximately $2,207.85. Butler Decl., Ex. E. On the same date, Plaintiff produced documents related to these new computations. These two categories of damages nearly double Plaintiff's wrongful discharge damages claim.

II. DISCUSSION

Rule 26(a) of the Federal Rules of Civil Procedure requires a party seeking damages to provide a copy or description of documents the party may use to support its claims; to provide a computation of damages; and to make documents supporting its claimed damages available for inspection and copying. Fed. R. Civ. P. 26(a)(1)(A)(ii)-(iii). Rule 26(e)(1)(A) requires a disclosing party to supplement a prior disclosure and a prior interrogatory response "in a timely manner" when they are "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information ... at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012). In determining whether the failure to provide timely disclosures was substantially justified, courts in

Case No.: 5:10-cv-01070-EJD
ORDER DENYING MOTION TO PRECLUDE

2

the Northern District of California weigh five factors: (1) the surprise to the party against whom the information would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the information would disrupt the trial; (4) the importance of the information; and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." *Bookhamer v. Sunbeam Prods., Inc.*, 2012 WL 5269677, at *3 (N.D. Cal. Oct. 23, 2012). "[I]n the ordinary case, violations of Rule 26 may warrant evidence preclusion." *R&R Sails*, 673 F.3d at 1247. If the sanction of evidence preclusion amounts to dismissal of a claim, however, the court must consider "whether the claimed noncompliance involved willfulness, fault, or bad faith" and the availability of lesser sanctions. *Id*.

Here, three of the five factors weigh in favor of Defendants. Plaintiff's belatedly disclosed damages calculation and evidence were a surprise to IBM. Prior to the discovery cut-off, Plaintiff consistently and repeatedly represented in disclosures and responses to interrogatories that her lost employments benefits totaled $618.00. The belated disclosure of over $100,000 of additional employment benefit damages represents an astounding 16,000% increase. Second, there can be no doubt that Plaintiff's damages calculation and evidence are important. Third, Plaintiff's proffered justification for her failure to disclose the alleged loss of stock options and loss of life insurance premium contributions is unpersuasive. Plaintiff explains that she testified about stock options and life insurance contributions at her October 25, 2012 deposition, and again at her continued deposition on February 4, 2013. Plaintiff contends that Defendants were therefore placed on notice of these additional items of damages and chose not to pursue further deposition testimony or discovery. But, under the circumstances presented here, the Federal Rules clearly place the disclosure and discovery obligations on Plaintiff, not Defendants. Fed. R. Civ. P. 26(a). Moreover, Plaintiff's deposition testimony is no substitute for a full computation of damages and supporting documentation, which Defendants were entitled to before the discovery cut-off.

The remaining two factors, however, weigh in favor of Plaintiff. The court appreciates Defendants' concern that allowing Plaintiff to use the belatedly disclosed and produced damages evidence may necessitate "the need to conduct additional investigation, produce additional

Case No.: 5:10-cv-01070-EJD
ORDER DENYING MOTION TO PRECLUDE

3

documents, identify new witnesses (including expert witnesses on stock options damages), as well as re-open Plaintiff's deposition to examine her about these alleged damages, the new documents she produced, and her new computation, all before possibly filing a new dispositive motion as to these damages allegations." Dkt. No. 144 at 3-4. However, a trial date has not been set. Therefore, there is time to rectify Plaintiff's belated disclosures without any disruption of the trial. On balance, the court finds that preclusion is unwarranted despite Plaintiff's clear violation of her discovery obligations.

III. ORDER

For the reasons set forth above, Defendants' motion is DENIED. The parties shall meet and confer to establish a discovery plan that will enable Defendants to pursue follow-up discovery necessitated by Plaintiff's belated disclosure of damages-related allegations, evidence and computations. Any disputes regarding Defendants' proposed follow-up discovery are referred to the magistrate judge. All follow-up discovery shall be completed no later than 45 days after the court issues a ruling on the submitted summary judgment motions (Dkt. Nos. 136, 137). The court anticipates issuing a ruling on the summary judgment motions by March 29, 2019.

**IT IS SO ORDERED.**

Dated: February 25, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:10-cv-01070-EJD
ORDER DENYING MOTION TO PRECLUDE
4