UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAY MOUA,<br><br>    Plaintiff,<br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, et al.,<br><br>    Defendants. | Case No. 5:10-cv-01070-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S CLAIMS ON BEHALF OF PAGA MEMBERS JASON DRURY AND XIANZHAN LIN**<br><br>Re: Dkt. No. 132 |

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants International Business Machines Corporation ("IBM"), Joseph Koenig, and Venkatasubramaniam Iyer (collectively, "Defendants") move to dismiss without leave to amend Plaintiff May Moua's representative claims under California's Private Attorney General Act ("PAGA") on behalf of Jason Drury ("Drury") and Xianzhan Lin ("Lin"), two nonexempt employees of IBM. Dkt. No. 132. For the reasons set forth below, Defendants' motion will be denied.

I.     BACKGROUND

In her 2010 Complaint, Plaintiff May Moua ("Plaintiff") alleges that she and other employees were misclassified as exempt from overtime and related pay requirements under California Law. Dkt. No. 1. Plaintiff's amended complaints also assert claims based on a misclassification theory. Dkt. Nos. 45, 66. In the operative Second Amended Complaint ("SAC"), Plaintiff asserts misclassification claims on behalf of herself and 25 others under PAGA. Dkt. No. 6.

1    During discovery Plaintiff learned that two PAGA members—Drury and Lin—had been
2 reclassified to nonexempt status prior to the start of the relevant time period. Dkt. No. 94 at 11.
3 Defendants seek dismissal of claims on behalf of Drury and Lin because the SAC alleges no facts
4 regarding nonexempt employees.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Judgment on the pleadings is proper when "'there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)).

The standard for a Rule 12(c) motion is essentially the same as that for a Rule 12(b)(6) motion. *Id*. Thus, a court must presume all facts alleged in the complaint are true and determine whether the complaint demonstrates a plausible entitlement to a legal remedy. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007) (discussing the standard for dismissal under Rule 12(b)(6)).

Here, it is undisputed that Drury and Lin were classified as nonexempt employees since December 9, 2008. Dkt. No. 143 at 4-6. Nevertheless, Plaintiff contends that Defendants violated Drury's and Lin's rights even after their reclassification; that the SAC, which incorporates Plaintiff's notice to the Labor Workforce & Development Agency ("LWDA"), provides Defendants with sufficient notice of their claims; and that she may maintain PAGA claims on Drury's and Lin's behalf even though her claims are based upon her exempt status and Drury and Lin have nonexempt status. Dkt. No. 143. Should the court determine that the SAC does not provide fair notice, Plaintiff requests leave to amend the LWDA notice and the SAC.

This court has already ruled that Plaintiff's SAC and the LWDA notice are adequate to state a claim as to Drury and Lin. Dkt. No. 64 at 7:1-14 (Order Granting Motion For Leave to File Second Amended Complaint). With the benefit of hindsight, the court recognizes that the allegations are thin: Plaintiff seeks to represent "employees on 'claims that IBM violated various

Case No.: 5:10-cv-01070-EJD
ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

2

1 provisions of the California Labor Code as related to [Jason Drury and Xianzhan Lin.]'" Dkt. No. 143 at 13-14. Nevertheless, the SAC satisfies Rule 8 and at this stage in the proceedings, it is preferable for efficiency's sake to move past the pleading stage and focus instead on the merits of any potential claim for relief Drury and Lin may have now that the evidence shows they are nonexempt employees.

## III. ORDER

For the reasons set forth above, Defendants' motion (Dkt. No. 132) is DENIED.

**IT IS SO ORDERED.**

Dated: February 26, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:10-cv-01070-EJD
ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS
3