UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAY MOUA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, et al.,<br><br>　　　　　　Defendants. | Case No. 5:10-cv-01070-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSING CLAIMS AGAINST DEFENDANTS JOSEPH KOENIG AND VENKATASUBRAMANIAM IYER**<br><br>Re: Dkt. No. 136 |

Plaintiff May Moua ("Plaintiff") alleges that she and other employees were misclassified as exempt from overtime and related pay requirements under California Law. Dkt. No. 66. Defendants International Business Machines Corporation ("IBM"), Joseph Koenig ("Koenig"), and Venkatasubramaniam Iyer ("Iyer") move to dismiss with prejudice all of Plaintiff's claims against Koenig and Iyer. Defendants contend that Koenig and Iyer are not subject to individual liability for Plaintiff's claims under the California Labor Code and the Private Attorney General Act ("PAGA") because they are corporate agents of IBM and not "employers." Defendants also contend that Plaintiff's Private Attorney General Act ("PAGA") claims against Koenig are time-barred. For the reasons set forth below, Defendants' motion will be granted.

I.　BACKGROUND

Plaintiff became an IBM employee in March of 2005 when her former employer, Corio, was acquired by IBM. Dkt. 136 at 2. Koenig was Plaintiff's first-line supervisor at the time of the acquisition and remained Plaintiff's supervisor until April of 2008 when Iyer became her supervisor. *Id*. Koenig created "on-call," "standby" and "comp time" policies for his

Case No.: 5:10-cv-01070-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
1

organization. Dkt. No. 168 at 7-9. Koenig scheduled employees, including Plaintiff, to work "on-call" shifts, which apparently required work above and beyond eight (8) hours a day and forty (40) hours a week, including on weekends. *Id*. at 8-9.

Plaintiff initiated this suit in 2010 alleging, among other things, that she was misclassified as exempt from overtime pay requirements under California law. Dkt. No. 1. Plaintiff's theory is that she is entitled to overtime pay for working "on-call" shifts and for any time spent on "standby" because the "comp time" policy did not comply with Labor Code section 204.3 which regulates compensation time off in lieu of overtime compensation. Dkt. No. 168 at 9. Plaintiff asserts the following claims against Koenig and Iyer in the operative Second Amended Complaint: failure to pay overtime wages in violation of California Labor Code sections 510, 1194, and 1194.2 (first cause of action)[1]; failure to provide itemized wage statements in violation of section 226 (second cause of action); failure to maintain accurate records of employee work hours in violation of sections 1174, 1174.5 and Industrial Welfare Commission ("IWC") Wage Order No. 4-2001 (third cause of action); failure to provide meal and rest periods in violation of sections 226.7, 512 and IWC Wage Order No. 4-2001 (fourth cause of action); failure to pay wages upon termination in violation sections 201, 202 and 203 (fifth cause of action); and failure to timely pay wages in violation of section 204 (sixth cause of action). Plaintiff also brings claims for civil penalties against Koenig and Iyer under PAGA (seventh cause of action). Dkt. No. 66.

II.  STANDARDS

A motion for summary judgment or partial summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*,

---

[1] All further statutory citations are to the California Labor Code unless otherwise indicated.

Case No.: 5:10-cv-01070-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
2

477 U.S. 317, 323 (1986). If the issue is one on which the nonmoving party must bear the burden of proof at trial, the moving party need only point out an absence of evidence supporting the claim; it does not need to disprove its opponent's claim. *Id*. at 325.

If the moving party meets the initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 324. A "genuine issue" for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. *Id*. ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."); *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c).

"If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). "But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." *Id*.

III. DISCUSSION

    A. Defendant Koenig

Defendants contend that Koenig is a corporate agent and not an employer within the meaning of the Labor Code, and therefore Koenig cannot be held liable for the alleged Labor Code

Case No.: 5:10-cv-01070-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
3

violations and the PAGA claim. In response, Plaintiff focuses exclusively on the first cause of action for failure to pay overtime wages in violation of section 1194.[2] Plaintiff cites to the California Supreme Court's decision in *Martinez v. Combs*, 49 Cal.4th 35, 62 (2010), and argues that Koenig is an employer under section 1194 because he "exercised control over [Plaintiff's] wages, hours and working conditions by establishing the on-call and comp time policies." Dkt. No. 195 at 10.

In *Martinez*, the California Supreme Court held that the IWC definition of the employment relationship applies to actions under section 1194. *Martinez*, 49 Cal.4th at 66. Under the IWC's definition, to employ has three alternative definitions: "to exercise control over the wages, hours or working conditions, *or* (b) to suffer or permit to work, *or* (c) to engage, thereby creating a common law employment relationship." *Id*. at 64. Plaintiff's reliance on the first IWC definition is misplaced. In *Martinez*, the California Supreme Court observed that the first IWC definition "has the obvious utility of reaching situations in which multiple entities control different aspects of the employment relationship, as when one entity, which hires and pays workers, places them with other entities that supervise the work." *Id*. at 59. Consistent with this observation, "the IWC has explained that the language "to exercise control over the wages, hours, or working conditions" is "specifically intended to include both temporary employment agencies and employers who contract with such agencies to obtain employees within the definition of 'employer.' " *Id*. Koenig is not a temporary employment agency or an employer contracting with such an agency, and therefore is not a person or entity that the first IWC definition was intended to cover.

The *Martinez* case also makes clear that the IWC definition of the employment relationship "does not impose liability on individual corporate agents acting within the scope of their agency." *Id*. at 66 (citing *Reynolds v. Bement*, 36 Cal.4th 1075, 1086 (2005)). In *Reynolds*, an employee brought suit on behalf of himself and those similarly situated against his corporate employers and several individual shareholders who were agents (officers or directors) of the corporate employers.

---

[2] Plaintiff fails to address the second through seventh causes of action asserted against Koenig. Consequently, the court will grant summary judgment in favor of Koenig on these claims.

Case No.: 5:10-cv-01070-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
4

The plaintiff alleged that the individual defendants were liable for numerous Labor Code violations, including violation of section 1194, because each "directly or indirectly, or through an agent or any other person, employed or exercised control over wages, hours, or working conditions." *Reynolds*, 36 Cal.4th at 1082. The individual defendants in *Reynolds* insisted that none of them may be held personally liable for any overtime or other compensation owed by plaintiff by his corporate employer. *Id*. at 1086. In resolving the question, the *Reynolds* court first observed that the plain language of the relevant IWC order, Wage Order No. 9, defining employer did not expressly impose liability under section 1194 on individual corporate agents. *Id*. Second, the *Reynolds* court observed that "[u]nder the common law, corporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages." *Id*. at 1087. The *Reynolds* court also stated that "[t]his is true regardless of whether a corporation's failure to pay such wages, in particular circumstances, breaches only its employment contract or also breaches a tort duty of care. It is 'well established that corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract.' (citation omitted) And '[d]irectors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position' (citation omitted)." *Id*. Accordingly, the *Reynolds* court held that the plaintiff could not state a section 1194 cause of action against the individual defendants. *Id*. at 1087-88. The *Reynolds* court reasoned that "[h]ad the Legislature meant in section 1194 to expose to personal civil liability any corporate agent who 'exercises control' over an employee's wages, hours, or working conditions, it would have manifested its intent more clearly than my mere silence after the IWC's promulgation of Wage Order No. 9." *Id*. at 1088. Consistent with *Martinez* and *Reynolds*, Plaintiff may not assert a claim for violation of section 1194 against Koenig even if he exercised a degree of control over Plaintiff's wages, hours or working conditions. *Martinez*, 49 Cal.4th at 66; *Reynolds*, 36 Cal.4th at 1087-88.

Plaintiff attempts to avoid the holdings of *Martinez* and *Reynolds* by arguing that Koenig "operated outside the scope of his agency by creating and implementing" the allegedly unlawful

Case No.: 5:10-cv-01070-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

on-call and comp time policies. Dkt. No. 168 at 14. The undisputed evidence shows, however, that IBM and not Koenig classified Plaintiff's job as exempt from overtime pay. Kak Dep. 207-208, 224. Therefore, IBM exercised control over Plaintiff's wages. *See Futrell v. Payday California, Inc.*, 190 Cal. App. 4th 1419, 1432 (2010) ("control over wages" means that a person or entity has the power or authority to negotiate and set an employee's rate of pay). Koenig did not exercise control over wages by implementing the on-call and comp time policies. Rather, Koenig testified that these policies provided a "process" or "guidelines" for working on-call shifts and receiving comp time. Koenig Dep. 77-78. The on-call and comp time policies are scheduling guidelines that are consistent with IBM's classification of Plaintiff's job as exempt. Koenig acted within the "scope of his agency" in creating and implementing these policies. Kak Dep. 207-208, 224. Although Koenig testified that he did not pay employees for on-call work (Koenig Dep. 91:22), there is no evidence suggesting that he had any authority to allow or disallow overtime pay. The evidence indicates that Plaintiff was not paid for alleged overtime because of IBM's decision to classify Plaintiff as an exempt employee and not because of the policies implemented by Koenig. Kak Dep. 207-208, 224.

Defendants are entitled to summary judgment on Plaintiff's first cause of action against Koenig for violation of section 1194.[3]

B.  Defendant Iyer

Defendants contend that Iyer, like Koenig, is a corporate agent and not an employer within the meaning of the Labor Code, and therefore Iyer cannot be held liable for the alleged Labor Code violations and the PAGA claim. In response, Plaintiff addresses only the first cause of action for violation of section 1194 and the seventh cause of action for civil penalties.

Plaintiff may not maintain a claim for violation of section 1194 against Iyer for the same reasons she cannot maintain the claim against Koenig. *See Martinez*, 49 Cal.4th at 66; *Reynolds*, 36 Cal.4th at 1087-88. Defendants are entitled to summary judgment on Plaintiff's first cause of

---

[3] Because Koenig is not liable for the alleged Labor Code violations, it is unnecessary for the court to address Defendants' alternative argument that the claims against Koenig are time-barred.

Case No.: 5:10-cv-01070-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
6

action against Iyer for violation of section 1194.

Turning to the PAGA claim, Plaintiff argues that Iyer is personally liable for section 558 civil penalties under PAGA because he (1) implemented the allegedly unlawful on-call and comp time policies created by Koenig in violation of section 510(a); and (2) instructed employees to record only forty (40) hours a week regardless of how many hours they actually worked in violation of section 1174. Dkt. No. 168 at 15, 17. Section 558(a) "provides that an employer 'or other person acting on behalf of an employer' who violates or causes a violation of the state's applicable overtime laws shall be subject to a civil penalty." *Atempa v. Pedrazzani*, 27 Cal. App. 5th 809, 811 (2018). Plaintiff reasons that Iyer is an "other person acting on behalf of" IBM and therefore he is liable for civil penalties. This statute, however, only authorizes the Labor Commission to recover penalties. *Id*. at 811; *see also Ruiz v. Paladin Group, Inc*. No. 03-6018 GHK, 2003 WL 22992077, at * 2 (C.D. Cal. Sept. 29, 2003). An "aggrieved employee" seeking to recover civil penalties must proceed under a different statute, namely section 2699(a). *See Atempa*, 27 Cal. App. 5th at 826. Section 2699(a) provides as follows:

> (a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Labor § 2699(a). An "aggrieved employee" is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Labor § 2699(c).

Neither Plaintiff nor Defendants cite to a case that definitively answers whether an officer or agent of a corporate employer may be held personally liable for civil penalties under section 2699(c). The few cases the court has found suggest that the answer is yes. In *Atempa*, the appellate court affirmed the trial court's award of section 558 civil penalties against the individual defendant. *Atempa*, 27 Cal. App. 5th at 831. The *Atempa* court reasoned that section 558 was

Case No.: 5:10-cv-01070-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
7

broad enough to include an officer or agent of a corporate employer as an "other person" subject to civil penalties. *Id*. at 823-824 (recognizing claim for section 558 penalties against officer/agent of a corporate employer upon a sufficient showing that the officer/agent was responsible for the underlying wage violation); *accord Adame v. Comtrak Logistics, Inc.*, No. 15-2232 DDP, 2016 WL 1389754, at *7 (C.D. Cal. April 7, 2016) (holding at pleading stage that plaintiff may assert a section 558 claim against individuals but recognizing that there may be a factual question as to whether the individuals caused the alleged violations of the applicable labor laws, particularly if the individuals were not "high-level employees or otherwise satisfied the definition of 'employer' from *Martinez*"); *Ontiveros v. Zamora*, No. 08–567 LKK, 2009 WL 425962, at *6 (E.D. Cal. Feb. 20, 2009) (holding that plaintiff had adequately alleged that individual "caused" the Labor Code violations and therefore may be liable for section 558 penalties). Next, the *Atempa* court recognized that section 558 only authorized the Labor Commission to recover civil penalties but that section 2699 authorized "aggrieved employees" to seek civil penalties. *Atempa*, 27 Cal. App. 5th at 826-27. The *Atempa* court assumed without deciding that the plaintiffs qualified as "aggrieved employees" for purposes of section 2699 (*id*. at 827) and modified the trial court's judgment to provide that the section 558 civil penalties were to be distributed to the Labor and Workforce Development Agency and the "aggrieved employees" in accordance with section 2699. *Id*. at 831. In *Ochoa-Hernandez v. Cjaders Foods, Inc.*, No. 08-2073 MHP, 2009 WL 1404694, at *4 (N.D. Cal. May 19, 2009), the plaintiff sought leave to add a PAGA claim against individuals who allegedly took specific actions on behalf of a corporate employer to violate or cause to be violated wage and hour provisions. The *Ochoa-Hernadez* court held that the proposed amendment was not futile, observing that "section 2699(a) makes no reference to an 'employer' and contains no limitation on who can be liable for labor code violations." *Id*. The *Ochoa-Hernandez* reasoned that "[g]iven section 2699(a)'s silence on liability, it likely does not stretch the plain language of PAGA to find that a person who acts on behalf of an employer can be held liable if the provision to be enforced explicitly permits liability against that person." *Id*.

Consistent with *Atempa* and *Ochoa-Hernandez*, the court finds that section 2699 creates potential liability for individuals who cause an underlying wage violation. Here, however, the undisputed evidence shows that Iyer did not cause the alleged Labor Code violations. IBM classified Plaintiff as an exempt employee. Kak Dep. 207-208, 224. IBM's classification of Plaintiff as an exempt employee caused the alleged Labor Code violations, not the on-call and comp time policies. Iyer is not liable for civil penalties for the alleged recordkeeping violation for the additional reason that section 558 penalties are not available for violations of section 1174. Section 558 authorizes penalties for violations of "a section of this chapter or any provision regulating hours and days of work in any order of the [IWC]." Section 1174 is not in the same chapter as section 558.[4]

Defendants are entitled to summary judgment on the second through seventh causes of action against Iyer.

IV. ORDER

For the reasons set forth above, Defendants' motion is GRANTED. The first through seventh causes of action against Koenig and Iyer are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: March 13, 2019

EDWARD J. DAVILA
United States District Judge

---

[4] Plaintiff does not argue, and therefore has waived, any entitlement to civil penalties for recordkeeping violations under section 1174.5.

Case No.: 5:10-cv-01070-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

9