UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAY MOUA, individually and on behalf of all others similarly situated, and for the interest of the general public<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a California Business Entity, form unknown, JOSEPH KOENIG, an Individual, VENKATASUBRAMANIAM IYER, an Individual, and DOES 1-200,<br><br>Defendants. | CASE NO: C 10-01070 EJD<br><br><br><br>[PROPOSED] FINAL ORDER GRANTING APPROVAL OF PAGA SETTLEMENT |

### FINAL ORDER GRANTING APPROVAL OF PAGA SETTLEMENT

On January 11, 2010, Plaintiff filed a complaint in the Superior Court of the State of California for the County of Santa Clara, and it was subsequently removed to this Court on March 12, 2010 (the "Action"). The Action was initiated by Plaintiff as a putative class action, but Plaintiff ultimately chose not to pursue class certification. Instead, on August 10, 2011, Plaintiff submitted a letter to the California Labor and Workforce Development Agency ("LWDA") notifying the LWDA, on behalf of 29 individuals (including herself), of alleged Labor Code violations by Defendant ("LWDA Letter"). Less than a year later, on February 1, 2012, Plaintiff filed her Second Amended Complaint, the operative complaint, in which she asserted non-class representative claims on behalf of herself, the State of California, and other alleged aggrieved employees, pursuant to Private Attorneys General Act ("PAGA") based on alleged violations of Labor Code provisions relating to, *inter alia*, overtime pay and other wage payments, meal and rest periods, wage statements, recordkeeping, and timely payment of wages. In addition, Plaintiff asserted non-representative, individual claims relating to her employment and separation from Defendant. At all times, Defendant has denied any wrongdoing or liability to Plaintiff. As the

result of multiple rulings from this Court, the size and scope of Plaintiff's PAGA claims have been diminished: the number of PAGA members has been narrowed substantially from 29 down to 12, and Plaintiff has been precluded from recovering on behalf of these 12 remaining PAGA Members various civil penalties and prejudgment interest. (Dkts. 259, 263.)

To fully and finally resolve the remaining PAGA claims in this Action, the Parties now seek approval of the Settlement Agreement and Release of Private Attorneys General Act Claims (the "Agreement") attached as Exhibit 1 to the Declaration of Alan Bayer that was filed concurrently with the Parties' Joint Motion for Approval of PAGA Settlement (the "Motion"). The Parties have separately resolved Plaintiff's non-PAGA claims through a confidential agreement that does not require Court approval.

The Court, having reviewed the Motion, the Agreement, and supporting documents, hereby ORDERS:

1. The terms used herein shall have the same meaning as the defined terms in the Agreement. The Court finds that the PAGA Settlement was entered into in good faith, is fair, reasonable and adequate, and satisfies the standards and applicable requirements for approval of PAGA representative actions under California law.

2. The Court approves the penalties to be paid to the PAGA Members and the State of California as set forth in the Agreement, pursuant to Labor Code § 2699(l).

3. The Court further approves the distribution plan as fair because the distribution plan fairly allocates the Net Settlement Fund amongst the PAGA Members.

4. The Court also approves the Notice of PAGA Settlement attached as Exhibit 4 to the Declaration of Alan Bayer because it fairly and adequately informs each PAGA Member of the PAGA Settlement and the method for calculating individual settlement shares, and further advises each PAGA Member that (i) he/she releases any and all PAGA claims that were asserted or could have been asserted this Action, the Complaint, or LWDA Letter; (ii) he/she is bound by the release of PAGA claims regardless of whether he/she deposits the settlement check; (iii) he/she bears sole and complete responsibility for any and all federal, state, and local taxes, penalties, and interest upon the settlement sums paid to him or her or on his or her behalf pursuant

to the Agreement; and (iv) neither Defendant International Business Machines Corp. ("IBM") nor its agents, attorneys, or representatives make any representations concerning taxability, non-taxability, or tax consequences, if any, of the settlement sums paid.

5. The Court further approves all payments to be made to Plaintiff's Counsel based on the terms of the Agreement.

6. Upon entry of this Order, the Parties shall effectuate all terms of the PAGA Settlement based on the provisions and timelines set forth in the Agreement.

7. Upon entry of this Order, and in consideration for the promises and payments provided for in the Agreement, Plaintiff, all PAGA Members, and the State of California hereby irrevocably and unconditionally release, acquit, and forever discharge IBM, its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and any and all persons acting by, through, under, or in concert with any of them, including any party that was or could have been named as a defendant in the Action (collectively "Released Parties") from any and all PAGA claims that Plaintiff asserted or could have asserted in this Action, the Complaint, or LWDA Letter, including, but not limited to, PAGA claims relating to alleged violations of Labor Code §§ 201-204, 204.3, 210, 226(a), 226(e), 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1198, and Industrial Welfare Commission Wage Order No. 4-2001 §§ 3(A), 7, 11, 12 ("Released Claims").

8. The Released Claims are released, waived, discharged, and dismissed as against the Released Parties on the merits and with prejudice by virtue of the terms of the Agreement and this Final Order of Dismissal with Prejudice.

9. There remain no claims in this case as the non-PAGA claims were fully and finally resolved by the Parties, and the resolution of those claims did not require Court approval.

10. Therefore, this Action is hereby DISMISSED WITH PREJUDICE.

11. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the PAGA Settlement, and any and all claims asserted in,

1  arising out of, or related to the PAGA Settlement, including but not limited to all matters related
2  to the settlement and the determination of all controversies relating thereto.

**IT IS SO ORDERED.**

Dated: March 2, 2020

Hon. Edward J. Davila
UNITED STATES DISTRICT JUDGE